## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TEAM SYSTEMS INTERNATIONAL, LLC,[1] | ) |
| | ) Case No. 22-10066 |
| Debtor. | ) |
| | ) |
| | ) |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO (A) CONTINUE ITS EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK ACCOUNT AND EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY; (II) SCHEDULING A FINAL HEARING; AND (III) GRANTING RELATED RELIEF

The above-captioned debtor (the "Debtor") respectfully states as follows in support of this motion:

### Relief Requested

1.      The Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), authorizing the Debtor to (a) continue its existing cash management system, (b) honor certain prepetition obligations related thereto, (c) maintain its existing bank account and business forms as appropriate, including, without limitation, opening new bank accounts or closing existing bank accounts; and (d) implement changes to the cash management system as necessary. In addition, the Debtor requests that the Court schedule a final hearing within approximately 21 days after the commencement of this chapter 11 case to consider entry of the Final Order.

---

[1]      The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in these chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 345(b) and 363(c)(1) of the Bankruptcy Code, Bankruptcy Rules 2015, 6003 and 6004, and Local Rules 2002-1, 2015-2, and 9013-1.

**Background**

5.      Team Systems International, LLC ("TSI") is a consulting service firm that specializes in government contracting.  A detailed description of the Company and its business, and the facts and circumstances supporting the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Deborah Evans Mott in Support of the Chapter 11 Petition and First Day Motion* (the "First Day Declaration"),[2] filed substantially contemporaneously with the

---

[2]     Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration, as applicable.

Debtor's voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and incorporated by reference herein.

6.      On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case and no official committees have been appointed or designated.

<u>**MOTION SPECIFIC RELIEF**</u>

**I.      The Bank Account**

7.      The Debtor maintains a centralized cash management system (the "Cash Management System") to collect, transfer, manage and disburse funds generated and used in its operations.  The Cash Management System depends on only one bank account (the "Bank Account"), maintained at Artisans' Bank (the "Bank").  Artisans' Bank is listed as an authorized depository in this District.

8.      The Cash Management System is centrally managed by the Debtor, and all funds in the Bank Account are denominated and held in U.S. Dollars.  The Debtor monitors the Bank Account and implements cash management controls for entering, processing, and releasing funds. Additionally, the Debtor regularly reconciles books and records to ensure that all transfers are accounted for properly.

9.      The Cash Management System is operated through Artisans' Bank.  The Bank Account in which funds generated by the Debtor's operations are aggregated and held.  The Bank Account is used to fund payment of the Debtor's obligations.  As of the Petition Date, the balance of the Bank Account is approximately $164,000.

## II.    Service Charges.

10.    In the ordinary course of business, the Bank charges, and the Debtor pays, honors or allows deduction from the account, certain service charges, fees and other costs and expenses associated with maintaining the account in accordance with the applicable agreements or schedules of fees governing the Bank Account (collectively, the "Service Charges").

11.    The Debtor estimates that there are no more than a nominal amount of accrued but unpaid Service Charges outstanding as of the Petition Date, all of which will become due and owing during the Interim Period.  Accordingly, the Debtor requests authority, but not direction, to honor and pay prepetition Service Charges in an amount not to exceed $500.00 in the interim period and $1,000 on a final basis.

## III.    Existing Business Forms

12.    The Debtor uses a variety of business forms in the ordinary course of business, including, among others, checks, invoices and letterhead (the "Business Forms").  To minimize expenses and disruption, the Debtor seeks authority to continue to use all Business Forms in substantially the form used immediately before the Petition Date, without reference to the Debtor's status as a debtor in possession.  The Debtor will communicate with the various vendors and counterparties with whom the Debtor conducts business to notify them of the commencement of this case, which the Debtor believes will provide adequate notice of the Debtor's status as debtor in possession.  In accordance with Local Rule 2015-2(a), to the extent the Debtor exhausts its existing supply of checks during this case and requires new checks, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.

## BASIS FOR RELIEF

**I.    The Court should approve the Debtor's request to continue to utilize its Cash Management System, including authorizing continued use of existing Bank Account and implementing changes to the Cash Management System.**

13.    The U.S. Trustee Guidelines require debtors in possession to, among other things:

a.    establish one debtor in possession bank account for all estate monies required for the payment of taxes, including payroll taxes;

b.    close all existing bank accounts and open new debtor in possession accounts;

c.    maintain a separate debtor in possession account for cash collateral; and

d.    obtain checks that bear the designation "debtor in possession" and reference the bankruptcy case number and type of account on such checks.

14.    These requirements are designed to provide a clear line of demarcation between prepetition and postpetition claims and payments and help protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date.  Considering, however, that the Debtor's business and financial affairs require the collection, disbursement and movement of funds through its Bank Account, enforcement of the provisions of the U.S. Trustee Guidelines during this chapter 11 case would severely disrupt the Debtor's operations, especially given that the Debtor receives payments directly from the United States government and having to establish a new bank account and the accompanying requirements to report that account to the United States Treasury would be unduly burdensome and time-consuming.  Accordingly, the Debtor respectfully requests that the Court allow it to operate its existing Bank Account as it was maintained in the ordinary course of business before the Petition Date.

15.    Continuing the Cash Management System is permitted pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."  Additionally, courts in

this and other districts have recognized that an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part and rev'd in part*, 997 F.2d 1039 (3d Cir. 1993).  The United States Court of Appeals for the Third Circuit has agreed, emphasizing that requiring a debtor to maintain separate accounts "would be a huge administrative burden and economically inefficient." *Columbia Gas*, 997 F.2d at 1061; *see also In re Southmark Corp.*, F.3d 1111, 1114 (5th Cir. 1995) (finding cash management system allows a debtor "to administer more efficiently and effectively its financial operations and assets").  Bankruptcy courts treat requests for authority to continue utilizing existing cash management systems as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).

16.     Here, the Debtor utilizes a Cash Management System with only one Bank Account. The Debtor believes the continued use of the Cash Management System falls within the purview of ordinary course transactions permitted under section 363(c)(1) of the Bankruptcy Code. Moreover, appropriate circumstances exist for the Court to authorize the Debtor's continued use of the Cash Management System under sections 363(b)(1) and 105(a) of the Bankruptcy Code. Furthermore, the Debtor will not make payments on account of prepetition debts, unless otherwise authorized by this Court, and will account for transactions within its Cash Management System and Bank Account.  Additionally, the relief requested in this Motion will help minimize any disruption in the Debtor's business operations during this chapter 11 case, and preserve the value of the Debtor's estate.

17.     Strict adherence to the U.S. Trustee Guidelines would be burdensome to the Debtor and its management, and reduce efficiencies and cause unnecessary expense.  The delays

that would result from opening a new account and revising cash management procedures would disrupt the Debtor's business operations at this critical time, have little or no benefit to the Debtor's estate, and erode the value of the Debtor's enterprise to the detriment of all stakeholders. For these reasons, the Debtor should be allowed to continue using the Cash Management System and Bank Account consistent with historical practice.

18.     The Debtor further requests that the Court grant further relief from the U.S. Trustee Guidelines to the extent they require the Debtor to make all disbursements by check.  In particular, the U.S. Trustee Guidelines require that all receipts and all disbursements of estate funds must be made by check with a notation representing the reason for the disbursement.  In the ordinary course of business, the Debtor conducts transactions through ACH, wire transfer and other similar methods.  If the Debtor's ability to conduct transactions according to historical practice is impaired, the Debtor may be unable to timely perform under certain contracts, the Debtor could incur penalties and fines, its business operations may be unnecessarily disrupted, and its estate will incur additional costs.  Accordingly, the Debtor submits that they should be allowed to continue utilizing all existing payment methods.

## II.     The Court should authorize the Debtor to continue using its existing Business Forms.

19.     The U.S. Trustee Guidelines require a debtor in possession to immediately obtain new checks printed with the designation "debtor in possession" and the corresponding number of the lead bankruptcy case.  To avoid unnecessary expense and further disruption of the Cash Management System, the Debtor requests authorization to continue to use its existing Business Forms substantially in the forms existing immediately before the Petition Date, without reference to its status as debtor in possession.  The Debtor will communicate with the various vendors and

counterparties with whom the Debtor conducts business to notify them of the commencement of this case, which the Debtor believes will provide adequate notice of the Debtor's status as debtor in possession.  Furthermore, in accordance with Local Rule 2015-2(a), to the extent the Debtor exhausts its existing supply of checks during this case and require new checks, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.  In light of these steps, the Debtor submits that parties in interest will not be prejudiced if the Debtor is authorized to continue to use its Business Forms substantially in the form existing immediately before the Petition Date.

III.    **The Debtor's Bank Account complies with the requirements of section 345 of the Bankruptcy Code.**

20.    Section 345(a) of the Bankruptcy Code authorizes deposit or investment of the money of the state, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).  While section 345(a) requires that with respect to deposits and investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," the estate must require a bond in favor of the United States secured by the undertaking of a U.S. Trustee-approved corporate surety, section 345(b) permits the court to dispense with this undertaking "for cause."  11 U.S.C. § 345(b); *see also In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (quoting the 1994 amendments to the Bankruptcy Code which explained that the new amendments to the Code would allow the courts to approve investments other than those permitted by section 345(b) for just cause).  With respect to the Bank Account, the Debtor believes it is in compliance with

the requirements of section 345(b) because Artisans' Bank is a U.S. Trustee-approved depository institution.

**IV.    The Court should authorize the Bank to continue to maintain, service and administer the Debtor's Bank Account in the ordinary course of business.**

21.    The Debtor submits that parties in interest will not be prejudiced or injured by the Debtor's maintenance of its Bank Account in the ordinary course of business.  As discussed above, the Debtor strongly believes that replacing the Bank Account with new accounts pursuant to the U.S. Trustee Guidelines would fruitlessly disrupt its operations and derail the Debtor's efforts to preserve and maximize the value of its estate.

22.    To further implement continued use of its existing Cash Management System and Bank Account, the Debtor respectfully requests that the Court authorize and direct the Bank to: (i) continue to maintain, service and administer the Bank Account as an account of the Debtor as debtor in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Account; provided, however, that any check, draft or other notification that the Debtor advises the Bank to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Bank only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtor as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and

(iv) debit or charge the Bank Account for all undisputed Bank Fees, whether arising before, on or after the Petition Date.

23.     In addition, to protect the Bank, the Debtor also requests that, to the extent a Bank honors a prepetition check or other item drawn on any account that is the subject of the Motion: (a) at the direction of the Debtor; or (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, such Bank will not be deemed to be liable to the Debtor or to its estate on account of such prepetition check or other item honored postpetition.  The Debtor respectfully submits that such relief is reasonable and appropriate because the Bank is not in a position to independently verify or audit whether a particular item may be paid in accordance with a Court order or otherwise.

24.     The Debtor represents that if the relief requested herein is granted, it will implement appropriate mechanisms to ensure that no payments will be made on account of debts incurred before the Petition Date (other than those authorized by the Court).  To prevent the inadvertent, unauthorized payment of prepetition claims, the Debtor will work closely with the Bank to ensure that appropriate procedures are in place to prevent checks that were issued prepetition from being honored without Court approval.

**V.     The Court should authorize the payment of all undisputed Service Charges.**

25.     Payment of the prepetition Service Charges is in the best interests of the Debtor and all parties in interest in this chapter 11 case, as it will prevent unnecessary disruptions to the Cash Management System and ensure that the Debtor's receipt of funds is not delayed. Payment of prepetition Service Charges will not prejudice any parties in interest.

26.     Indeed, because the Bank likely has setoff rights for the Service Charges, payment of prepetition Service Charges should not alter the rights of unsecured creditors in this chapter

11 case.  Even if such Service Charges were unsecured in whole or part, the cost of any disruption

or delay in being able to accept, process and receive credit card payments, or being able to utilize

the Cash Management System far outweighs the cost of paying the Service Charges and justifies

the payment of the fees under the "doctrine of necessity."

27.     Accordingly, the Debtor requests authority, but not direction, to honor and pay all

undisputed Service Charges, including prepetition Service Charges in an amount not to exceed

$500 in the interim period and $1,000 on a final basis, and to allow the Bank to debit, charge or

deduct, as applicable, such undisputed amounts in the ordinary course of business without

interruption or delay.  At this time, the Debtor believes no such amounts are due, but nonetheless

requests permission to pay such fees in an abundance of caution.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

28.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 25 days

after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable

harm."  For the reasons discussed above, the Debtor believes an immediate and orderly transition

into chapter 11 is critical to the viability of its operations and that any delay in granting the relief

requested could hinder the Debtor's operations and cause irreparable harm.  Furthermore, the

failure to receive the requested relief during the first 25 days of this chapter 11 case would

severely disrupt the Debtor's operations at this important juncture.  For the reasons discussed

herein, the relief requested is necessary for the Debtor to operate its businesses in the ordinary

course and preserve the ongoing value of the Debtor's operations and maximize the value of its

estate for the benefit of all stakeholders.  The motion requests relief from procedural rules and

requirements that pertain to matters of immediate significance or which involve deadlines sooner than 25 days after the Petition Date.

## Reservation of Rights

29.     Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of, any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

30.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Notice

31.     The Debtor has provided notice of this motion to the following parties or their respective counsel:  (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders

of the Debtor's largest creditors; (c) the office of the attorneys general for the state of Florida and

Delaware; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant

to Bankruptcy Rule 2002.  As this motion is seeking "first day" relief, within two business days

of the hearing on this motion, the Debtor will serve copies of this motion and any order entered

in respect to this motion as required by Local Rule 9013-1(m).  The Debtor submits that, in light

of the nature of the relief requested, no other or further notice need be given.

<u>**No Prior Request**</u>

32.     No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final

orders, substantially in the forms attached hereto as **<u>Exhibit A</u>** and **<u>Exhibit B</u>**, granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 18, 2022
Wilmington, Delaware

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
James F. Lathrop (No. 6492)
**ROBINSON & COLE LLP**
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Tel: (302) 295-4800
Fax: (302) 351-8618
Email:  jedmonson@rc.com
          jlathrop@rc.com

*Proposed Counsel for the Debtor*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TEAM SYSTEMS INTERNATIONAL, LLC,[1] | ) Case No. (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE ITS EXISTING
CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION
OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK ACCOUNT AND
EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE
EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY; (II) SCHEDULING A
FINAL HEARING; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry

of an interim order (this "Interim Order"), authorizing the Debtor to (a) continue its existing cash

management system, (b) honor certain prepetition obligations related thereto, (c) maintain its

existing bank account and business forms as appropriate, including, without limitation, opening

new bank accounts or closing existing bank accounts; and (d) implement changes to the cash

management system as necessary; and upon the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing

Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

---

[1]    The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411.  The location of the Debtor's service address in these chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth in this Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2020, at ___:___ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2020.

3.      The Debtor is authorized but not directed to continue to use the Cash Management System, including the Bank Account, in the ordinary course of business and to implement any changes to the Cash Management System as the Debtor deems necessary or appropriate to the extent not inconsistent with this Interim Order.

4.      The Debtor is further authorized but not directed to: (i) continue to use, with the same account numbers, the Bank Account in existence on the Petition Date, and need not comply with certain guidelines relating to bank account set forth in the U.S. Trustee Operating Guidelines including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments, (ii) treat the Bank Account for all purposes as an account of the Debtor as debtor in possession; (iii) deposit funds in and withdraw funds from the Bank Account by all usual

means, including, without limitation, by check, wire transfer and other methods; (iv) pay the Service Charges, including, without limitation, any undisputed Service Charges regardless of whether such Service Charge arose before, on or after the Petition Date; and (v) otherwise perform their obligations under the documents governing the Bank Account.

5.      The Debtor is authorized, but not directed, to honor and pay all undisputed prepetition Service Charges in an amount not to exceed $500 on an interim basis, and the Bank is hereby authorized to debit, charge or deduct, as applicable, such undisputed amounts in the ordinary course of business.

6.      The Debtor is authorized to use, in their present form, all Business Forms and other documents related to the Bank Account, without reference to its status as debtor in possession, provided, however, that if the Debtor exhausts its existing check stock during the pendency of this chapter 11 case, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.

7.      Except as otherwise expressly provided in this Order, the Bank is authorized to: (i) continue to maintain, service and administer the Bank Account as an account of the Debtor as debtor in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Account; provided, however, that any check, draft or other notification that the Debtor advise the Bank to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Bank only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtor as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments

and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and (iv) debit or charge the Bank Account for all undisputed Bank Fees, whether arising before, on or after the Petition Date.

8.      Subject to the terms of this Order, the Bank may rely upon the representations of the Debtor with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Order (i) at the direction of the Debtor or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the Debtor or its estate on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Order.

9.      In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

10.     The Debtor shall have 45 days from the date of this Order to comply with the requirements of section 345(b) of the Bankruptcy Code, to the extent applicable, without prejudice to the Debtor's rights to seek a further extension of time or to seek to deviate from the requirements of section 345(b) of the Bankruptcy Code on a further interim or a final basis.

11.    For banks at which the Debtor holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification numbers and (c) identify each of its bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

12.    For banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

13.    The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

14.    The Bank on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein is authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and the

Bank is authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

15.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the relief granted herein.

17.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TEAM SYSTEMS INTERNATIONAL, LLC,[1] | ) |
| | ) Case No. (_____) |
| Debtor. | ) |
| | ) |
| | ) |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE ITS EXISTING
CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION
OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK ACCOUNT AND
EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE
EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY; (II) SCHEDULING A
FINAL HEARING; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor (collectively, the "Debtor") for entry of a final order (this "Final Order"), authorizing the Debtor to (a) continue its existing cash management system, (b) honor certain prepetition obligations related thereto, (c) maintain its existing bank account and business forms or appropriate, including, without limitation, opening new bank accounts or closing existing bank accounts; and (d) implement changes to the cash management system as necessary; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in these chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth in this Final Order.

2.      The Debtor is authorized but not directed to continue to use the Cash Management System, including the Bank Account, in the ordinary course of business and to implement any changes to the Cash Management System as the Debtor deems necessary or appropriate to the extent not inconsistent with this Final Order.

3.      The Debtor is further authorized but not directed to: (i) continue to use, with the same account numbers, the Bank Account in existence on the Petition Date, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments; (ii) treat the Bank Account for all purposes as an account of the Debtor as debtor in possession; (iii) deposit funds in and withdraw funds from the Bank Account by all usual means, including, without limitation, by check, wire transfer and other methods; (iv) pay the Service Charges, including, without limitation, any undisputed Service Charges regardless of

whether such Service Charge arose before, on or after the Petition Date; and (v) otherwise perform their obligations under the documents governing the Bank Account.

4.      The Debtor is authorized, but not directed, to honor and pay all undisputed prepetition Service Charges in an amount not to exceed $1,000, and the Bank is hereby authorized to debit, charge or deduct, as applicable, such undisputed amounts in the ordinary course of business.

5.      The Debtor is authorized to use, in their present form, all Business Forms and other documents related to the Bank Account, without reference to its status as debtor in possession, provided, however, that if the Debtor exhausts its existing check stock during the pendency of this chapter 11 case, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.

6.      Except as otherwise expressly provided in this Final Order, the Bank is authorized to: (i) continue to maintain, service and administer the Bank Account as an account of the Debtor as debtor in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Account; provided, however, that any check, draft or other notification that the Debtor advises the Bank to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Bank only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtor as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH

transfers), credit card payments and other items are dated before or after the Petition Date; and (iv) debit or charge the Bank Account for all undisputed Bank Fees, whether arising before, on or after the Petition Date.

7.      Subject to the terms of this Final Order, the Bank may rely upon the representations of the Debtor with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Order (i) at the direction of the Debtor or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the Debtor or its estate on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Final Order.

8.      In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

9.      For banks at which the Debtor holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall have complied with paragraph 11 of the Interim Order.

10.     For banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall have complied with paragraph 12 of the Interim Order.

11.     The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

12.     As soon as practicable after entry of this Final Order, the Debtor shall serve a copy of this Final Order on the Bank.

13.     The Bank on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein is authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and the Bank is authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

14.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law,

statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

15.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the relief granted herein.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.