**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 22-10066-CTG |

**GPDEV, LLC AND SIMONS EXPLORATION, INC.'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO (A) CONTINUE ITS EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK ACCOUNT AND EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY; (II) SCHEDULING A FINAL HEARING; AND (III) GRANTING RELATED RELIEF, FILED JANUARY 18, 2022 [D.E. 4]**

GPDEV, LLC ("**GPDEV**"), and SIMONS EXPLORATION, INC. ("**Simons**"), respond in opposition to the Debtor's *Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Continue its Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain its Bank Account and Existing Business Forms, and (D) Implement Changes to the Existing Cash Management System as Necessary (D.I. 4)*, and respectfully state as follows:

**PRELIMINARY STATEMENT**

This case is the quintessential bad faith filing that should be dismissed swiftly and with prejudice. GPDEV and Simons are holders of final judgments against the Debtor in excess of $6,246,075 plus continually accruing post-judgment interest. By the Debtor's own admission, this case is a two-party dispute between the Debtor and GPDEV/Simons, and the Debtor has no ongoing operations or employees. This case was filed solely to

frustrate the ongoing collection efforts of GPDEV and Simons and to avoid imminent civil contempt sanctions which were set to be imposed on January 24, 2022 by Judge Robert Hinkle in the United States District Court for the Northern District of Florida. The Debtor should not be permitted to operate or access the cash it has on hand, much less utilize its undefined "Cash Management System" and bank accounts. The entirety of the relief sought by the Debtor should be denied.

## BACKGROUND

1. In August of 2017, GPDEV and Simons entered a contract with Team Systems International LLC ("TSI") wherein GPDEV and Simons procured water for TSI to sell to the U.S. Department of Homeland Security, Federal Emergency Management Agency, and other agencies.

2. Pursuant to the agreement GPDEV and Simons were to receive twenty five percent (25%) of the net amounts of income TSI received from amounts invoiced to and paid to by the agencies and or customers.

3. Shortly after the agreement was signed, Hurricane Maria hit Puerto Rico in September, 2017. As a result of Hurricane Maria, FEMA ordered 12 million liters of bottled water from TSI.

4. TSI supplied the 12 million liters of bottled water to FEMA, (utilizing Nestle and Niagara water procured by GPDEV and Simons) but TSI did not pay GPDEV or Simons in accordance with the contract.

5. After TSI failed to pay the contracted amounts owed upon demand, GPDEV and Simons filed suit on September 9, 2018, in the United States District Court for the Northern District of Florida styled GPDEV, LLC and *Simons Exploration, Inc. v.*

*Team Systems International, LLC* (Case No. 18-cv-00442-RH-MAF) (the "**TSI Lawsuit**").

6. The TSI Lawsuit was tried to a jury and the Court and resulted in a verdict in favor of GPDEV and Simons. In sum, the Jury determined that TSI had received net profits from the sales of bottled water in excess of $25,000,000, and had severely underpaid GPDEV and Simons.

7. GPDEV was awarded a Final Judgment against TSI on September 28, 2021 in the total amount of $3,297,995.32 together with post-judgment interest after August 25, 2021 as provided by law.

8. Simons was awarded a Final Judgment against TSI on September 28, 2021, in the total amount of $2,948,080.46 together with post-judgment interest as provided by law.

9. TSI did not pay or post security pending appeal, and the District Court denied TSI's Motions to stay discovery in aid of execution on November 8, 2021[1]. TSI also sought a stay pending appeal from the Eleventh Circuit Court of Appeals (Case No. 21-13662-AA) which was denied on January 10, 2022.

10. TSI has been egregiously uncooperative with GPDEV and Simons efforts to obtain post-judgment discovery in aid of execution[2].

---

[1] The District Court Order denying stay explains that the risk of loss to GPDEV and Simons would be substantial if a stay were to be imposed. A True and Correct Copy of the District Court Order denying TSI's Motion for a Stay Pending Appeal, is attached hereto as **Exhibit A**.

[2] TSI claimed its officers had COVID-19 in an effort to avoid deadlines. A True and Correct Copy of the TSI's Motion for Extension of Time to Comply with Court Orders is attached hereto as **Exhibit B**.

11. On December 1, 2021, and December 20, 2021, TSI was compelled to provide post-judgment discovery in aid of execution to GPDEV and Simons on or before January 14, 2021.

12. TSI failed to comply with the Federal Court's Orders, resulting in the Court's issuance of a Order to Show Cause by the Federal Court, as to why TSI and its principal, Deborah Mott, should not be held in civil contempt for failure to provide the required information by the January 14 deadline. A True and Correct Copy of the Show Cause Order is attached hereto as **Exhibit C**.

13. The Show Cause Order required Ms. Mott to appear by telephone for the show cause hearing on January 24, 2022 at 9:00 A.M., and to supply the Court and address were, "if held in civil contempt at a later hearing, the 'principal' and Ms. Mott will be available to be taken into custody by the United States Marshalls Service and held until the required information is provided." *Id*.

14. TSI commenced this case in bad faith, to frustrate GPDEV and Simons post-judgment discovery and collections efforts[3].

## ARGUMENT

By its own admissions in the *Declaration of Deborah Evans Mott in Support of Debtor's Chapter 11 Petition and First Day Motion (D.I. 3)*, TSI is a company that historically operated as a government contractor, but no longer able to bid on any additional government contracts due to the Final Judgments against it held by GPDEV

---

[3] GPDEV and Simons discovery requests in aid of execution have been pending since October 28, 2021 are attached hereto as **Exhibit D**. TSI is attempting to evade providing true and complete responses to such requests and is forum shopping in an effort to avoid a Court where the Judge is familiar with TSI's troubling record of noncompliance with court rules, orders and discovery obligations.

and Simons.  Mott Declaration at ¶ 15.  TSI has no employees.  Mott Declaration ¶ 19. TSI's sole asset appears to consist of $164,000 in a bank account at Artisans' Bank[4], and alleged "accounts receivable" which GPDEV and Simons believe are dubious, at best. Mott Declaration, ¶ 20. TSI has no other creditors than GPDEV and Simons. Mott Declaration *Id*.

In other words, TSI is at present a non-operational entity whose only business is defense of collections activities by GPDEV and Simons to thwart their efforts to obtain satisfaction of the Final Judgment.  By its own admission TSI has not responded to <u>any</u> of GPDEV or Simons' post-judgment discovery requests despite numerous Orders compelling TSI and Deborah Mott's compliance.

Under the unique circumstances of this case, TSI should not be permitted to operate or utilize any of the cash on hand. TSI has no employees or legitimate business expenses and has demonstrated no need for use of the funds, maintenance of its undefined "Cash Management System."

GPDEV and Simons are in the process of preparing a Motion to Dismiss this case for egregious bad faith, which will be filed as soon as practicable.

WHEREFORE, GPDEV and Simons respectfully request that the Court deny all of the relief requested by TSI in its *Motion for Entry of Interim and Final Orders (I)*

---

[4] GPDEV and Simons believe TSI swept its operating bank account of funds in order to evade a writ of execution. FEMA paid TSI $37,579,577.37 for the supply of Nestle and Niagara water to Puerto Rico.  A True and Correct Copy of the Trial Exhibit 20 A-1, is attached here to as **Exhibit E**.  The jury's verdict implicitly found that TSI made $25,011,787 in profit for the sale and delivery of bottled water for Hurricane Maria relief. But when the TSI operating account that collected the $37,579,577.37 was garnished, the remaining funds in the account were $0.00.  A True and Correct Copy of the Response of Garnishee PNC Bank, N.A., to Writ of Garnishment is attached hereto as **Exhibit F**.  TSI claims that its assets include a $164,000.00 account at Artisans' Bank, but this account was not its operating account with government agencies.

*Authorizing Debtor to (A) Continue its Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain its Bank Account and Existing Business Forms, and (D) Implement Changes to the Existing Cash Management System as Necessary (D.I. 4),* and grant any and all such other and further relief as is just and equitable.

Dated:  January 21, 2022                KASEN & KASEN, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
The Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

-and-

MICHAEL H. MOODY LAW, P.A.

*/s/ Michael H. Moody*
Michael Moody, Esq.
1881-A Northwood Center Blvd
Tallahassee, FL 32303
Telephone: (850) 739-6970
E-Mail: Michael.Moody@michaelhmoodylaw.com

*Counsel to GPDEV, LLC and*
*SIMONS EXPLORATION, INC.*