# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| TEAM SYSTEMS INTERNATIONAL, LLC,[1] | ) ) Case No. (22-10066) (CTG) |
| Debtor. | ) ) RE: D.I. 4 ) |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE ITS EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK ACCOUNT AND EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY; (II) SCHEDULING A FINAL HEARING; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry of an interim order (this "Interim Order"), authorizing the Debtor to (a) continue its existing cash management system, (b) honor certain prepetition obligations related thereto, (c) maintain its existing bank account and business forms as appropriate, including, without limitation, opening new bank accounts or closing existing bank accounts; and (d) implement changes to the cash management system as necessary; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

---

[1]  The Debtor in this chapter 11 cases has a last four digit federal tax ID of 8411. The location of the Debtor's service address in these chapter 11 cases is 16192 Coastal Highway Lewes, Delaware 19958.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on February 9, 2022, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on February 2, 2022.

3. The Debtor is authorized but not directed to continue to use the Cash Management System, including the Bank Account, in the ordinary course of business and to implement any changes to the Cash Management System as the Debtor deems necessary or appropriate to the extent not inconsistent with this Interim Order.

4. The Debtor is further authorized but not directed to: (i) continue to use, with the same account numbers, the Bank Account in existence on the Petition Date, and need not comply with certain guidelines relating to bank account set forth in the U.S. Trustee Operating Guidelines including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments, (ii) treat the Bank Account for all purposes as an account of the Debtor as debtor in possession; (iii) deposit funds in and withdraw funds from the Bank Account by all usual means, including, without limitation, by check, wire transfer and other methods; (iv) pay the

Service Charges, including, without limitation, any undisputed Service Charges regardless of whether such Service Charge arose before, on or after the Petition Date; and (v) otherwise perform their obligations under the documents governing the Bank Account.

5. The Debtor is authorized, but not directed, to honor and pay all undisputed prepetition Service Charges in an amount not to exceed $500 on an interim basis, and the Bank is hereby authorized to debit, charge or deduct, as applicable, such undisputed amounts in the ordinary course of business.

6. The Debtor is authorized to use, in their present form, all Business Forms and other documents related to the Bank Account, without reference to its status as debtor in possession, provided, however, that if the Debtor exhausts its existing check stock during the pendency of these chapter 11 cases, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.

7. Except as otherwise expressly provided in this Order, the Bank is authorized to: (i) continue to maintain, service and administer the Bank Account as an account of the Debtor as debtor in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Account; provided, however, that any check, draft or other notification that the Debtor advise the Bank to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Bank only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtor as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any

order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and (iv) debit or charge the Bank Account for all undisputed Bank Fees, whether arising before, on or after the Petition Date.

8. Subject to the terms of this Order, the Bank may rely upon the representations of the Debtor with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Order (i) at the direction of the Debtor or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the Debtor or their estates on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Order.

9. In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

10. The Debtor shall have 45 days from the date of this Order to comply with the requirements of section 345(b) of the Bankruptcy Code, to the extent applicable, without prejudice to the Debtor's rights to seek a further extension of time or to seek to deviate from the requirements of section 345(b) of the Bankruptcy Code on a further interim or a final basis.

11. For banks at which the Debtor holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware,

within fifteen (15) days of the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

12. For banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

13. The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; provided, however, that the Debtor give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware, counsel to creditors GPDEV, LLC and Simons Exploration, Inc. (the "Creditors"), and any statutory committees appointed in these chapter 11 cases; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

14. The Bank on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein is authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and the

Bank is authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

15.  Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16.  The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.  The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: January 26th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**