EXHIBIT X

Case 4:18-cv-00442-RH-MAF Document 315 Filed 02/28/20 Page 1 of 10
Case 2:20-cv-00065-RH-MAF Document 41-25 Filed 01/27/22 Page 2 of 17

Page 1 of 10

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC and SIMONS
EXPLORATION, INC.,

    Plaintiffs,

v.                                    CASE NO. 4:18cv442-RH/MAF

TEAM SYSTEMS
INTERNATIONAL, LLC,

    Defendant.

_____/

## ORDER FOR ENTRY OF JUDGMENT

    This case arose from a contract. The parties disagreed on what the contract meant and whether it was modified. The plaintiffs filed this action seeking both legal and equitable relief. The jury returned a verdict for the plaintiffs. This order announces rulings on issues that were for the court, not the jury. The order directs entry of judgment based on the jury's verdict and the court's additional rulings.

I

    A federal agency can issue a multiple award task order contract ("MATOC") for future acquisitions as needed. The defendant Team Systems International, LLC ("TSI") intended to apply to the Federal Emergency Management Agency for a

MATOC for the provision of bottled water. The application required a showing of ability to obtain water when needed. TSI met this requirement by enlisting the two plaintiffs, GPDEV, LLC ("GP Dev") and Simons Exploration, Inc. ("Simons Exploration"), to arrange to obtain water from Niagara Bottling, LLC. TSI applied for the MATOC and was selected.

The MATOC itself did not obligate FEMA to order any amount of water from TSI. But when Hurricane Maria hit Puerto Rico, FEMA needed water, and lots of it. Following the standard procedure under a MATOC, FEMA issued to TSI a delivery order under which TSI was to provide bottled water. FEMA later issued a modification under which TSI was to provide not only water, but also drop containers for storage of the water.

TSI provided water to FEMA that was obtained partly from Niagara and partly from an unrelated company, Nestle Waters. TSI also provided drop containers. FEMA paid TSI the proper amount under the MATOC and modified delivery order.

II

At the outset, TSI, on one side, and the plaintiffs, on the other side, entered into an astonishingly cryptic written contract addressing their relationship. This order refers to the contract using the title on the document itself: "consulting agreement."

Case No. 4:18cv442-RH-MAF

In the consulting agreement, TSI agreed to pay the plaintiffs 25% of net income on something, but it was not clear, and the parties later came to disagree on, what the something was—whether it was just the sale of water itself or also the provision of related products, including drop containers. The parties also came to disagree on whether the consulting agreement was modified to cover not just water obtained through Niagara, as the consulting agreement said, but also water obtained through other providers, including Nestle.

TSI paid the plaintiffs some but not all of the amount the plaintiffs said was due. The plaintiffs filed this action, demanding, among other things, that the court "award all amount[s] owed to Plaintiffs" under the contract and any modification of it, ECF No. 1 at 9, and declare that the plaintiffs are entitled to 25% of properly determined net income in the future, ECF No. 1 at 13. The plaintiffs also demanded equitable relief.

### III

Cross-motions for summary judgment were denied. The case was set for a jury trial on all issues so triable and simultaneous bench trial on issues not triable by jury—that is, on issues related only to equitable or declaratory relief. Before the trial, the parties agreed, and repeatedly confirmed on the record, that the issue of prejudgment interest would not be submitted to the jury but that, instead,

prejudgment interest on any amount awarded by the jury would be determined by the court.

The jury returned a verdict for the plaintiffs. In response to special interrogatories, the jury found that the parties' contract was modified to apply not just to Niagara water but also to Nestle water and that the contract applied to net income not only from sale and delivery of water but also from drop containers. The jury awarded damages in the amount calculated by the plaintiffs' expert: $2,770,855 for GP Dev and $2,483,722 for Simons Exploration.

IV

The plaintiffs have moved for entry of judgment and have provided a proposed calculation of prejudgment interest. This accords with the parties' agreement prior to trial that the court would determine prejudgment interest. The parties said they would attempt to agree on the date or dates on which interest began to accrue and that, in the absence of agreement, the court would determine the date or dates based on the evidence.

Remarkably, TSI now asserts the plaintiffs cannot recover interest because the issue was not submitted to the jury and the jury thus did not determine the date or dates on which interest began to accrue. But the reason the issue was not submitted to the jury is that the parties agreed to determination of the issue by the court. The parties were free to make this agreement—parties can of course waive

the right to a jury trial on any issue they choose. TSI is not free to renege on the agreement it entered.

TSI also says the plaintiffs' complaint did not assert a claim for breach of contract, did not seek damages, and that, under Florida law, an award of prejudgment interest thus would be improper. The assertion blinks reality. The complaint included detailed allegations about the contract, its modification, and TSI's failure to pay the plaintiffs the amount due under the contract. The complaint demanded an "award" of "all amount[s] owed to Plaintiffs" under the contract and any modification of it. ECF No. 1 at 9. Without objection, the jury was instructed on contract principles.

This was, in every sense, an action for breach of contract—an action seeking an award of damages resulting from the breach and seeking other appropriate relief. TSI surely knew it.

V

The consulting agreement required payment to the plaintiffs of 25% of "net income," defined as gross revenue less specified deductions: cost of goods sold, transportation expense, and direct-labor expense. This order refers to the deductions as "expenses." The verdict makes clear that the jury agreed with the plaintiffs' calculation: gross revenue was $37,579,548; expenses were $12,567,760; and net income was $25,011,788.

The consulting agreement called for payment by TSI to the plaintiffs 15 days "after receipt of any payment" by TSI. TSI received payments from FEMA on November 29, 2017, February 8, 2018, April 6, 2018, and May 21, 2019. Payments to the plaintiffs were due 15 days after those dates. Interest began to accrue at the end of each 15-day period.

In a diversity case like this one, state law determines the prejudgment interest rate. Under Florida Statutes § 687.01, the prejudgment rate under a contract that does not itself establish an interest rate is the same as the Florida post-judgment interest rate under Florida Statutes § 55.03. The rate is adjusted quarterly.

The only question about how to calculate interest in this case is how to match expenses with revenues. This order resolves this issue entirely in TSI's favor, deducting all the expenses from the first FEMA payment, thus leaving the lowest possible balance on which interest accrued. As shown on the attached spreadsheet, prejudgment interest to August 25, 2021, the date of the verdict, totaled $527,140.32 for GP Dev and $464,358.46 for Simons Exploration. Those are the amounts that will be included in the judgment.

Two further notes about interest are in order.

First, the plaintiffs propose a calculation method that turns partly on when TSI paid expenses. But that is not what the consulting agreement calls for. And as

TSI correctly points out in response, expenses are ordinarily treated as incurred when a party becomes obligated for them, not when a check is cut. For reasons of their own, the parties chose to require TSI to pay the plaintiffs 15 days after TSI's receipt of payment from FEMA, thus supporting the calculation made in this order, not the one proposed by the plaintiffs.

An unrealistic but helpful hypothetical demonstrates the point. Suppose FEMA ordered water for a total price of $100,000 and TSI arranged to acquire the water from Niagara for $60,000 with no other expenses. TSI's net income as calculated under the consulting agreement would be $40,000. The plaintiffs would be entitled to $10,000 payable 15 days after TSI's receipt of FEMA's $100,000 payment. It would make no difference whether Niagara insisted on payment by TSI in advance or 60 days after delivery or even 2 years after delivery. The date on which TSI would be required to pay the plaintiffs, under the plain terms of the consulting agreement, would be 15 days after TSI's receipt of payment from FEMA. This order calculates prejudgment interest based on this understanding of the consulting agreement.

Second, the plaintiffs propose awarding prejudgment interest only to the date of the verdict, with post-judgment interest thereafter. This can be accomplished by entering the judgment nunc pro tunc. This has the effect of lowering the interest rate sooner and to a lower level and thus benefits TSI.

VI

The consulting agreement applied to bottled water obtained "through Niagara." The plaintiffs asserted that when Hurricane Maria hit Puerto Rico and there was a need for more water—as TSI put it, "the more the better"—the agreement was modified by conduct to apply to bottled water obtained through other providers. The jury found the agreement was indeed modified to apply to the water obtained through Nestle. The finding is binding on the court for purposes of declaratory relief.

But the finding addressed only Nestle water provided in the aftermath of Hurricane Maria. That was all that mattered for the damages claim tried to the jury. The question whether the modification went further is for the court.

In the crisis existing at the time, the parties expanded their agreement. But they did not discuss, and nothing in their conduct suggested, that the expansion would apply beyond the crisis that engendered it. The consulting agreement applies not just to the FEMA MATOC and this delivery order but to the provision of bottled water under other contracts and to other agencies. When dealing with the Hurricane Maria crisis, the parties did not discuss, and nothing in their conduct suggested, that the plaintiffs would be free in connection with future storms or on other occasions to claim a 25% share of net income on water provided by anyone other than Niagara.

I find as a fact that the parties modified the consulting agreement by conduct to apply to Nestle water—just as the jury found—but that the modification extended only to the modified delivery order issued by FEMA in the aftermath of Hurricane Maria. For other events or agencies, the consulting agreement has not been modified.

VII

The jury verdict, award of damages, and declaration on the scope of the modification of the consulting agreement eliminate the need for a further declaration or equitable relief. There is no reason to believe the drop-container issue will recur or that, if it does, the circumstances will be so similar that any declaration at this time based on this record would be controlling. Nor is there a reason to believe TSI will again breach the consulting agreement or do so in a manner similar to the breaches at issue here. No declaration or equitable relief is entered on these issues. *Cf. Nat'l Trust Ins. Co. v. Southern Heating & Cooling Inc.*, __ F.4th __, 2021 WL 4025528 (11th Cir. Sept. 3, 2021) (recognizing a district court's discretion whether to entertain an action for declaratory relief); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) (holding that a person lacks standing to seek injunctive relief when there is not a "sufficient likelihood that he will again be wronged in a similar way"). The cited cases are different than this

Case 4:18-cv-00442-RH-MAF Document 305 Filed 11/27/22 Page 11 of 17
Case 2:20-cv-00066-RH-MAF Document 305 Filed 01/27/22 Page 10 of 10

Page 10 of 10

one, but the animating principle is the same: federal courts decide the properly presented issues that need to be decided but not those that don't.

## VIII

For these reasons,

IT IS ORDERED:

1. The motion for entry of judgment, ECF No. 296, is granted in part.

2. It is declared that the parties' consulting agreement was modified to apply to water provided through Nestle Waters and others, as well as Niagara Bottling, LLC, in response to the modified delivery order issued by FEMA in the aftermath of Hurricane Maria. It is declared that the consulting agreement was not otherwise modified.

3. The clerk must enter a judgment nunc pro tunc August 25, 2021 setting out the declaration, awarding damages as determined by the jury and prejudgment interest as determined by this order, providing for post-judgment interest as provided by law, and dismissing all other claims as moot.

4. The clerk must email the attorneys of record a copy of the attached spreadsheet in excel format.

5. The clerk must close the file.

SO ORDERED on September 28, 2021.

           s/Robert L. Hinkle
           United States District Judge

Case 4:18-cv-00442-RH-MAF Document 305-1 Filed 01/27/2022 Page 12 of 17
Case 22-10066-CTG Doc 41-25 Filed 01/28/22 Page 12 of 6
GPDEV, LLC and SIMONS EXPLORATION, INC. v.
TEAM SYSTEMS INTERNATIONAL, LLC
CASE NO. 4:18cv442-RH/MAF

| date | revenue | expense | net income | commission | GP half | paid GP | due | rounding |
|---|---|---|---|---|---|---|---|---|
| 11/29/2017 | 18338823 | 12567760 | 5771063 | 1442765.75 | 721382.875 | 355619 | 365763.875 | |
| 2/8/2018 | 7297500 | | 7297500 | 1824375 | 912187.5 | | 912187.5 | |
| 4/6/2018 | 7297500 | | 7297500 | 1824375 | 912187.5 | | 912187.5 | |
| 5/21/2019 | 4645725 | | 4645725 | 1161431.25 | 580715.625 | | 580715.625 | |
| total | 37579548 | 12567760 | 25011788 | 6252947 | 3126473.5 | 355619 | 2770854.5 | 2770855 |
| | | | | | simon half | paid simon | due | |
| 11/29/2017 | 18338823 | 12567760 | 5771063 | 1442765.75 | 721382.875 | 642751 | 78631.875 | |
| 2/8/2018 | 7297500 | | 7297500 | 1824375 | 912187.5 | | 912187.5 | |
| 4/6/2018 | 7297500 | | 7297500 | 1824375 | 912187.5 | | 912187.5 | |
| 5/21/2019 | 4645725 | | 4645725 | 1161431.25 | 580715.625 | | 580715.625 | |
| | 37579548 | 12567760 | 25011788 | 6252947 | 3126473.5 | 642751 | 2483722.5 | 2483722 |

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).

1

GPDEV, LLC and SIMONS EXPLORATION, INC. v.
TEAM SYSTEMS INTERNATIONAL, LLC

CASE NO. 4:18cv442-RH/MAF

| days 4/2017 | rate 4/2017 | interest | days 1/2018 | rate 1/2018 | interest | days 2/2018 | rate 2/2018 | interest | days 3/2018 |
|---|---|---|---|---|---|---|---|---|---|
| 17 | 0.0535 | 911.403409 | 90 | 0.0553 | 4987.415907 | 91 | 0.0572 | 5216.09349 | 92 |
| 0 | 0.0535 | 0 | 36 | 0.0553 | 4975.295548 | 91 | 0.0572 | 13008.5435 | 92 |
| 0 | 0.0535 | 0 | 0 | 0.0553 | 0 | 70 | 0.0572 | 10006.5719 | 92 |
| 0 | 0.0535 | 0 | 0 | 0.0553 | 0 | 0 | 0.0572 | 0 | 0 |
|   |   | 195.933398 |   |   | 1072.194087 |   |   | 1121.35517 |   |
|   |   | 0 |   |   | 4975.295548 |   |   | 13008.5435 |   |
|   |   | 0 |   |   | 0 |   |   | 10006.5719 |   |
|   |   | 0 |   |   | 0 |   |   | 0 |   |

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).

2

Case 4:18-cv-00442-RH-MAF   Document 305-1   Filed 09/28/21   Page 3 of 6
GPDEV, LLC and SIMONS EXPLORATION, INC. v. TEAM SYSTEMS INTERNATIONAL, LLC
CASE NO. 4:18cv442-RH/MAF

| rate 3/2018 | interest | days 4/2018 | rate 4/2018 | interest | days 1/2019 | rate 1/2019 | interest | days 2/2019 | rate 2/2019 |
|---|---|---|---|---|---|---|---|---|---|
| 0.0597 | 5503.89454 | 92 | 0.0609 | 5614.52559 | 90 | 0.0633 | 5708.92273 | 91 | 0.0657 |
| 0.0597 | 13726.2976 | 92 | 0.0609 | 14002.2031 | 90 | 0.0633 | 14237.6224 | 91 | 0.0657 |
| 0.0597 | 13726.2976 | 92 | 0.0609 | 14002.2031 | 90 | 0.0633 | 14237.6224 | 91 | 0.0657 |
| 0.0597 | 0 | 0 | 0.0609 | 0 | 0 | 0.0633 | 0 | 25 | 0.0657 |
|  | 1183.2266 |  |  | 1207.01005 |  |  | 1227.30354 |  |  |
|  | 13726.2976 |  |  | 14002.2031 |  |  | 14237.6224 |  |  |
|  | 13726.2976 |  |  | 14002.2031 |  |  | 14237.6224 |  |  |
|  | 0 |  |  | 0 |  |  | 0 |  |  |

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).

3

Case 4:18-cv-00442-RH-MAF   Document 305-1   Filed 09/28/21   Page 4 of 6
GPDEV, LLC and SIMONS EXPLORATION, INC. v.
TEAM SYSTEMS INTERNATIONAL, LLC
CASE NO. 4:18cv442-RH/MAF

4

| interest | days 3/2019 | rate 3/2019 | interest | days 4/2019 | rate 4/2019 | interest | days 1/2020 | rate 1/2020 | interest |
|---|---|---|---|---|---|---|---|---|---|
| 5991.21227 | 92 | 0.0677 | 6241.43485 | 92 | 0.0689 | 6352.065893 | 91 | 0.0683 | 6211.2902 |
| 14941.6313 | 92 | 0.0677 | 15565.6675 | 92 | 0.0689 | 15841.57295 | 91 | 0.0683 | 15490.489 |
| 14941.6313 | 92 | 0.0677 | 15565.6675 | 92 | 0.0689 | 15841.57295 | 91 | 0.0683 | 15490.489 |
| 2613.22031 | 92 | 0.0677 | 9909.39507 | 92 | 0.0689 | 10085.04165 | 91 | 0.0683 | 9861.53504 |
| 1287.99011 | | | 1341.78293 | | | 1365.566382 | | | 1335.30244 |
| 14941.6313 | | | 15565.6675 | | | 15841.57295 | | | 15490.489 |
| 14941.6313 | | | 15565.6675 | | | 15841.57295 | | | 15490.489 |
| 2613.22031 | | | 9909.39507 | | | 10085.04165 | | | 9861.53504 |

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).

Case 4:18-cv-00442-RH-MAF   Document 305-1   Filed 09/28/21   Page 5 of 6
GPDEV, LLC and SIMONS EXPLORATION, INC. v.                    CASE NO. 4:18cv442-RH/MAF
TEAM SYSTEMS INTERNATIONAL, LLC

| days 2/2020 | rate 2/2020 | interest | days 3/2020 | rate 3/2020 | interest | days 4/2020 | rate 4/2020 | interest | days 1/2021 | rate 1/2021 |
|---|---|---|---|---|---|---|---|---|---|---|
| 91 | 0.0666 | 6073.28367 | 92 | 0.0603 | 5559.21006 | 92 | 0.0537 | 4950.73931 | 90 | 0.0481 |
| 91 | 0.0666 | 15146.3111 | 92 | 0.0603 | 13864.2503 | 92 | 0.0537 | 12346.7702 | 90 | 0.0481 |
| 91 | 0.0666 | 15146.3111 | 92 | 0.0603 | 13864.2503 | 92 | 0.0537 | 12346.7702 | 90 | 0.0481 |
| 91 | 0.0666 | 9642.42498 | 92 | 0.0603 | 8826.2411 | 92 | 0.0537 | 7860.18486 | 90 | 0.0481 |
|  |  | 1305.63381 |  |  | 1195.11833 |  |  | 1064.30936 |  |  |
|  |  | 15146.3111 |  |  | 13864.2503 |  |  | 12346.7702 |  |  |
|  |  | 15146.3111 |  |  | 13864.2503 |  |  | 12346.7702 |  |  |
|  |  | 9642.42498 |  |  | 8826.2411 |  |  | 7860.18486 |  |  |

5

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).

Case 4:18-cv-00442-RH-MAF   Document 305-1   Filed 09/28/21   Page 6 of 6

GPDEV, LLC and SIMONS EXPLORATION, INC. v.
TEAM SYSTEMS INTERNATIONAL, LLC

CASE NO. 4:18cv442-RH/MAF

| interest | days 2/2021 | rate 2/2021 | interest | days 3/2021 | rate 3/2021 | interest | total |
|---|---|---|---|---|---|---|---|
| 4338.05977 | 91 | 0.0431 | 3930.3082 | 56 | 0.0425 | 2384.981 | 79974.8408 |
| 10818.7937 | 91 | 0.0431 | 9801.89204 | 56 | 0.0425 | 5947.962 | 189715.303 |
| 10818.7937 | 91 | 0.0431 | 9801.89204 | 56 | 0.0425 | 5947.962 | 181738.035 |
| 6887.44641 | 91 | 0.0431 | 6240.06782 | 56 | 0.0425 | 3786.584 | 75712.1413 |
|  |  |  |  |  |  |  | 527140.32 |
| 932.59558 |  |  | 844.937197 |  |  | 512.7229 | 17192.9819 |
| 10818.7937 |  |  | 9801.89204 |  |  | 5947.962 | 189715.303 |
| 10818.7937 |  |  | 9801.89204 |  |  | 5947.962 | 181738.035 |
| 6887.44641 |  |  | 6240.06782 |  |  | 3786.584 | 75712.1413 |
|  |  |  |  |  |  |  | 464358.461 |

Note:  In columns K-BD, the number before the year indicates the relevant quarter (e.g., 1/2017).