| | |
|---|---|
| **Subject:** | Team Systems International, LLC - Ch. 11 No. 22-10066-CTG - Creditors' Subpoena of Documents |
| **Date:** | Friday, January 21, 2022 at 4:38:03 PM Eastern Standard Time |
| **From:** | Jenny Kasen |
| **To:** | jedmonson@rc.com |
| **BCC:** | Michael Moody, Leonard Collins |
| **Attachments:** | Subpoena for Documents Team Systems 1.21.22[1].pdf |

Dear Ms. Edmonson:

Please see the attached subpoena for the production of documents and notice thereof.

Please confirm that you will accept service hereof on behalf of your client, Team Systems International, LLC.

Very truly yours,

**Jenny R. Kasen, Esquire**
Kasen & Kasen, P.C.
Tel: 302.652.3300 | Fax: 856.424.7565
E-Mail: jkasen@kasenlaw.com
www.kasenlaw.com

New Jersey | Pennsylvania | Delaware | Florida | New York

## KASEN & KASEN
### A PROFESSIONAL CORPORATION
*Attorneys at Law*

SOCIETY HILL OFFICE PARK, SUITE 3
1874 E. MARLTON PIKE (ROUTE 70)
CHERRY HILL, NJ 08003-2038

TEL: (856) 424-4144    FAX: (856) 424-7565

www.kasenlaw.com

EMAIL:
dkasen@kasenlaw.com
fkasen@kasenlaw.com
jkasen@kasenlaw.com
mkasen@kasenlaw.com

DAVID A. KASEN Δ*o†
FRANCINE STEIN KASEN Δ

JENNY R. KASEN Δ*♦❖o
MICHAEL J. KASEN ⌘

Δ MEMBER OF NJ BAR
* MEMBER OF PA BAR
♦ MEMBER OF FLA BAR
❖ MEMBER OF DEL BAR
⌘ MEMBER OF NY BAR
o BOARD CERTIFIED –
  CONSUMER BANKRUPTCY LAW –
  AMERICAN BRD OF CERTIF –
  ACCREDITED BY THE ABA
† BOARD CERTIFIED –
  BUSINESS BANKRUPTCY LAW –
  AMERICAN BRD OF CERTIF –
  ACCREDITED BY THE ABA

DELAWARE OFFICE
1000 N. WEST STREET
SUITE 1200
WILMINGTON, DE 19801
TEL: (302) 652-3300

PENNSYLVANIA OFFICE
7909 BUSTLETON AVENUE
PHILADELPHIA, PA 19152
TEL: (215) 923-1665

FLORIDA OFFICE
201 S. BISCAYNE BOULEVARD
SUITE 2800
MIAMI, FL 33131
TEL: (856) 424-4144

NEW YORK OFFICE
115 BROADWAY
5th FLOOR
NEW YORK, NY 10006
TEL: (646) 397-6226

January 21, 2022

Team Systems International, LLC
c/o Robinson & Cole LLP
Attn: Jamie L. Edmonson, Esq.
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801

Re:   Ch. 11 No. 22-10066-CTG – *Creditors' Notice of Subpoena Directed to and Served Upon Team Systems International, LLC to Produce Documents*

Dear Ms. Edmonson:

Please be advised that this office represents GPDEV, LLC and Simons Exploration, Inc. in connection with the above-referenced chapter 11 bankruptcy case.

Please find enclosed for service a subpoena for the production of documents directed to and served upon Team Systems International, LLC, along with notice thereof.

Please note that production of the documents requested is required to be made by no later than January 24, 2022 at 12:00 p.m. (Eastern Time).

Very truly yours,

*/s/ Jenny R. Kasen*

JENNY R. KASEN

JRK:jk
Enclosure(s)
Via E-Mail: jedmonson@rc.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of __Delaware__

In re __Team Systems International, LLC__
           Debtor

Case No. __22-10066/CTG__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

_____
           Plaintiff
               v.

Adv. Proc. No. _____

_____
           Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Team Systems International, LLC__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents and materials responsive to document requests identified in Creditors' Notice of Rule 45 Subpoena directed to and served upon Team Systems International, LLC.

| PLACE Production shall be made no later than 12:00 pm (EST) on January 24, 2022 via email at jkasenlaw@kasenlaw.com | DATE AND TIME 01/24/2022 at 12:00 pm (EST) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __01/22/2022__

CLERK OF COURT

OR    _/s/ signature_

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__GPDEV, LLC and Simons Exploration, LLC__, who issues or requests this subpoena, are:
Jenny R. Kasen, Esq., 1874 E. Marlton Pike, Suite 3, Cherry Hill, NJ 08003, (856) 424-4144, jkasen@kasenlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: Service effectuated as set forth in Creditors' Notice of Subpoena directed to and served upon Team Systems International, LLC.

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 01/22/2022

/s/ Jenny R. Kasen
*Server's signature*

Jenny R. Kasen, Esq.
*Printed name and title*

1874 E. Marlton Pike, Suite 3, Cherry Hill, NJ 08003
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>　　　　　　　　　Debtor(s). | Chapter 11<br><br>Case No. 22-10066-CTG |

## CREDITORS' NOTICE OF SUBPOENAS DIRECTED TO AND SERVED UPON TEAM SYSTEMS INTERNATIONAL, LLC TO PRODUCE DOCUMENTS

TO:　Team Systems International, LLC
　　　c/o Robinson & Cole LLP
　　　Attn: Jamie L. Edmonson, Esq.
　　　1201 N. Market Street, Suite 1406
　　　Wilmington, Delaware 19801
　　　Phone: 302-516-1705
　　　Facsimile: 302-516-1699
　　　Email: jedmonson@rc.com

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned bankruptcy case and all pending motions therein through Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), creditors GPDEV, LLC and Simons Exploration, Inc. (together the "**Creditors**"), by and through their undersigned counsel, hereby subpoena Team Systems International, LLC to produce, for examination, inspection and copying, any and all documents and materials responsive to the requests set forth below (each individually, a "**Document Request**," and collectively, the "**Document Requests**") that are within their possession, custody or control and/or the possession, custody or control of their attorneys, advisors, representatives and/or agents.

Production of the documents and materials responsive to the Document Requests herein shall be made by no later than 12:00 p.m. (Eastern Time) on January 24, 2022, via email at jkasen@kasenlaw.com.

A Subpoena is attached hereto.

## DEFINITIONS

Wherever appropriate herein, the singular form of a word shall be interpreted as plural and vice versa, and the masculine form of a word shall be interpreted as feminine and vice versa.

The term "**and**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every exchange of information by any means, either oral or written, including, but not limited to statements from one person to another, discussions, interviews, conferences, meetings, telephone conversations, letters, telegrams, memoranda, e-mail, facsimile transmissions.

The term "**Debtor**" means Team Systems International, LLC and/or any officers, directors and agents thereof.

The term "**document**" means anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Federal Rule 34(a), and also includes, without limitation, the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to writings, drawings, graphs, charts, photographs, phone records, data compilations, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams,

contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing, graphic or oral representations of any kind, including, without limitation, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, discs and recordings.

The term "**person**" means a natural person, firm, proprietorship, association, partnership, corporation, company, municipality, state government, local government, agency or any other type of organization or entity.

The term "**you(r)**" means Team Systems International, LLC and/or any officers, directors and agents thereof.

## DOCUMENT REQUESTS

1. All books, bank records, logs, journals, checkbooks, canceled checks, notes, statements, or any other documents reflecting deposits, withdrawals, transfers, wire transfers, Automated Clearing House (ACH) transfers, or any form of Electronic Funds Transfers (EFT) (e.g., Zelle, Venmo, PayPal), and balance of any checking account, savings account, certificate of deposit, money market account, mutual fund account, credit card account or line of credit in which TSI had or has any interest, whether solely or with third parties from November 29, 2017 to the present.

2. Monthly statements for every checking and savings account owned by TSI November 29, 2017, to the present.

3. All documents evidencing the transfer of any property exceeding $500 from November 29, 2017, to the present.

4. Any and all contracts where TSI contracted to provide goods or services to the U.S. Government, to any government or to any other corporate entity.

5. All communications between TSI and any of its members or employees and FEMA from January 1, 2019, to the present.

6. All communications between TSI and any of its members or employees and the Defense Logistics Agency from January 1, 2019, to the present.

7. All mortgages or any other documents reflecting any security interest of any party in any interest in real property held by you, either individually or with other parties.

8. All certificates of title, bills of sale, invoices, correspondence, certificates of authenticity, or other documents are reflecting ownership or other interests held by you, either individually or with other parties, in any motor vehicle, mobile home, boat, vessel, art, antiques, furniture, stamps, coins, or another article of personal property.

9. All stocks, bonds, coupons, promissory notes, mortgages, savings bonds, treasury bills, or other securities owned by you, or in which you have any interest, either individually or with other parties, together with all correspondence, notes, memoranda, books, records, or any other documents reflecting ownership or value of any interest held in any of the foregoing by you, either individually or with other parties.

10. All books, records, journals, ledgers, federal or state income tax returns, IRS Forms W-2, 1099 or K-1, payroll check stubs, and any other documents reflecting salaries, bonuses, compensation, distributions, or income paid by you from November 29, 2017, to the present.

11. All income tax returns which you have filed since 2017.

12. All security agreements, pledge agreements, and other documents evidencing security interests in and personal property, chooses in action, intangibles, and accounts receivable owned by you.

13. Copies of all financial statements, including all income statements, balance sheets and statements of cash flow prepared for TSI or on its behalf.

14. All documents reflecting outstanding accounts receivable that third parties are obligated to pay to you.

15. All documents reflecting safe deposit boxes currently rented by or accessible to you.

16. All documents reflecting federal social security benefits paid to you.

17. All documents reflecting payments to you by pension or vacation funds.

18. All documents reflecting payments to you by state unemployment or workers' compensation agencies.

19. All corporate resolutions of TSI from November 29, 2017, to the present.

20. All corporate charters or other governing documents of TSI.

21. All meeting minutes of TSI member meetings from November 29, 2017, to the present.

22. All documents that document TSI's accounts receivable or other corporate sources of income.

23. All employment agreements to which you are a party.

24. All documents reflecting the names and positions of shareholders, managing members, or other corporate owners of TSI.

25. All records of agreement adding Chris Mott as member of Teams Systems International, LLC.

26. All records of agreement adding John Maciorowski as member of Teams Systems International, LLC.

27. All records documenting member payment distributions from Team Systems International, LLC to Steve Acosta per his membership interest.

28. All records documenting member payment distributions from Team Systems International, LLC to Deborah Mott per her membership interest.

29. All records documenting member payment distributions from Team Systems International, LLC to Chris Mott per his membership interest.

30. All records documenting payment from Team Systems International, LLC to Luis A. Ayala Colon Sucrs Inc.

31. All records documenting payment from Luis A. Ayala Colon Sucrs Inc. to any member of Team Systems International, LLC (individually).

32. All records documenting member payment distributions from TeamSystems International, LLC to John Maciorowski per his membership interest.

33. All records of RFPs, RFQs or any similar document(s) applying to the Federal Government to contract for services offered by Team Systems International, LLC from November 29, 2017, through the date of this request.

34. All records of Team Systems International, LLC's tax filings in the State of California.

35. All records establishing and regarding the relationship between Team Systems International, LLC and Team Systems International Pacific, LLC.

36. All records establishing and regarding the relationship between Team Systems International, LLC and TSI Gulf Coast, LLC.

37. All records establishing and regarding the relationship between Team Systems International, LLC and Team Systems International Southeast, LLC.

38. All records relied upon in preparing Team Systems International, LLC's tax returns from November 29, 2017, through the date of this request.

39. All records of, and including, Team Systems International, LLC's operating agreement and any and all amendments to the operating agreement from date of preparation through date of this request.

Dated:  January 21, 2022

KASEN & KASEN, P.C.
/s/ Jenny R. Kasen
Jenny R. Kasen, Esquire (DE Bar No. 5849)
The Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

-and-

MICHAEL H. MOODY LAW, P.A.

/s/ Michael H. Moody
Michael Moody, Esq.
1881-A Northwood Center Blvd
Tallahassee, FL 32303
Telephone: (850) 739-6970
E-Mail: Michael.Moody@michaelhmoodylaw.com

*Counsel to GPDEV, LLC and SIMONS EXPLORATION, INC.*