

CURTIS J. CROWTHER

1201 North Market Street, Suite 1406
Wilmington, DE 19801
Main (302) 516-1700
Fax (302) 516-1699
ccrowther@rc.com
Direct (302) 516-1707

Also admitted in Pennsylvania

February 3, 2022

**BY ELECTRONIC FILING**

The Honorable Craig T. Goldblatt
United States Bankruptcy Court for the District of Delaware

Re:  **In re: Team Systems International, Inc.; Case No. 22-10066-CTG; Chapter 11; Debtor's Response to Creditors' Discovery Dispute Letter**

Dear Judge Goldblatt:

The purpose of this letter is to briefly respond to the discovery dispute letter filed by counsel for creditors GPDEV and Simons ("Creditors"). At the outset, the Court should know that Creditors' counsel failed to follow the Court's specific instructions that counsel must speak about discovery issues and not just email each other before seeking the Court's intervention. Creditors' counsel failed to make any effort to comply.

The Debtor continues to provide documents to its counsel for production to Creditors. At this point, Debtor has produced 844 pages of documents consistent with the list that the Court instructed be produced. Production is not yet complete. As counsel for Creditors was informed, Debtor continues to collect and provide documents to its counsel and counsel continues to process and produce them. Unfortunately, Creditors insist that their artificial, unilateral deadlines be met. As noted, Debtor has already produced 884 pages of documents. We anticipated an additional production would be made today and will do so provided Creditors stop unnecessarily interfering with that process.

At no time did Debtor commit to having all of the documents produced yesterday. While we certainly have endeavored to collect, process and produce the documents instructed by the Court as soon as practicable, we are doing so on a customary, rolling basis. I note that the initial production of 884 pages was made only a week since the hearing held by the Court where Debtor was instructed to produce documents. The Court did not impose a bright line deadline to produce the documents as Creditors seem to suggest.

24063474-v2

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | rc.com

Robinson & Cole LLP

# Robinson+Cole

The Honorable Craig T. Goldblatt
February 3, 2022
Page 2

      As for the deposition on Friday, Creditors requested that the deposition of Deborah Mott be scheduled for Friday. Debtor promptly confirmed availability and the deposition was scheduled. Subsequently, counsel issued a notice for a 30(b)(6) deposition of the Debtor—something that was not originally requested. The topics in the Notice of Deposition are enormously broad and certainly objectionable.[1] We would expect that Creditors will have received a significant number of documents by today (884 pages already produced and additional documents anticipated to be produced today). However, we cannot guarantee that every single document will have been produced even though that is our goal. Creditors' expectations are simply not rational or reasonable given the timetable that has been set. I note that the Court has ordered that discovery be completed by February 6th.

      The Debtor will continue to collect and provide documents to its attorneys. We will promptly process and produce the documents instructed by the Court. Discovery and document production is a process. This is just an unneeded distraction that interferes with our ability to continue processing and producing the very documents that Creditors are unnecessarily running to the Court about. Debtor requests that the Court permit us to focus on that continuing process of collecting, processing and production the documents as instructed by the Court and admonish Creditors for failing to comply with the Court's specific instructions about raising discovery issues with the Court.

Respectfully submitted,

*[signature]*

Curtis J. Crowther

cc: Counsel of Record via CM/ECF

---

[1] Since a 30(b)(6) witness is testifying not only on their own personal knowledge, but the knowledge of the organization, proper preparation on topics usually includes seeking out the knowledge of others. No witness could possibly prepare for a deposition whose topics are essentially "everything about everything" in a week. However, instead of running to the Court, Debtor communicated that they would identify Ms. Mott as its representative for the deposition since Creditors had not previously asked about anyone else's availability other than hers. While Ms. Mott certainly is very knowledgeable about the Debtor's business and its operations, it is unlikely she will know "everything about everything."

24063474-v2