# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br>TEAM SYSTEMS INTERNATIONAL, LLC,[1]<br>Debtor. | ) Chapter 11<br>)<br>) Case No. 22-10066 (CTG)<br>)<br>) **Re: D.I. 24** |

## ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 328, AND 330, AUTHORIZING THE DEBTOR TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of this Order, pursuant to Sections 105, 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing the Debtor to retain and compensate the OCPs in the ordinary course of the Debtor's business; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 12, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation, and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtor is authorized, but not directed, in its discretion, to retain and pay the post-petition fees and actual and necessary expenses of the OCPs identified on the OCP List, attached hereto as Exhibit A, in the ordinary course of business pursuant to the following OCP Procedures:

> i. Prior to the receipt of payment for post-petition services rendered to the Debtor and expenses incurred, each OCP on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form attached to the Proposed Order as Exhibit B-1 (the "Attorney OCP Declaration"), and each OCP on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form attached to the Proposed Order as Exhibit B-2 (the "Professional OCP Declaration," and together with the Attorney OCP Declaration, a "Declaration of Disinterestedness"), stating that, among other things, such OCP does not represent or hold an interest materially adverse to the Debtor or their estate regarding the matters upon which such OCP is to be retained.
>
> ii. Each OCP shall serve, or cause to be served, at least fourteen days prior to submitting an invoice to the Debtor, a copy of the OCP's Declaration of Disinterestedness on: (i) the Debtor, 16192 Coastal Highway Lewes, Delaware 19958. (Attn: Deborah Mott), dmott@tsi-us.net; (ii) counsel to the Debtor: Robinson & Cole LLP, 1201 North Market Street, Suite 1406, Wilmington, Delaware 19801 (Attn: Jamie L. Edmonson), jedmonson@rc.com; (iii) counsel to the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Schepacarter, Esq.), richard.schepacarter@usdoj.gov; and (iv) counsel to any statutory committee appointed in this Case (collectively, the "Notice Parties").
>
> iii. Any objections to the retention of any OCP by any party in interest in this Case must be filed with the Court and at the same time served upon the affected OCP and the Notice Parties within fourteen days of service of the OCP's Declaration of Disinterestedness (the "OCP Objection Deadline"). If no objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, the Debtor shall be authorized to retain and pay such OCP in the manner provided for in these OCP

        Procedures.  If an objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, a hearing on the matter may be held at the next scheduled omnibus hearing date in this Case that is no less than ten days from the date on which the objection is filed and served on the Notice Parties.

iv.       No OCP shall be paid any fees or expenses until its Declaration of Disinterestedness has been filed with the Court and served on the Notice Parties and until the OCP Objection Deadline has passed with no objections having been filed or, if an objection is filed on or before the OCP Objection Deadline, the objection is resolved consensually or by order of the Court.

v.       The Debtor is authorized, without formal applications being filed with the Court, to compensate and reimburse the OCPs for 100% of their post-petition fees and expenses incurred upon the submission to the Debtor of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the rights of the Debtor and their estate to dispute any such invoice; *provided, however*, that subject to further order of the Court, the fees paid to any individual OCP on the OCP List, excluding costs and disbursements, may not exceed $25,000 per month on average over a rolling three-month period (the "OCP Cap").  Each OCP who exceeds the OCP Cap shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Case in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court authorizing the payment of professionals retained in this Case; *provided, however*, that the Debtor reserves their right to seek to increase the OCP Cap, as appropriate and required under the circumstances.

vi.       Within thirty days after the end of the three-month period (each, a "Quarter") after the Petition Date and before the entry of an order confirming any Chapter 11 plan of the Debtor, the Debtor shall file with the Court and serve on the Notice Parties a statement (an "OCP Fees and Expenses Statement") that shall include the following information with respect to each OCP: (i) the name of the OCP; (ii) the amounts paid as compensation for services rendered and expenses reimbursed to the OCP during each month of the previous Quarter; (iii) the aggregate amounts paid as compensation for services rendered and expenses reimbursed to the OCP during the pendency of this Case; and (iv) a general description of the services rendered by that OCP.  The first Quarter for which the Debtor shall be required to file and serve an OCP Fees and Expenses Statement shall be the three-month period ending April 30, 2022.  Notice Parties will be permitted to file objections to the payments made to OCPs within fourteen calendar days following such OCP Fees and Expenses Statement, and if an objection to the fees and/or expenses of an OCP is filed by a Notice Party, unless such objection is consensually resolved, such fees and expenses will

        be subject to review and approval by the Court pursuant to Section 330 of the Bankruptcy Code.

    vii.    In the event that the Debtor supplements the OCP List, the Debtor shall file a supplemental list (a "Supplemental OCP List") with the Court and serve it on the Notice Parties, together with the Declaration of Disinterestedness for each additional OCP. If no objections are filed to any Supplemental OCP List within fourteen (14) days of service thereof, such Supplemental OCP List shall: (i) be deemed approved by the Court without need for a hearing or further notice or order of the Court, *nunc pro tunc* to the date set forth in such Supplemental OCP List, *provided* that such date is no more than thirty days prior to the filing of such Supplemental OCP List; and (ii) be within the purview of this Motion and any order of the Court approving this Motion.

    viii.    All payments to any one OCP shall be subject to Sections 328(c) and 330 of the Bankruptcy Code, which provide generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in Section 330 of the Bankruptcy Code. In addition to the limits set forth in this Motion or any order approving this Motion, all payments to an OCP are further subject to the Bankruptcy Rules and the Local Rules.

    ix.    Except for law firms that represented the Debtor before the Petition Date and that have been employed pursuant to any order approving this Motion, all OCPs shall, once their employment is effective pursuant to any order approving this Motion, be deemed to have waived any and all pre-petition claims that they may have against the Debtor and their estate. Such OCPs shall include a statement of disinterestedness in the Declaration of Disinterestedness.

3.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

4.    The Debtor is directed, within three business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in this Case since the filing of the Motion.

- 5 -

5. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

**Dated: February 8th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**