IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,[1]<br><br>Debtor. | ) <br> ) Chapter 11<br> )<br> ) Case No. 22-10066 (CTG)<br> )<br> ) Related Doc: 75<br> ) |

DECLARATION OF DISINTERESTEDNESS BY ATTORNEY
USED IN THE ORDINARY COURSE OF BUSINESS

I, Wayne LaRue Smith, declare under penalty of perjury:

1. I am the managing attorney of The Smith Law Firm, a professional association, located at 509 Whitehead Street, Key West, Florida, 33040 (the "Firm").

2. This declaration ("Declaration") is submitted in accordance with that certain *Order Authorizing Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 75] (the "OCP Order"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the OCP Order.

3. The above-captioned debtor and debtor in possession (the "Debtor"), has requested that the Firm provide legal services to the Debtor, and the Firm has consented to provide such services. The Firm anticipates providing legal services specifically in connection with litigation commenced against the Debtor by GPDEV, LLC and Simons Exploration, Inc., as well as routine legal services as may be necessary in Debtor's ongoing operations.

4. The Firm may have performed legal services in the past, may currently perform legal services, and may perform legal services in the future, in matters unrelated to this Case. The Firm does not perform legal services for any such person in connection with this Case or have any

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or their estate.

5. The Firm provided services to the Debtor prior to the commencement of this Case.

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants, and parties in interest in this Case.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or their estate with respect to the matters upon which the Firm is to be employed.

9. The Debtor owes the Firm $4,821.00 for pre-petition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

10. The Firm has read the OCP Order and understands the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event that it exceeds the OCP Cap, the Firm will be required to file with the Court a fee application for the amount of its fees and expenses for the month or months the OCP Cap was exceeded in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

11. The Firm does keep in the ordinary course of business time records in one-tenths of an hour. The schedule of the Firm's rates applicable to its representation of the Debtor is as follows: Wayne LaRue Smith ($650.00/hour), Ashley N. Sybesma and Brett Tyler Smith ($500.00/hour) and paralegal Christina F. Ortiz ($200.00/hour). The firm also adds a 5% surcharge to all fees billed to cover the cost of copies, postage, and computerized legal database services.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor and, upon the conclusion of such inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: February 15, 2022

_____
Wayne LaRue Smith