IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10066 (CTG)<br><br>**Related Docket No. 87** |

**RESPONSE OF BERING STRAITS LOGISTICS SERVICES, LLC
TO CREDITORS' MOTION FOR RULE 37 SANCTIONS AGAINST DEBTOR**

Bering Straits Logistics Services, LLC ("**BSLS**"), responds as follows to the *Creditors' Motion for Rule 37 Sanctions Against Debtor* ("**Motion for Sanctions**"), Docket No. 87, filed by GPDEV, LLC and Simons Exploration, Inc. ("**GPDEV/Simons**").

**PRELIMINARY STATEMENT**

1.  GPDEV/Simons previously filed a Motion to Dismiss[2] this case; that motion is still pending and is scheduled for hearing on March 9, 2022. Debtor is unlikely to oppose either the Motion to Dismiss or the Motion for Sanctions because Debtor's counsel has recently withdrawn from the case,[3] and there is no pending application to retain new counsel. The Motion to Dismiss and the Motion for Sanctions are based on similar grounds, but some of the relief sought by the Motion for Sanctions overlaps with, or is inconsistent with, the Motion to Dismiss. In order to ensure that any relief granted by the two motions are consistent with each other, the Motion for Sanctions should be set on for the same March 9 hearing as the Motion to Dismiss.

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

[2] *GPDEV, LLC and Simons Exploration, Inc.'s Motion for Entry of an Order Dismissing this Chapter 11 Case with Prejudice,* Docket No. 41.

[3] *Order Granting Robinson & Cole LLP's Motion to Withdraw as Counsel,* Docket No. 91.

00022984.2

2. The Motion for Sanctions seeks the following sanctions against the Debtor:

(i) declaring that the Debtor violated Federal Rule 37,

(ii) referring the matter to the United States Attorney for a criminal referral,

(iii) directing the Debtor to pay all of GPDEV/Simon's past and future attorney fees associated with GPDEV's discovery efforts in the bankruptcy case,

(iv) directing the Debtor to pay all of GPDEV/Simon's attorney fees associated with the Motion for Sanctions,

(v) directing the Debtor to produce unredacted bank statements,

(vi) directing the Debtor to produce all checks from 2018 to the present,

(vii) granting GPDEV derivative standing to pursue fraudulent conveyance actions against Debtor's insiders,

(viii) dismissing this Chapter 11 case,

(ix) temporarily restraining Debtor's insiders from dissipating/encumbering assets outside the ordinary course,

(x) imposing other sanctions as the Court deems proper.

Motion to Dismiss, ¶ 74.

3. At the March 9 hearing, this Court should convert this case to a Chapter 7 for the reasons set forth in the BSLS's response[4] to the Motion to Dismiss. Converting this case to a Chapter 7 will largely moot the Motion for Sanctions, but for avoidance of doubt this Court should specifically deny GPDEV/Simon's request for payment of its fees and derivative standing, because that relief is inconsistent with this case proceeding in Chapter 7.

---

[4] *Response of Bering Straits Logistics Services, LLC to Motion to Dismiss,* Docket No. 65.

**DISCUSSION**

4. The Motion for Sanctions suffers from the same fundamental defect as the Motion to Dismiss, namely that both motions view this bankruptcy case as a two-party dispute between the Debtor and GPDEV/Simons. But as explained more fully in BSLS's response to the Motion to Dismiss, BSLS is a bona fide third-party creditor owed more than $1.5 million. Moreover, the Debtor is hopelessly insolvent. These two facts, combined, mean that any monetary sanction against "the Debtor" is really a monetary sanction against the small pool of cash held by the bankruptcy estate ($164,000, according to the Schedules[5]) – the same pool of cash which would either finance a Chapter 7 trustee's investigations and avoidance actions, and/or pay dividends to the unsecured creditors including BSLS.

5. In non-bankruptcy litigation, monetary Rule 37 sanctions against a recalcitrant party make sense because the recalcitrant party bears the sting of the sanctions. However, imposing Rule 37 monetary sanction against a bankruptcy estate in favor of an unsecured creditor is a rare, perhaps unheard of, event, for the reason that the persons and entities taking the brunt of those sanctions is anyone and everyone except the debtor. Each and every case cited by GPDEV/Simons in their Motion for Sanctions is a non-bankruptcy case,[6] so those authorities have no relevance to this case.

---

[5] Docket No. 28, page 2.

[6] *DiGregorio v First Rediscount Corp.*, 506 F.2d 781 (3rd Cir. 1974) (wrongful death action); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944) (patent infringement suit); *Chambers v NASCO, Inc.,* 501 U.S. 32 (1991) (specific performance of contract); *Ins. Corp. of Ireland Ltd. v Compagnie Des Bauxites De Guinee,* 456 U.S. 694 (1982) (insurance dispute); *Gilmer v Colorado Institute of Art,* 12 Fed Appx 892 (10th Cir. 2001) (employment discrimination suit); *McDowell v Seaboard Farms of Athens, Inc.* 1996 WL 684140 (M.D.Fla. 1996)(discrimination); *Pope v Fed. Express Corp.*, 138 F.R.D. 675 (W.D.Mo. 1990)(sexual harassment), *Munshani v Signal Lake Ventures Fund II, LLC,* 805 N.E.2d 998 (Mass.App.Ct. 2004)(breach of contract); *Jemison v Nat'l Baptist Convention,* 720 A.2d 275 (D.C. 1998) ( breach of contract); *Goodyear Tire & Rubber Co. v Haeger,* 137 S.Ct. 1178 (2017)(product liability); *Chambers v Nasco, Inc.* 501 U.S. 32 (1991) (breach of contract); *Synanon Foundation v Bernstein*, 517 A.2d 28 (D.C.App. 1986)(real estate dispute).

6. The Bankruptcy Code has a formal and rigorous set of requirements for paying attorney fees out of unencumbered funds in a bankruptcy estate. Section 327 and 328 requires formal court approval of any such attorneys and that such attorneys be disinterested. The attorneys for GPDEV/Simons have not sought or obtained such approval, nor could they do so on account of work they have already performed for their client.[7] The portion of the Motion for Sanctions seeking payment of all past and future attorney fees incurred by GPDEV/Simons is nothing less than an end run around these important provisions of the Bankruptcy Code. GPDEV/Simons is unable to cite a single bankruptcy case, rule or statute supporting this attempt.

7. Another problem with the Motion for Sanctions is that it seeks both dismissal and substantive relief. However, section 349's provisions governing the effect of dismissal are designed to render the bankruptcy case as much a nullity as feasible. As explained in the legislative history of section 349:

> Subsection (b) specifies that the dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. The court is permitted to order a different result for cause. *The basic purpose of the subsection is to undo the bankruptcy case as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.* (*emphasis added*)

Historical and Statutory Notes, 1978 Acts. Section 349 does provide that the bankruptcy court may "order otherwise" the effect of dismissal, but the Motion for Sanctions fails to acknowledge the complete disconnect between, on the one hand, the dismissal is supposed to put the parties and their property where they were as if the bankruptcy never happened, and on the other hand,

---

[7] This is not to say that the GPDEV/Simons attorney could not be retained as special counsel by a Chapter 7 trustee for purposes of pursuing avoidance actions.

that GPDEV/Simons desire that this Court, as part of the dismissal, grant them brand new substantive rights that will likely require further supervisions and enforcement by the Court.

8. In *Czyzewski v Jevic Holding Corp.,* 137 S. Ct. 973 (2016), the Supreme Court held that a bankruptcy court lacks the power to dismiss a bankruptcy case in a manner that, instead of simply restoring the prepetition status quo, provides for a distribution of estate assets that departs from the basic priority provisions of the Bankruptcy Code:

> We turn to the basic question presented: Can a bankruptcy court approve a structured dismissal that provides for distributions that do not follow ordinary priority rules without the affected creditors' consent? Our simple answer to this complicated question is "no."

137 S.Ct. at 983.

9. The dismissal terms sought by GPDEV/Simons depart from the basic priority provisions of the Bankruptcy Code by awarding those creditors' past and future attorney fees, and granting derivative standing to them and them alone. The dismissal sought by those creditors violates the fundamental bankruptcy policy of equality of distribution, just as the dismissal approved in *Jervic* violated the priority provisions of the Code.

10. BSLS's response, Docket No. 65, to the Motion to Dismiss argued that conversion was superior to dismissal because the Motion to Dismiss contained ample evidence of avoidance actions that a Chapter 7 trustee could pursue for the benefit of all creditors. The Motion for Sanctions provides additional support for conversion: Debtor appears to have fraudulently purchased a nearly $1 million beach house in Bethany Beach, Delaware, a $400,000 property in Missouri, and a $320,000 property in Florida. It also appears that there may have been as much as $9 million fraudulently transferred to insiders. *See* ¶ 17, 52-66. A Chapter 7 trustee is much better situated than anyone else to avoid these transfers, and is the only party that will do so for the benefit of the creditors as a whole.

11. BSLS agrees that Debtor should be ordered to produce complete and accurate tax returns, bank statements, check copies, and other such financial information. These materials should be turned over to GPDEV/Simons, as well as to the Chapter 7 trustee.

12. Finally, GPDEV/Simons filed [Docket No. 95] and then withdrew [Docket No. 97] a Certification of Counsel suggesting that the hearing on the Motion to Dismiss be continued from the March 9th hearing date. BSLS believes that any further delay will only waste everyone's time and money and that a Chapter 7 Trustee should be appointed as soon as possible. Pursuant to Local Rule 9029-3(a)(ii), BSLS does not consent to an adjournment of the hearing on the Motion to Dismiss.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## **CONCLUSION**

For the foregoing reasons, BSLS respectfully requests that the portions of the Motions for Sanctions seeking monetary damages from the Debtor, and granting GPDEV/Simons derivative standing, should be denied, and this case be converted to a case under Chapter 7.

Dated: February 25, 2022
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Email:            chipman@chipmanbrown.com

-and-

Cabot Christianson, Esq. (*pro hac vice* pending)
Law Office of Cabot Christianson, P.C.
911 West 8th Ave., Suite 201
Anchorage, AK 99501
Telephone: (907) 230-8160
Email: cabot@cclawyers.net

*Counsel to Bering Straits Logistics Services, LLC*