# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor.[1] | **Related Docket No. 99** |

### BERING STRAITS LOGISTICS SERVICES, LLC'S RESPONSE TO ORDER TO SHOW CAUSE

Bering Straits Logistics Services, LLC, ("**BSLS**") responds as follows to this Court's *Order to Show Cause Why This Chapter 11 Case Should Not Be Dismissed or Converted*, Docket No. 99 ("**Order to Show Cause**").

### DISCUSSION

1. By now it is undisputable that "cause" exists under Section 1112(b) to either convert or dismiss this case. Debtor's counsel has abandoned the Debtor, and the Debtor has abandoned any effort to reorganize or for that matter carry on any activity whatsoever that is beneficial to the estate. The only remaining question for this Court is whether to dismiss this case or convert the case to a Chapter 7.[2]

2. Section 1112(b)(1) instructs that the conversion versus dismissal decision is based upon "whichever is in the best interests of creditors and the estate."

3. GPDEV, LLC and Simons Exploration, Inc. ("**GPDEV/Simons**") filed a *Motion for Entry of an Order Dismissing this Chapter 11 Case with Prejudice,* Docket No. 41 ("**Motion**

---

[1] The Debtor in this chapter 11 case has a last four-digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

[2] Appointment of a Chapter 11 trustee is theoretically a possibility but does not make sense in this case because Debtor has no ongoing business operations.

**to Dismiss**") that argues that this case is essentially a two-party dispute. However, BSLS is a creditor, filed Proof of Claim No. 1 for $1,516,745.69, and the Debtor amended its schedules (Docket No. 56) to reflect BSLS's claim.[3] So this is not a two party dispute case.

4. In round numbers, GPDEV/Simons is owed $6 million and BSLS is owed $1.5 million. But the conversion versus dismissal decision does not consist of simply adding up the dollars owed to the creditors who prefer dismissal overs conversion. *Rollex Corp v. Associated Materials (In re Superior Siding & Window)*, 14 F.3d 240 (4th Cir. 1994).[4]

5. Viewed from the standpoint of the creditor body as a whole, conversion is superior to dismissal because a Chapter 7 trustee has rights and avoiding powers that are superior to those of any one creditor.

    a. Conversion would immediately place an independent fiduciary in control of the Debtor's assets, including the ability to investigate and pursue causes of action against insiders. If the case were to be dismissed, current management would retain control of all the Debtor's assets, could further dissipate those assets, and is not likely to investigate and pursue claims against themselves.

---

[3] At Docket No. 102, the U.S. Trustee responded to the OSC. That response states, at ¶66, that "There are no other creditors listed on the Schedules or who have filed proof of claims ("POC") other than the IRS which filed a POC in this case for the sum of $24,360.00 (D.I. 87-17)." This statement is factually incorrect.

[4] In *Rollex,* the Fourth Circuit reversed the district court's affirmance of the bankruptcy court's dismissal of a chapter 11 case, where the bankruptcy court dismissed the case simply because a majority of the creditors favored dismissal. The seven creditors favoring dismissal favored dismissal (led by creditor Associated Materials) all had judgments in place, whereas the creditor favoring conversion (Rollex) did not have a judgment. The Fourth Circuit held that:

> "…this policy of equality among creditors, fundamental to the bankruptcy law, is one of the factors to be considered in determining the 'best interest of the creditors' under §1112(b), **and it is not serviced by merely tallying the votes of the unsecured creditors and yielding to the majority interest."**

14 F.3d at 242 (emphasis added).

    b. Where the debtor is not an individual, the Chapter 7 trustee holds the debtor's attorney client privilege. *Commodity Futures Trading Com. V. Weintraub*, 471 U.S. 343 (1985). This means that the trustee can obtain documents and communications between the Debtor and its lawyers simply by asking the Debtor's attorneys, aiding in the recovery of assets fraudulently transferred by the Debtor. Outside of bankruptcy, creditors must contend with the attorney-client privilege.

    c. The Motion for Sanctions, Docket No. 87, filed by GPDEV/Simons,[5] asserts at ¶52-56 that Debtor funneled a nearly $1 million payment through the trust account of the Tunnell & Raynor law firm to purchase the Bethany Beach property. There may be other instances of law firms being used to shield fraudulent conveyances, or who may have inside information as to how debtor possibly defrauded creditors. The fact that a Chapter 7 trustee holds the attorney client privilege should be particularly helpful in this case.

    d. Preference law exists only in a bankruptcy proceeding. If the case is dismissed, the ability to recover preferential transfers disappears; whereas in a conversion, Section 547 enables the trustee to go back 90 days, or one year for insiders, to recover preferential transfers. Ironically, GPDEV/Simons argue that the existence of possible preferential transfers is a reason for the case to be dismissed,[6] even though they cannot be pursued if the case is dismissed.

    e. The strong-arm clause, Section 544(a), grants a bankruptcy trustee all of GPDEV/Simons' nonbankruptcy legal powers to recover property from the Debtor's transferees,

---

[5] *Creditors' Motion for Rule 37 Sanctions Against Debtor* ("the Motion for Sanctions"), Docket No. 87, filed by GPDEV/Simons.

[6] *GPDEV, LLC and Simons Exploration, Inc's Motion for Entry of an Order Dismissing this Chapter 11 Case with Prejudice,* Docket No. 41, pages 9 and 17)

on top of the trustee's other avoidance powers under Section 550 such as Section 547 preferential transfers and Section 548 fraudulent conveyances.

        f.      The Motion for Sanctions, ¶57-66, identifies three potential real properties that can be recovered: a beach house in Delaware, a house in Missouri, and a house in Florida. What if it turns out that one of those properties has a title defect unrelated to the fraudulent transfer – for example an old mortgage that has been paid off but not released, a flaw in the chain of title, or the like? Outside of bankruptcy, solving these title problems could pose a challenge for a creditor, and could likely delay a sale, however, a chapter 7 trustee can utilize Section 363 to sell the property free and clear of claims and interests, and then solve the title problem separately and more efficiently.

6.     If the creditors favoring dismissal have judgments whereas the creditors favoring conversion do not have judgments, that fact itself favors conversion because conversion enables all creditors to have equal access to the debtor's assets. In *Rollex,* the for example, the Fourth Circuit stated:

> "Rollex properly notes that if the Chapter 11 proceeding were to be converted to a Chapter 7 … all eight unsecured creditors would thereafter share in the assets of the estate on a pro rata basis … One the other hand, Rollex argues, under dismissal, the assets of the debtor would be seized under state law by the first to act, and that party, Associated Materials in this case, would probably obtain all the assets. **This scenario is precisely the kind of unequal access to assets which the bankruptcy laws intend to forestall**." (emphasis added).

14 F.3d at 243.

## **CONCLUSION**

     A chapter 7 trustee has a bigger tool chest than GPDEV/Simons, BSLS, or any other creditor, to recover and liquidate estate assets in a single forum. Conversion would immediately place an independent fiduciary in control of the Debtor's assets, including the ability to investigate

and pursue causes of action against insiders and stop any further dissipation of assets. A trustee owns the attorney client privilege, whereas the creditors must fight to overcome that privilege. A trustee can pursue preferences under Section 547; the creditors have no comparable rights if the case is dismissed. A trustee can sell property free and clear of liens under Section 363. The trustee has all the avoiding powers that GPDEV/Simons have, and more.

Equality of treatment of creditors is an important bankruptcy policy – a policy that is advanced in a conversion but not a dismissal. For the reasons set forth above, BSLS believes that conversion is in the best interests of all creditors and respectfully requests that this Court convert this case to a case under Chapter 7.

Dated: March 2, 2022
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

    */s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:   chipman@chipmanbrown.com

-and-

Cabot Christianson, Esq. (*pro hac vice* pending)
Law Office of Cabot Christianson, P.C.
911 West 8th Ave., Suite 201
Anchorage, AK 99501
Telephone: (907) 230-8160
Email: cabot@cclawyers.net

*Counsel to Bering Straits Logistics Services, LLC*