**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TEAM SYSTEMS INTERNATIONAL, LLC,[1] | ) Case No. 22-10066 (CTG) |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S APPLICATION FOR RETENTION OF
GELLERT SCALI BUSENKELL & BROWN, LLC AS COUNSEL TO
THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO SECTIONS 327(a),
328, 330, 331 AND 1107(b) OF THE BANKRUPTCY CODE
_NUNC PRO TUNC_ TO MARCH 7, 2022**

The above-captioned Debtor and Debtor-in-possession (the "Debtor") files this application seeking entry of an order pursuant to sections 327(a), 328, 330, 331 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of the law firm of Gellert Scali Busenkell & Brown, LLC ("GSBB") as counsel to the Debtor _nunc pro tunc_ to March 7, 2022 (the "Application") and respectfully represent as follows:

**BACKGROUND**

1. On January 18, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a Debtor and Debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

2. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the _Declaration of Deborah Evans Mott in Support of Debtor's Chapter 11 Petition and First Day Motion_ (the "Mott Declaration").

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

**JURISDICTION**

3. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**RELIEF REQUESTED**

5. By this Application, the Debtor seeks to employ and retain GSBB as their attorneys, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, under a general retainer to perform the legal services more fully set forth herein, *nunc pro tunc* to March 7, 2022.

6. On or about March 7, 2022, GSBB was retained by the Debtor as counsel to provide assistance with regard to the Chapter 11 case that had already been filed on their behalf. An engagement letter was executed on that day (the "Engagement Letter").

7. The Debtor's desire to retain GSBB as their counsel to provide such legal services as are necessary and requested by the Debtor, including, without limitation, bankruptcy and related litigation services in this chapter 11 case.

8. The Debtor selected GSBB to serve as bankruptcy counsel because of its attorneys' experience in the fields of debtors and creditors' rights, insolvency, debt restructuring and corporate reorganization and commercial law. In addition, GSBB has become familiar with the

Debtor's operations and business through the services it provided to the Debtor since the signing of the Engagement Letter. Accordingly, the Debtor believes that GSBB is both well qualified and able to represent them in this chapter 11 case.

9. GSBB may be requested to render the following services to the Debtor:

   (a) providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;

   (b) taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this chapter 11 case, including the prosecution of actions by the Debtor, the defense of actions commenced against the Debtor, negotiations concerning litigation in which the Debtor are involved and objecting to claims filed against the estate;

   (c) preparing on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this chapter 11 case;

   (d) counseling the Debtor with regard to their rights and obligations as debtor-in-possession;

   (e) appearing in Court and to protect the interests of the Debtor before the Court; and

   (f) performing all other legal services for the Debtor which may be necessary and proper in this proceeding.

10. GSBB works, and will continue to work, under the direction of the Debtor.

11. The Debtor may also seek to retain other professionals either through application to this Court or in the ordinary course.

12. Subject to court approval, and in accordance with § 330(a) of the Bankruptcy Code,

compensation will be payable to GSBB on an hourly basis, plus reimbursement of actual, necessary expenses incurred by GSBB. The professionals and para-professionals presently designated to represent the Debtors and the hourly rates to be charged for their services are disclosed in the Declaration of Ronald S. Gellert in Support of Debtor's Application for Retention of Gellert Scali Busenkell & Brown, LLC as Counsel to the Debtor and Debtor-in-Possession Pursuant to Sections 327(a), 328, 330, 331 and 1107(b) of The Bankruptcy Code, attached hereto as **Exhibit A** (the "Gellert Declaration"). The professionals and para-professionals at the Firm who will represent the Debtor have a range of hourly rates that the Firm charges for their services. Those hourly rates are subject to periodic adjustments to reflect economic and other conditions. These rates are still set at a level designed to fairly compensate GSBB for the work of its professionals and para-professionals and to cover fixed and routine overhead expenses.

13.     It is GSBB's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, , computerized research and transcription costs, as well as non-ordinary overhead expenses. GSBB believes that it is appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14.     The Debtor submits that the retention of GSBB under the terms described herein is appropriate under sections 327(a), 328 and 1107 of the Bankruptcy Code. Section 327(a) empowers the Debtor, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist [the Debtor] in carrying out [the Debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14)

of the Bankruptcy Code defines "disinterested person" as a person that:

    (a) is not a creditor, an equity security holder, or an insider;

    (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and

    (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

    15.    Section 1107(b) of the Bankruptcy Code provides that "a person *is* not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).  Further, to the best of the Debtor's knowledge, the attorneys of GSBB do not have any connection with the Debtor, its creditors or any other party in interest, or its attorneys, as reflected in the Gellert Declaration.  Accordingly, the Debtor believes GSBB is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

    16.    Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtor requests that GSBB be compensated for its fees pursuant to the terms of the Retainer Agreement and that GSBB receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtor in this case.

## **NOTICE**

    17.    Notice of this Application will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims; and (c) all parties that have requested notice pursuant to

Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

18. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested in the Application and such other and further relief as may be deemed just and proper.

Dated: March 8, 2022

                                        **Debtor and Debtor- in-Possession**
                                        Team Systems International, LLC

                               By:/*s/ Deborah Evans Mott*
                                        Name: Deborah Evans Mott
                                        Member of Management Committee