# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,[1]<br><br>Debtor. | )<br>) Chapter 11<br>) Case No. 22-10066 (CTG)<br>)<br>)<br>)<br>) |

**DECLARATION OF RONALD S. GELLERT
IN SUPPORT OF DEBTOR'S APPLICATION FOR RETENTION
OF GELLERT SCALI BUSENKELL & BROWN, LLC AS COUNSEL
TO THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO
SECTIONS 327(a), 328(c), 330, 331 AND 1107(b) OF THE
BANKRUPTCY CODE NUNC PRO TUNC TO MARCH 7, 2022**

Ronald S. Gellert certifies, pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of the law firm of Gellert Scali Busenkell & Brown, LLC located at 1201 N. Orange Street, Suite 300, Wilmington, Delaware 19801. I am an attorney-at-law, duly admitted and in good standing to practice in the States of Delaware and New Jersey and the Commonwealth of Pennsylvania. I submit this Declaration in connection with the application (the "Application") of the Debtor in the above-captioned case (the "Debtor") to retain Gellert Scali Busenkell & Brown, LLC ("GSBB"), as counsel to the Debtor and Debtor-in-Possession in this chapter 11 case, *nunc pro tunc* to March 7, 2022, and to provide the disclosures required under section 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. As a result of my firm's due diligence investigation of the Debtor, I have ascertained that if retained, GSBB:

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Accordingly, I believe GSBB is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

3. GSBB has reviewed the relationship that its attorneys have with the United States Trustee for the District of Delaware (the "U.S. Trustee") and those persons employed in the office of the U.S. Trustee, and I have determined that GSBB has no material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee.

4. In connection with the Debtor's proposed retention of GSBB, an extensive review of the Firm's connections (as that term is used in Bankruptcy Rule 2014(a)) (the "Connections Check") with the Debtor, creditors, the United States Trustee and any person employed in the Office of the United States Trustee, any other party-in-interest herein, and their respective attorneys and accountants (collectively, the "Case Parties") was conducted. For the purpose of compiling the list of Case Parties, GSBB utilized the creditor matrix, and interested party listing furnished by the Debtor against which to perform the Connections Check.

5. Attached hereto as **Schedule 1** is a list of the Case Parties that were checked against a database containing the Firm's connections. For the purpose of these Chapter 11 cases, only potential connections through the date hereof were checked. These connections were then reviewed to identify any relationship that would need to be disclosed in accordance with

Bankruptcy Rule 2014.

6. The Connections Check performed by the Firm included an email circulated to all GSBB attorneys alerting all professionals at the Firm to identify any connections with the Case Parties. As part of this circulation, the recipients were also requested to identify: (i) any connections to the U.S. Trustee or any person employed in that office, and (ii) their direct holding of any claims against or interests in the Debtor.

7. To the best of my knowledge after diligent inquiry, neither GSBB, any member of GSBB, nor any attorney associated with or employed by GSBB, has any "connection" (as that term is used in Bankruptcy Rule 2014(a)) with the Debtor herein, its creditors, any other party-in-interest herein, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

8. GSBB has been involved in a number of unrelated cases with various professionals involved in these cases, both in adverse and non-adverse roles. Moreover, my partners and I have a well-known reorganization and restructuring practice that encompasses the representation of many investors, financial institutions, and other persons and entities, some of which may become creditors or parties-in-interest in this Chapter 11 case, including, without limitation, potential acquirers of the Debtor's assets. Furthermore, as part of its practice, GSBB appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, some of whom may represent creditors, or other parties-in-interest, or themselves be creditors or parties-in-interest, in this Chapter 11 case. GSBB has not and will not represent any of these creditors, investors, potential acquirers, parties-in-interest, attorneys, financial advisors, accountants, or any other entity in connection with this Chapter 11 case.

9. To the extent that issues arise that would cause the Debtor to be adverse to any of

GSBB's clients such that it would not be appropriate for GSBB to represent the Debtor with respect to such matter, the Debtor will request that GSBB withdraw its appearance as counsel and request that the Debtor select a new bankruptcy counsel to represent the Debtor.

10. GSBB will file appropriate supplemental disclosure(s) with the Court to the extent that additional information concerning any connections is developed.

11. The Debtor may also seek to retain other professionals to perform services regarding discrete or specialized matters. GSBB intends to work closely with any other professional and the Debtor's senior management to ensure that there is no unnecessary duplication of services performed for, or charged to, the Debtor's estate. In the unlikely event any matters were, in the future, to give rise to a potential conflict with respect to matters that otherwise would have been handled by GSBB, another firm will handle such matters and GSBB will not be involved.

## GSBB'S COMPENSATION

12. The hourly fee that will be charged for services is GSBB's standard rate for bankruptcy legal work. The hourly rates are set at a level designed to compensate GSBB fairly for the work its attorneys and professional staff perform and to cover its fixed and overhead expenses. It is GSBB's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone toll charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, expenses for working meals, computerized research, third-party search and investigation charges, filing fees, and transcription costs. GSBB bills these expenses at cost to its clients and makes no profit from these expenses. GSBB believes that it is appropriate to charge these expenses to its clients as they incur them rather than increase its hourly rates and

thereby spread the expenses among all clients.

13. This Declaration is intended to comply with Bankruptcy Rule 2016(b). GSBB intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the administrative and other orders established by this Court.

14. Subject to Court approval, and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to GSBB on an hourly basis, plus reimbursement of actual, necessary expenses incurred by GSBB. The hourly billing rates as of March 7, 2022, of GSBB for this matter are as follows:

| | |
|---|---|
| Ronald S. Gellert | $475.00 |
| Associates/Of Counsel | $375.00-400.00 |
| Paraprofessionals | $105.00-210.00 |

These rates are subject to adjustment from time to time in the ordinary course of the GSBB's business. These rates are still set at a level designed to fairly compensate GSBB for the work of its professionals and para-professionals and to cover fixed and routine overhead expenses.

15. No promises have been received by GSBB or by any member or person associated with GSBB as to compensation in connection with this chapter 11 case other than in accordance with the terms of the Retainer Agreement and as discussed herein. In connection with this chapter 11 case, GSBB received a retainer of $150,000.00. GSBB is holding these funds in its attorney escrow account pending subsequent Court approval for payment.

16. GSBB further states that it has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than the members of GSBB, nor any compensation another party or party has received or may receive.

17. Based upon my review of the Debtor's creditor list and interested parties in these

cases, neither I, nor anyone associated with GSBB represents any known interest adverse to the Debtor or the estate in matters regarding which GSBB is to be engaged.  Moreover, GSBB does not represent or hold an interest adverse to the Debtor with respect to the services for which GSBB would be retained.

18. By reason of the foregoing, I believe GSBB is eligible for employment and retention by the Debtor pursuant to sections 327(a), 328(c), 330, and 331 of the Bankruptcy Code and the applicable Rules and Local Rules.

19. I hereby certify, under penalty of perjury, that the foregoing factual statements made by me are true to the best of my knowledge, information and belief.

Date: March 8, 2022   */s/ Ronald S. Gellert*
  Ronald S. Gellert (DE 4259)

## SCHEDULE 1

### Interested Parties

1. **Debtor**

    Team Systems International, LLC

2. **Debtor's Members**

    Deborah Evans Mott
    Steven Acosta
    Christopher Mott
    John Maciorowski

3. **Parties and Counsel to Material Pending Litigation**

    | | |
    |---|---|
    | GPDEV, LLC | M. Stephen Turner |
    | Simons Exploration, Inc. | Leonard Collins |
    | George Peterson | Rafael Lara |
    | Jordan Simons | Jeffrey D. Webb |
    | Federal Emergency Management Agency | Matthew Lane |

4. **Other Professionals**

    Bresky Law Firm
    The Smith Firm
    Venable LLP

5. **Other Creditors**

    CareFirst
    Lindsay Blee Americas LLC

6. **Contract Counter-Parties**

    Defense Logistics Agency

7. **United States Bankruptcy Judges in the District of Delaware**

    | | |
    |---|---|
    | Chief Judge Laurie Selber Silverstein | Judge Craig T. Goldblatt |
    | Judge Christopher S. Sontchi | Judge Karen B. Owens |
    | Judge Brendan L. Shannon | Judge J. Kate Stickles |
    | Judge Mary F. Walrath | Judge Ashley M. Chan |
    | Judge John T. Dorsey | |

**8.** **United States Trustees for the District of Delaware and Key Staff Members**

| | |
|---|---|
| T. Patrick Tinker | Jane Leamy |
| Lauren Attix | Hannah M. McCollum |
| David Buchbinder | Joseph McMahon |
| Linda Casey | Angelique Okita |
| Denis Cooke | James R. O'Malley |
| Joseph Cudia | Michael Panacio |
| Holly Dice | Linda Richenderfer |
| Shakima L. Dortch | Juliet Sarkessian |
| Timothy J. Fox, Jr. | Richard Schepacarter |
| Diane Giordano | Edith A. Serrano |
| Christine Green | Rosa Sierra |
| Benjamin Hackman | Karen Starr |
| Ramona Harris | Dion Wynn |
| Nyanquoi Jones | |

**9.** **Banks**

Artisans' Bank

**10.** **Government Authorities**

| | |
|---|---|
| Attorney General for the State of Florida | Internal Revenue Service |
| Attorney General for the State of Delaware | |