**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>TEAM SYSTEMS INTERNATIONAL, LLC,[1]<br>Debtor. | ) Chapter 11<br>)<br>) Case No. 22-10066 (CTG)<br>)<br>) RE: D.I. 116<br>) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(C), 364(B) AND 507 AUTHORIZING DEBTOR TO (A) OBTAIN POSTPETITION UNSECURED FINANCING FROM GALLEON LOGISTICS LLC; (B) MODIFYING THE AUTOMATIC STAY; AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**") of Team Systems International, LLC, the above-captioned debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105, 361, 362, 363(c), 364(b) and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of this interim financing order (the "**Interim DIP Order**"), and among other things:

    i.    authorizing the Debtor to obtain postpetition financing in an aggregate maximum principal amount of $75,000.00, (the "**Interim DIP Financing**"), on an unsecured basis pursuant to the terms and conditions of that certain postpetition term sheet in substantially the form attached hereto as Exhibit 1 (the "**DIP Term Sheet**"; together with any additional agreements, documents, instruments and certificates executed, and any orders entered in connection therewith, or otherwise delivered in connection

---

[1] The Debtor in this chapter 11 case has a last four digit federal tax ID of 8411. The location of the Debtor's service address in this chapter 11 case is 16192 Coastal Highway Lewes, Delaware 19958.

      therewith by the Debtor, collectively, the **"DIP Documents"),** as borrower, and entities controlled by Steven Acosta, as lender (the **"DIP Lender");**

ii.    authorizing the Debtor to execute and deliver the DIP Term Sheet and other DIP Documents and to perform such other and further acts as may be necessary or desirable in connection with the DIP Documents;

iii.    modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Orders, as applicable;

iv.    granting the relief requested in the Motion on a final basis and approving the form of notice with respect to the Final Hearing and the transactions contemplated by the Motion;

v.    approving of the Final DIP Order; and

vi.    the granting of related relief.

    The Court having considered the Motion, the terms of the DIP Term Sheet and the other DIP Documents, the *First Day Declaration of Deborah Mott* and the evidence submitted at the hearing held before this Court on March 9, 2022 to consider entry of this Interim DIP Order (the "<u>Interim Hearing</u>"); and in accordance with Bankruptcy Rules 2002, 4001, 6004, and 9014 and Local Rules 2002-1, 4001-2, and 9013-1, due and proper notice of the Motion and the Interim Hearing having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that approval of the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor pending the Final Hearing and is otherwise fair and reasonable and in the best interests of the Debtor, its creditors, its estate, and all other parties in interest; and essential for the continued operation of the Debtor's business; and all

objections, if any, to the entry of this Interim DIP Order having been withdrawn, resolved or overruled by the Court; and upon all of the proceedings had before this Court; after due deliberation and consideration, and for good and sufficient cause appearing therefor:

IT IS HEREBY FOUND:

A.   Unless otherwise indicated herein, all capitalized terms used but not defined herein shall have the meanings given in the Motion.

B.   On January 18, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a Debtor and Debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

C.   The Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D.   No official committee of unsecured creditors ("**Committee**"), as provided for under section 1102 of the Bankruptcy Code, has been appointed in this Chapter 11 Case.

E.   The Debtor has represented that notice of the Interim Hearing and the relief requested in the Motion has been provided by the Debtor, by telecopy, email, overnight courier and/or hand delivery, to: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the holders of the twenty largest unsecured claims against the Debtors (on a consolidated basis); (c) any parties asserting a lien on or a security interest in the assets of the Debtor to the extent reasonably known to the Debtor; and (d) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1 (collectively, the "**Notice Parties**"). Under the circumstances and given the nature of the relief sought in the Motion, such notice of the Interim Hearing and the relief requested in the Motion constitutes due, sufficient and appropriate

notice and complies with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001(b) and (c) and Local Rules 2002-1 and 4001-2.  The Court concludes that no further notice is necessary and that the form, scope and timing of notice of the Motion were adequate and sufficient under the circumstances.

F.     This Court has jurisdiction over this Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue for this Chapter 11 Case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

G.     The Debtor requires access to postpetition financing in an amount necessary to fund (i) the administrative costs of the Chapter 11 Case, and (ii) the pursuit of confirmation of a plan of reorganization.

H.     In light of the Debtor's circumstances, the Debtor is unable to obtain post-petition financing at terms more advantageous than the proposed DIP financing. The only viable source of secured credit available to the Debtor is the DIP Financing. The Debtor requires additional financing under the DIP Financing under the terms of this Interim DIP Order to satisfy its postpetition liquidity needs.

I.     The Debtor has requested immediate entry of this Interim DIP Order pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2). Good and sufficient cause has been shown for entry of this Interim DIP Order. An immediate need exists for the Debtor to obtain funds and liquidity in order to administer the Chapter 11 Case, and to preserve the value of its business and estate. The ability of the Debtor to finance its operations, to preserve and maintain the value of the Debtor's assets, and to maximize the return for all creditors requires the immediate availability of the DIP Financing. In the absence of the immediate availability of such funds and liquidity in accordance

with the terms hereof, the continued operation of the Debtor's business would not be possible and serious and irreparable harm to the Debtor and its estate and creditors would occur. Thus, the ability of the Debtor to preserve and maintain the value of its assets and maximize the return for creditors requires the availability of working capital from the DIP Financing. Accordingly, sufficient cause exists for the entry of this Interim DIP Order.

J. The DIP Lender will commit to providing DIP Financing in an amount necessary to fund the Debtor's retainer for counsel and their approved fees and expenses incurred during the administration of the Chapter 11 Case so as not to exceed the budget attached as Exhibit A to the DIP Term Sheet (as modified from time to time with the written consent of the DIP Lender in its sole discretion, but without need for further Court order, the "**Budget**"), submitted by the Debtor and acceptable to the DIP Lender and the Investor in an amount not exceeding $200,000.00 (the "**Stated Principal Amount**"), upon the terms and conditions set forth herein. Accordingly, after considering all of its practical alternatives, the Debtor has concluded, in an exercise of its sound business judgment, that the financing to be provided by the DIP Lender pursuant to the terms of this Interim DIP Order and the DIP Documents represents the best financing currently available to the Debtor.

K. Based on the record presented to this Court by the Debtor, the DIP Financing has been negotiated in good faith and at arm's length between the Debtor and the DIP Lender and any credit extended and loans made to the Debtor by the DIP Lender pursuant to the Interim DIP Order, and the DIP Documents (the "**DIP Obligations**") shall be deemed to have been extended, issued or made, as the case may be, in good faith within the meaning of, section 364(e) of the Bankruptcy Code and the DIP Lender shall have all of the protections thereunder.

L. Based on the record before this Court, it appears that the terms of this Interim DIP Order, including, without limitation, the terms of the DIP Financing are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

M. The Debtor has requested entry of this Interim DIP Order. The permission granted herein to obtain funds under the DIP Financing is necessary to avoid immediate and irreparable harm to the estate. This Court concludes that entry of this Interim DIP Order is in the best interests of the Debtor and its estate as its implementation will, among other things, enhance the prospects for a successful completion of the Chapter 11 Case.

N. Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, DETERMINED AND DECREED THAT:**[2]

1. <u>Motion Granted</u>. The Motion is granted on the terms and conditions set forth in this Interim DIP Order, with the foregoing findings incorporated herein by reference. Any objections to the Motion that have not previously been withdrawn or resolved are hereby overruled. This Interim DIP Order shall be valid and binding on all parties-in-interest and fully effective immediately upon entry.

2. <u>Authorizations</u>. The Debtor is hereby authorized to execute and enter into the DIP Documents. The DIP Term Sheet, the other DIP Documents and this Interim DIP Order shall govern the financial and credit accommodations to be provided to the Debtor by the DIP Lender as described herein; *provided* that in the event of a conflict between the DIP Documents and the

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact.

Interim DIP Order, the Interim DIP Order shall control. The Debtor is hereby authorized to borrow money pursuant to the DIP Term Sheet up to $75,000.00 on an interim basis.

3. The DIP Financing IS INTENDED TO FUND THE RETAINER OF GSBB AND IS EARMARKED FOR THAT PURPOSE and may be used in accordance with the terms of this Interim DIP Order and the DIP Term Sheet (and subject to the Budget (defined below)) to fund the retainer of GSBB for its approved chapter 11 fees and expenses incurred during the pendency of the Chapter 11 Case. The DIP funds shall be delivered to and held in GSBB's attorney client escrow account.

4. In furtherance of the foregoing and without further approval of this Court, the Debtor is authorized to perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements, mortgages and financing statements), that may be reasonably required to ensure the performance of the Debtor's obligations under the DIP Financing, including, without limitation:

(i) the execution, delivery and performance of the DIP Documents, including, without limitation, the DIP Term Sheet, and any agreements contemplated thereby;

(ii) the execution, delivery and performance of one or more amendments, waivers, consents or other modifications to and under the DIP Documents, in each case in such form as the Debtor and the DIP Lender may agree; *provided,* that written notice of any material modification or amendment to the DIP Documents shall be filed on the docket of the Chapter 11 Case and shall be served upon (i) the Debtor's twenty (20) largest unsecured creditors, (ii) the U.S. Trustee, (iii) counsel to the Debtor, (iv) counsel to the DIP Lender (collectively, the "**Notice Parties**") each of whom shall have ten (10) days from the date of service of such notice within which to object in writing to such modification or amendment. If any Notice Party (or any other party in interest with requisite standing) timely objects to any such material modification or amendment to the DIP Documents, such modification or amendment shall only be effective pursuant to an order of this Court; and

  (iii) the performance of all other acts required under or in connection with the DIP Documents.

5. Upon execution and delivery of the DIP Term Sheet and the other DIP Documents, such DIP Documents shall constitute valid, binding and non-avoidable obligations of the Debtor enforceable against the Debtor in accordance with their respective terms and the terms of this Interim DIP Order for all purposes during the Chapter 11 Case, any subsequently converted case of the Debtor under chapter 7 of the Bankruptcy Code or after the dismissal of any such case. No obligation, payment, transfer or grant of security under the DIP Term Sheet, the other DIP Documents or this Interim DIP Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable law (including without limitation, under sections 502(d), 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

6. <u>Borrowing</u>. Subject to the agreed Budget and solely in compliance therewith and subject further to the terms and conditions of this Interim DIP Order and the DIP Documents, (a) the DIP Lender will provide the DIP Financing in accordance with the terms of the DIP Documents, and (b) the Debtor is authorized to use DIP Financing in accordance with the terms of this Interim DIP Order. The Budget may be modified from time to time by the Debtor with the consent of the DIP Lender in its sole discretion, but without need for further Court order; provided that any increase in the Budget above the Stated Principal Amount shall also require the consent of the Prepetition Lenders.

7. <u>Interest, Fees, Costs and Expenses</u>. The DIP Obligations shall bear interest at an interest rate of ten percent (11%) per annum as provided in the DIP Term Sheet unless the Debtor confirms a Plan on or before June 30, 2022, in which case the DIP Financing will be converted to

new equity as part of the Chapter 11 Plan which percentage of equity shall only be provided in an amount reflecting a reasonable proportionate market rate.

8. <u>Event of Default.</u> Each of the following events, unless waived by the DIP Lender in writing, shall constitute an "**Event of Default**":

    (i)    the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

    (ii)    the death of the Borrower or Lender;

    (iii)    the application for the appointment of a receiver for the Borrower;

    (iv)    the making of a general assignment for the benefit of the Borrower's creditors;

    (v)    a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

9. If any of the foregoing events of default occur, the DIP Term Sheet and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice.

10. <u>Termination of the DIP Financing</u>. The DIP Lender's agreement to provide the DIP Financing in shall immediately and automatically terminate (except as the DIP Lender may otherwise agree in writing in its reasonable discretion,), upon the earliest to occur of any of the following: (i) June 30, 2022; (ii) the date of final payment and satisfaction in full in cash of the DIP Obligations; (iii) the entry of an order by the Court granting a motion by the Debtor to obtain additional financing from a party other than DIP Lender under section 363 or 364 of the Bankruptcy Code; (iv) the dismissal of the Chapter 11 Case or the conversion of the Chapter 11 Case into a case under chapter 7 of the Bankruptcy Code; (v) the applicable DIP Order is stayed, reversed, vacated, amended or otherwise modified in any respect without the prior written consent

of the DIP Lender (which consent may be withheld in its reasonable discretion); (vi) the Effective Date of the Plan; or (vii) upon five (5) business days' written notice of any Event of Default.

11. Subject to the terms of this Interim DIP Order and any interim compensation order entered by the Court, the DIP Lender shall be obligated to fund and the Debtor shall be permitted to pay compensation and reimbursement of reasonable fees and expenses of the Estate Professionals allowed and payable under sections 328, 330 or 331 of the Bankruptcy Code, as the same may be due and payable, that constitute pre-Termination Date expenses and such payments shall not reduce or be deemed to reduce the post-Termination Date fees and expenses.

12. If any or all of the provisions of this DIP Order are hereafter reversed or modified the DIP Lender shall be entitled to all the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code, this DIP Order and pursuant to the DIP Documents with respect to all uses of the DIP Obligations.

13. <u>Covenants</u>. Unless otherwise modified pursuant to this Interim DIP Order, the Debtor acknowledges and agrees that it shall cause the timely compliance with all of the covenants set forth in this Interim DIP Order and the DIP Documents.

14. <u>No Modification of DIP Orders</u>. The Debtor shall not, without the DIP Lender's prior written consent (which shall be given or refused in the DIP Lender's sole discretion) seek to modify, vacate or amend the DIP Orders or any DIP Documents.

15. <u>Binding Effect on Successors and Assigns</u>. The DIP Documents and the provisions of the DIP Orders, including all findings herein, shall be binding upon all parties-in-interest in the Chapter 11 Case, including, without limitation, the Committee, if any, the Debtor, the Prepetition Lender, the DIP Lender and each of their respective successors and assigns, including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtor's estate, an examiner

appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor) and shall inure to the benefit of the DIP Lender, the Debtor, and each of their respective successors and assigns, *provided, however,* that the DIP Lender and the Prepetition Lenders shall have no obligation to extend any financing to any chapter 7 or chapter 11 trustee or similar responsible person appointed for the estate of the Debtor. In determining to make any loan (whether under the DIP Promissory Note or otherwise) or in exercising any rights or remedies as and when permitted pursuant to the DIP Orders or the DIP Documents, the DIP Lender shall not (i) be deemed to be in control of the operations of the Debtor, (ii) owe any fiduciary duty to the Debtor, its creditors, shareholders or estate or (iii) be deemed to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601, et seq., as amended, or any similar federal or state statute).

16. <u>Effectiveness</u>. This Interim DIP Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024, any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, the Interim DIP Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim DIP Order.

17. <u>Waiver of any Applicable Stay</u>. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Interim DIP Order.

18. <u>Timeliness</u>. Time is of the essence with respect to all performance required by this Interim DIP Order.

19. <u>Objections Overruled or Withdrawn</u>. All objections to the entry of the Interim DIP Order have been withdrawn or are hereby overruled.

20. <u>Controlling Effect of Interim DIP Order</u>. To the extent any provisions in this Interim DIP Order conflict with any provisions of the Motion, or any DIP Document the provisions of this Interim DIP Order shall control.

21. <u>Final Hearing</u>.

(a) The Final Hearing to consider entry of the Final DIP Order and final approval of the DIP Financing is scheduled for TBD at the United States Bankruptcy Court for the District of Delaware.

(b) On or before two (2) business days after entry of this Interim DIP Order, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim DIP Order and of the Final Hearing (the "**Final Hearing Notice**"), together with copies of this Interim DIP Order and the Motion, on: (a) the Notice Parties; (b) to any other party that has filed a request for notices with this Court prior to such date; (c) to any Committee after the same has been appointed, or Committee counsel, if the same shall have been appointed; (d) the Internal Revenue Service; (e) the state taxing authorities in any state in which the Debtors do business; (f) any federal or state regulatory authorities governing the Debtors' industry; (g) the U.S. Attorney's Office; (g) the Delaware Attorney General; and (h) the U.S. Trustee. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final DIP Order shall file written objections

with the Clerk of the Court no later than TBD, which objections shall be served so that the same are received on or before such date by: (a) proposed counsel for the Debtor, Ronald Gellert, Gellert Scali Busenkell & Brown LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801 (rgellert@gsbblaw.com); (b) Galleon Logistics LLC; and (c) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard Schepacarter.

(c) Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this Interim DIP Order according to its terms.

22. Subordination. For the avoidance of doubt, and without regard to whether the case is converted to one under chapter 7, the debtor's obligations under the DIP loan approved herein shall be subordinated to all allowed general unsecured claims in this bankruptcy case. These obligations shall not be repaid unless and until all such allowed general unsecured claims are paid in full.

Dated: March 17, 2022

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE