**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | |

**PRELIMINARY OBJECTION OF THE CHAPTER 7 TRUSTEE TO PROOF OF CLAIM FILED BY BERING STRAITS LOGISTICS SERVICES, LLC**

George L. Miller, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estate of Team Systems International, LLC (the "Debtor"), files this Preliminary Objection to Proof of Claim No. 1 (the "Proof of Claim") filed by Bering Straits Logistics Services, LLC (the "Alleged Claimant" or "Bering" or "Subcontractor").

## BACKGROUND

1. On January 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 31, 2022 (the "Conversion Date"), the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code. On the Conversion Date, George L. Miller was appointed as chapter 7 trustee of the Debtor.

3. The section 341(a) meeting of creditors is scheduled for April 28, 2022 at 10:00 a.m.

4. On January 26, 2022, the Debtor filed its schedules of assets and liabilities [Dkt. No. 28], which did not identify the Alleged Claimant as holding a claim. On February 4, 2022, the Debtor filed an Amended Schedule F, and scheduled the Alleged Claimant as holding a contingent claim.

5. On February 7, 2022, Bering filed the Proof of Claim in the amount of $1,516,745.69.

6. Prior to the Petition Date, Bering and the Debtor entered into a Basic Ordering Agreement dated as of September 28, 2017 ("BOA"). The BOA is attached to the Proof of Claim as Attachment 1. The BOA provides terms and conditions that will apply to Work Orders. Each Work Order is intended to be a separate contract. *See* 2nd Whereas clause of BOA.

7. Section 3 of the BOA provides: "The specific details of the scope of services under this BOA shall be specified in writing in Work Orders. Each Work Order will include, as appropriate, the scope of services, time line, and budget and payment schedule."

8. Section 8 of the BOA, "Credit/Reimbursement for Disallowed Costs" provides:

> To the extent any costs billed by a Subcontractor are disallowed by Prime Contractor's client as unallowable or otherwise improper under the terms of the Prime Contractor's Prime Contract, Prime Contractor shall not be required to compensate Subcontractor for such costs. **If Prime Contractor has already paid Subcontractor for any such disallowed costs, then Subcontractor will reimburse Prime Contractor for all such costs**, provided, however, that Subcontractor shall not be required to reimburse Prime Contractor if the particular cost principle which makes the cost disallowable also contains a provision which prohibits the obligation to pay the cost from being conditional on government allowability.

BOA, Section 8 (emphasis added).

9. Section 9 of the BOA makes Prime Contractor's receipt of payment from the government under the Prime Contract for such work a condition precedent to paying Subcontractor.

10. Alleged Claimant and the Debtor also entered into a Work Order to the Basic Ordering Agreement dated as of October 5, 2017 that identifies itself as Work Order Number: 01 ("Work Order 1"). Work Order 1 is attached to the Proof of Claim as Attachment 2.

11. Work Order 1 at Section 2 provides – "**Period of Performance**: October 6, 2017 – November 6, 2017."

12. Section 3 of Work Order 1 provides pricing and indicates how the Subcontractor will be paid. It provides that Subcontractor "shall be paid" as follows: for "Bottled Water" at "$0.42 per liter" and for "Transportation to Puerto Rico Facility" at "Original Supplier Cost + 6% NTE $.62/LITER."

13. Section 5 of Work Order 1 addresses invoicing and provides that invoices must include the following data:

- Original Supplier Invoice / BOL to include Printed Name and Signed by FEMA Agent at Delivery Site in PR
- The applicable Prime Contract number.
- The applicable Basic Ordering Agreement (BOA) number and WO number.
- Period of Performance covered by invoice.
- Quantity and Unit Price.
- Current amount invoiced.

Section 5 also makes it clear that Subcontractor will not be paid until Prime Contractor is paid.

14. Section 9 of Work Order 1 provides that "Changes made to this Work Order shall be incorporated by written modification only and shall not be binding unless signed by the designated Contractual Representatives of both parties."

15. There were no modifications to Work Order 1 attached to the Proof of Claim. Work Order No. 1 is the only Work Order attached to the Proof of Claim and all of the invoices attached to the Proof of Claim relate to Work Order No. 1. *See* Attachment 4.

16. The Proof of Claim attaches a summary of invoices and payments (Attachment 3) (the "<u>Summary</u>") and copies of the invoices (Attachment 4). The Summary alleges that Bering

submitted invoices totaling $13,199,992.00, that Bering received payments from the Debtor in the amount of $11,683,246.31, and that Bering is owed $1,516,745.69.

## PRELIMINARY OBJECTION

17. The Trustee objects to the Proof of Claim, on a preliminary basis, for the following reasons:

- the invoices attached to the Proof of Claim do not contain any Original Supplier Invoice or Bills of Lading signed by FEMA evidencing delivery (as required by Work Order 1) to enable the Trustee to verify the amounts sought therein;

- it is unclear whether any amounts paid to Bering were amounts for disallowed costs for which Bering would be required to reimburse the Debtor;

- four of the five invoices are for periods subsequent to the Period of Performance specified in Work Order 1, namely, October 6, 2017 – November 6, 2017;

- the last three invoices are for storage and fees totaling $474,691.36, which are not services identified in Work Order 1;

- as the final payment the Debtor received from FEMA appears to be in June 2019, and the last invoice from Bering is dated July 2, 2019, the Debtor would not be required to pay the last invoice totaling $53,589.66 because it would not have been paid by FEMA or DHS; and

- several of the invoices also contain insurance charges from Marsh &McLennan under two different Pricing line items which do not appear to be reimbursable in accordance with Work Order 1 (the insurance charges under Transportation total $30,200 and the under Storage and Fees total $24,965.12).

## RESERVATION OF RIGHTS

18. As indicated, this Preliminary Objection to the Proof of Claim is preliminary in nature and the Trustee is continuing to investigate the Proof of Claim and any objections or defenses thereto, as well as any claims, or causes of action the Trustee or the Debtor's estate may have against the Alleged Claimant. For example, to the extent Alleged Claimant is unable to

provide evidence to support the alleged transportation fees it incurred and for which the Debtor has already paid, the Debtor's estate may hold claims in excess of $7 million against Alleged Claimant, far more than the $1.5 million sought in the Proof of Claim.  Further, if the Debtor was never paid by FEMA or DHS for any of the $11,683,246.31 it paid to Alleged Claimant and/or certain of the amounts paid by Debtor to Alleged Claimant were disallowed by FEMA, Alleged Claimant is required to reimburse the Debtor for such amounts.  The Trustee reserves the right to amend or supplement this Objection and/or to file additional objections to the Proof of Claim or any other claims filed or asserted by the Alleged Claimant on any and all grounds available. Nothing herein shall be a waiver of any such objections or any other claim or cause of action the Trustee may assert against Alleged Claimant.

19. The Trustee, on behalf of himself, the Debtor and its estate, expressly reserves all claims, counterclaims, defenses, rights, remedies and arguments as to any party, including the Alleged Claimant.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining this Preliminary Objection, (b) determining that the Proof of Claim is disputed, (c) requiring Bering to provide Original Supplier Invoices and Bills of Lading signed by FEMA evidencing delivery to substantiate its claim, and (d) granting the Trustee such other and further relief as is just and proper.

Dated: April 28, 2022

**ARCHER & GREINER, P.C.**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
aroot@archerlaw.com

*Proposed Counsel for the Chapter 7 Trustee*

224099752v2