**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Team Systems International, LLC, | ) | Case No. 22-10066 (CTG) |
| | ) | |
| *Debtor.* | ) | |

**REPORT OF DISPUTED ELECTION OF CHAPTER 7**
**TRUSTEE SUBMITTED BY UNITED STATES TRUSTEE**

Andrew R. Vara, United States Trustee for Regions 3 and 9 ("U.S. Trustee"), in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), submits the following report regarding the election of a Chapter 7 trustee in the above-captioned cases.

**I.       Introduction**

1.       On April 28, 2022, at the initial and regularly scheduled first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Meeting"), the U.S. Trustee presided over a disputed election of a Chapter 7 trustee in the Team Systems International, LLC, bankruptcy case.  After a disputed election, the U.S. Trustee files a report of disputed election, informing the court of the nature of the dispute.  Fed.R.Bank.P. 2003(d)(2).  Parties have 14 days after the report is filed to file a motion for resolution of the dispute; if no such motion is filed within the timeframe, the interim trustee remains in office.  *Id.*

2.       A permanent trustee is elected if (a) at least 20% in amount of claims specified in 11 U.S.C. §702(a)(1) that are held by creditors entitled to vote under §702(a) request an election (defined herein as the "Universe of Claims"); (b) creditors holding at least 20% in amount of the Universe of Claims actually vote; and (c) the candidate receives the majority in amount of eligible claims actually voting for a trustee.

3.      While the election itself included several disputes, there is only one dispute that will impact the result: whether the claims filed by GPDEV, LLC ("GPDEV") and Simons Exploration, Inc. ("Simons," and collectively with GPDEV, the "Judgment Creditors") are eligible to vote.  If the Judgment Creditors are eligible to vote, Donald Workman, Esq., of BakerHostetler, with an address at 1201 N. Market St., 14th Floor, Wilmington, DE 19801, the Judgement Creditor's nominee,[1] will be the elected trustee.  If the Judgment Creditors are not eligible to vote, George L. Miller, of Miller Coffey Tate LLP, 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, PA 19103, the Interim Trustee, will remain the trustee.[2]

## II.    Background

4.      On January 18, 2022, the Debtor filed a voluntary chapter 11 petition.  (D.I. 1).

5.       On March 31, 2022, this Court entered an Order Converting Chapter 11 Case to a Chapter 7 Case.  (D.I. 151).

6.      The U.S. Trustee appointed Mr. Miller as the Interim Trustee that same day.  (D.I. 152).

7.      The Clerk of the Bankruptcy Court filed a "Notice of Chapter 7 Bankruptcy Case" on April 1, 2022 (D.I. 154), which among other things set the date of the Meeting as April 28, 2022.  A copy of the Chapter 7 Notice is attached as Exhibit A.

---

[1] The Interim Trustee reserved objection to the qualifications of Mr. Workman to serve as Trustee.

[2] The Smith Firm, a creditor, nominated Mr. Miller as a precaution that such nomination was necessary to have Mr. Miller continue as Trustee.  The Judgment Creditors objected to having Mr. Miller be nominated.  A vote on Mr. Miller's nomination was taken; the results of that vote would depend upon resolution of various objections to claims.  However, if the Judgment Creditors hold claims that are ineligible to vote, there would be no call for an election, and Mr. Miller would remain as the trustee.  As such, this Court need not resolve those disputes.

8.      The Debtor filed Schedules and Statements of Financial Affairs on January 26, 2022.  (D.I. 28 & 29).  A copy of the Schedules is attached as Exhibit B.  Amended Schedules were filed on February 4, 2022, which added an additional unsecured creditor.  (D.I. 56).  A copy of the Amended Schedules is attached as Exhibit C.

9.      The Schedules and Amended Schedules list the following creditors:

| Creditor Name | Claim Amount | Disputed/Contingent/Unliquidated |
|---|---|---|
| Bresky Law Firm | $4,000.00 | |
| CareFirst | $5,928.67 | |
| GPDEV, LLC | $3,297,995.32 | C/U/D |
| Lindsay Blee Americas LLC | $96,431.00 | |
| Simons Exploration | $2,948,080.46 | C/U/D |
| The Smith Firm | $2,000.00 | |
| Venable LLP | $24,000.00 | |
| Bering Straits Logistic Services | $1,500,000.00 | C |

10.     Four proofs of claim were filed prior or during the 341 Meeting.  A copy of the claims register is attached hereto as Exhibit D.  Claim Number 2, filed by the IRS, in the amount of $24,360.00 is not the subject of an objection.

11.     Bering Straits Logistics Services, LLC, filed proof of claim number 1 on February 7, 2022, in the amount of $1,516,745.69.  A copy of that claim is attached as Exhibit E.  The Interim Trustee filed an objection to that claim on April 28, 2022.  (D.I. 166).  A copy of the objection is attached as Exhibit F.

12.     GPDEV filed proof of claim number 3 on April 27, 2022, in the amount of

$3,297,995.32.  A copy of that claim is attached as Exhibit G.  The Interim Trustee filed an

objection to the claim on April 28, 2022.  (D.I. 164).  A copy of that objection is attached as

Exhibit H.

13.     Simons filed proof of claim number 4 on April 27, 2022, in the amount of

$2,948,080.46.  A copy of that claim is attached as Exhibit I.  The Interim Trustee filed an

objection to the claim on April 28, 2022.  (D.I. 165).  A copy of that objection is attached as

Exhibit J.

14.     Due to the Covid-19 pandemic, the Meeting was held telephonically.  The Interim

Trustee presided.  The Meeting commenced at approximately 2:30 p.m., and the Interim Trustee

opened.  Steven Acosta appeared for the Debtor, along with counsel.  The Judgment Creditors

requested an election of a permanent trustee.  The U.S. Trustee presided over the election.

15.     The request for an election was made by both Judgment Creditors.  A

representative appeared on behalf of each Judgment Creditor, along with counsel.  No other

creditor joined the request for an election.

16.     The following additional creditors appeared at the Meeting: Bering Straits,

Lindsay Blee Americas LLC, The Smith Firm, and the Bresky Firm.  Each of the creditors other

than Linsday Blee Americas LLC appeared through a representative.  Lindsay Blee Americas

LLC appeared through counsel, who provided a proxy during the Meeting.[3]

**II.     Did a Quorum Request an Election?**

17.     Section 702 of the Bankruptcy Code provides that creditors may elect a trustee if

---

[3] The Judgment Creditors asserted an objection to the proxy, pending the ability to review it.  The resolution of whether the proxy is valid will not affect the outcome.

"election of a trustee is requested by creditors that may vote under subjection (a) of this section, and that hold at least 20 percent amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section."

18.     Thus, in order to determine if an election request is sufficient, the Court first must determine the Universe of Claims, *i.e.* those claims entitled to vote under 11 U.S.C. § 702(a). Next, the Court has to determine if the creditors requesting an election hold claims aggregating 20% of the amount of the Universe of Claims.  *See* 11 U.S.C. § 702(b).

19.     Section 702(a) provides that creditors are eligible to vote if (a) they hold an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h) or 766(i) of this title; (b) they do not hold an interest materially adverse to the interests of creditors entitled to a distribution, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor; and (c) is not an insider.

20.     Federal Rule of Bankruptcy Procedure 2003(b)(3) provides that a creditor that has filed a proof of claim at or before the 341 meeting may vote unless an objection is made to the claim or if the claim is insufficient on its face.

21.     The U.S. Trustee respectfully submits that *In re Michelex Ltd.*, 195 B.R. 993 (Bankr. W.D. Mich. 1996) is instructive on how to determine the Universe of Claims.

(a)     Under the *Michelex* method, one starts with the general unsecured non-priority claims, as listed in the debtor's Schedule F (unsecured non-priority claims), excluding any claims listed as contingent, unliquidated or disputed, and further excluding claims that would be ineligible to vote under 11 U.S.C. § 702(a)(2) and (a)(3).  There are five scheduled claims that meet this requirement, as set forth in the chart below.

5

(b)    Next, the Schedule F claims are then adjusted using proofs of claim or other qualifying writings filed before or at the meeting of creditors that are eligible under § 702(a), unless the proof of claim or other writing is insufficient on its face.  *See* Fed.R.Bankr.P. 2003(b)(3).  There were four proofs of claim filed prior to the Meeting. A claim is also excluded if it has been objected to and the objection has not been adjudicated or otherwise resolved.[4]  *Id.*  The result of this analysis is the Universe of Claims.

22.    After calculating the Universe of Claims, it must be determined whether a request for election has been made by the holders of twenty percent or more of the amount of the Universe of Claims.

---

[4] Because of the close proximity of the filing of the Judgment Creditors' proofs of claim and the objections thereto, whether the Judgment Creditors' claims are ineligible on the basis of the objections is an issue of dispute.

23.    The claims that are potentially entitled to vote under Section 702(a) are:

| Creditor Name | Claim Amount |
|---|---|
| Bresky Law Firm (scheduled) | $4,000.00 |
| CareFirst (scheduled) | $5,928.67 |
| Lindsay Blee Americas LLC (scheduled) | $96,431.00 |
| The Smith Firm (scheduled) | $2,000.00 |
| Venable LLP (scheduled) | $24,000.00 |
| IRS (Claim No. 2) | $24,360.00 |
| Bering Straits (Claim No. 1) | $1,516,745.69 |
| GPDEV (Claim No. 3) | $3,297,995.32. |
| Simons (Claim No. 4) | $2,948,080.46 |

24.    If each of these claims are entitled to vote, the Universe of Claims equals $7,919,541.14.  Twenty percent of the Universe of Claims would equal $1,583,908.23.  The claims held by the requesting creditors total $6,246,075.79.  Thus, if the Judgment Creditors' claims are entitled to vote in an election, their claims would equal more than 20% of the Universe of Claims, and a valid election had been requested.

25.    Conversely, if the Judgment Creditors' claims are ineligible to vote, because no other creditor requested an election, there would be no valid request for an election, and Mr. Miller would remain the case trustee.

26.    The Interim Trustee and the Debtor interposed objections to the claims of Bering Strait.  If this objection were sustained, the Universe of Claims would be reduced.  Nevertheless,

the Judgment Creditors' claims would still exceed 20% of the Universe of Claims.  Thus, it is

unnecessary for the Court to determine if the Bering Strait claim is an eligible claim at this point.

27.    The Interim Trustee and the Debtor objected to the right of the Judgment

Creditors to vote on the basis that (a) they were listed in the schedules as unliquidated,

contingent and disputed; (b) objections have been filed to both claims; (c) the creditors have

appeared to assert that the claims are secured in previous court filings; and (d) the creditors have

interests materially adverse to other general unsecured claims. In addition, the Interim Trustee

cited the case of *In re Williams*, 277 B.R. 114, 119-20 (Bankr. C.D.Cal. 2002) for the proposition

that a judgment creditor whose judgment is on appeal holds a "disputed" and thus ineligible

claim.

28.    The U.S. Trustee inquired whether the Judgment Creditors asserted a security

interest in property of the debtors securing the claims set forth in the proofs of claim.  Counsel

for the creditors stated that they did not.  The U.S. Trustee further inquired whether the Judgment

Creditors asserted a right to payment prior to distributions to general unsecured creditors.

Counsel for the Judgment Creditors stated that they did not assert a priority in distribution as to

the claims asserted in the proofs of claim, but reserved rights to assert priority claims for other

amounts.  Both the Interim Trustee and the Debtor further objected to the Judgment Creditors'

eligibility to vote on the basis that their potential administrative expense claims create an interest

materially adverse to unsecured creditors.

## III.    The Election Process

29.    In order to vote, a claim must both qualify for purposes of determining the

Universe of Claims, and a proof of claim or other writing asserting the claim must be filed with

the court.  Fed.R.Bankr.P. 2003(b)(3).   Creditors having the right to vote their claims are

referred to herein as "Eligible Creditors."

30.     As indicated above, at the Meeting, objections were interposed only to the Judgment Creditors' and the Bering Strait claims.   In addition, the Judgment Creditors asserted an objection to the proxy provided by Lindsay Blee Americas LLC.

31.     The chart below sets forth the results of the election for Mr. Workman:

| Creditor Name | Claim Amount | Vote On Mr. Workman |
|---|---|---|
| Bresky Law Firm (scheduled) | $4,000.00 | Nay |
| Lindsay Blee Americas LLC (scheduled) | $96,431.00 | Nay |
| The Smith Firm (scheduled) | $2,000.00 | Nay |
| Bering Straits (Claim No. 1)[5] | $1,516,745.69 | Nay |
| GPDEV (Claim No. 3) | $3,297,995.32. | Yea |
| Simons (Claim No. 4) | $2,948,080.46 | Yea |

32.     The total of the claims actually participating in the election is $7,865,252.47.   The Judgment Creditors claims equal $6,246,075.79, or 79.4% of the votes, thereby electing Mr. Workman.   If either the objection to the Bering Strait claim or the Lindsay proxy were sustained, the Judgment Creditors' votes would still be sufficient to elect Mr. Workman.

33.     If the Judgment Creditors' claims are ineligible, there would be no election properly requested.   Nevertheless, the U.S. Trustee conducted a vote for Mr. Miller, as the candidate nominated by The Smith Firm as a precautionary measure.   All of the creditors, other

---

[5] If the objection interposed to the Bering Straits claim were sustained, but the objections to the Judgment Creditors' claims were overruled, the Universe of Claims would be reduced to $6,348,506.78. The Judgement Creditors' claims would then equal 98% of the voting claims, and Mr. Workman would be elected.  As such, there is no need to determine if Bering Straits holds an eligible claim.

than the Judgment Creditors, voted to elect Mr. Miller.  Thus, the vote would be 100% for Mr.

Miller if the Judgement Creditors' votes were ineligible.  However, if the objections to both the

Bering Straits claim and the Lindsay proxy were sustained, there would not be a sufficient

quorum to hold the election.  In that case, the Interim Trustee, *i.e.* Mr. Miller, would remain the

case trustee.  Therefore, there is no need to resolve this dispute.

34.     The U.S. Trustee advised the parties present that the election was disputed and

therefore the Interim Trustee would continue to serve as interim trustee until such time as all

disputes regarding the election were resolved by the Court.

35.     Pursuant to Fed.R.Bankr.P. 2003(d)(2), if a motion for the resolution of the

election dispute is not filed within fourteen (14) days of the date the United States Trustee's

Report is filed, the Interim Trustee shall serve as the permanent trustee in these cases.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE, REGIONS 3 and 9**


Dated: May 3, 2022     **BY:**   Linda J. Casey
                                 Linda J. Casey, Esquire
                                 Trial Attorney
                                 J. Caleb Boggs Federal Building
                                 844 King Street, Suite 2207, Lockbox 35
                                 Wilmington, DE 19801
                                 (302) 573-6491
                                 (302) 573-6497 (Fax)
                                 Linda.Casey@usdoj.gov