**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 22-10066-CTG |

**CREDITORS' JOINT MOTION FOR RESOLUTION**
**OF DISPUTED CHAPTER 7 TRUSTEE ELECTION**

Unsecured creditors, GPDEV LLC ("**GPDEV**") and Simons Exploration, Inc. ("**Simons**"), by and through their undersigned counsel, file this *Creditors' Joint Motion for Resolution of Disputed Chapter 7 Trustee Election* (the "**Motion**"), and in support respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are 11 U.S.C. § 702, Bankruptcy Rules 2001(d), 2003(d)(2), 2006, and 2008.

**FACTUAL AND PROCEDURAL BACKGROUND**

5. In August of 2017, GPDEV and Simons entered a contract with the Debtor, Team Systems International, LLC ("**TSI**"). Pursuant to the agreement (and as later determined by the jury) GPDEV and Simons were to receive twenty five percent (25%) of the net amounts of income TSI received from amounts invoiced to and paid to by the agencies and or customers for the sale and delivery of ordered water from Nestle and Niagara Water.

**I.      Creditors' Judgments Against the Debtor for Over $6 Million**

6.      After TSI failed to pay the contracted amounts owed upon demand, GPDEV and Simons filed suit on September 21, 2018, in the United States District Court for the Northern District of Florida (the "**District Court**") styled as *GPDEV, LLC and Simons Exploration, Inc. v. Team Systems International, LLC* (Case No. 18-cv-00442-RH-MAF) (the "**TSI Lawsuit**").

7.      The TSI Lawsuit resulted in the entry of a Final Judgment dated September 28, 2021, in favor of GPDEV and Simons.  See GPDEV Claim 3-1; Simons Claim No. 4-1.

8.      The Final Judgment awarded GPDEV $3,297,995.32, consisting of $2,770,855.00 in principal, plus $527,140.32 as prejudgment interest through August 25, 2021, together with post-judgment interest after August 25, 2021, as provided by law.

9.      The Final Judgment awarded Simons $2,948,080.46, consisting of $2,483,722.00 in principal, plus $464,358.46 as prejudgment interest through August 25, 2021, together with post-judgment interest after August 25, 2021 as provided by law.

**II.     The Debtor's Appeal and Failed Efforts to Obtain a Stay Pending Appeal**

10.     The Debtor appealed to the Eleventh Circuit Court of Appeals (the "**Appeal**").

11.     The Appeal was assigned case number 21-13662-AA.

12.     Also, the Debtor filed two motions in District Court seeking a stay of execution on the Judgments pending appeal without posting a supersedeas bond or other security (the "**Stay Motions**") – both of which were denied.

13.     More specifically, on November 8, 2021, the District Court denied the Debtor's Stay Motions and entered and *Order Denying a Stay Pending Appeal*.

14.     Importantly, the November 8, 2021 Order states, among other things, that: (i) the Debtor has a "record of demonstrably false assertions in this litigation[;]" (ii) "the [Debtor] is

unlikely to prevail on the merits on appeal. To the contrary, the plaintiffs' case on the merits was strong[;]" and (iii) "the likelihood that the [Debtor] will prevail on appeal on its challenge to the amount of the award—a challenge never made in this court—is [also] low[;]" and (iv) "if a stay is issued, and if , as the [Debtor] asserts, it cannot afford a bond, the risk of loss to the [Creditors] will be substantial – the [Debtor] cannot post a bond, its ability to pay the judgment is in doubt today and will likely be in greater doubt as time passes."

15. Additionally, the Debtor sought a stay pending appeal from the Eleventh Circuit Court of Appeals (Case No. 21-13662-AA). But, on January 10, 2022, that request was denied as well.

### III. The Debtor's Efforts to Evade Post-Judgment Discovery

16. The Debtor was egregiously uncooperative with Creditors' efforts to obtain post-judgment discovery in aid of execution.

17. As a result thereof, on December 1, 2021, and December 20, 2021, the District Court entered Orders compelling the Debtors to provide post-judgment discovery in aid of execution to Creditors on or before January 14, 2021.

18. But, the Debtor failed to comply with the District Court's Orders.

19. As such, the District Court issued an Order to Show Cause, as to why the Debtor and its principal, Deborah Mott, should not be held in civil contempt for failure to provide the required information by the January 14 deadline.

20. The Show Cause Order required Ms. Mott to appear by telephone for the show cause hearing on January 24, 2022 at 9:00 A.M., and to supply the Court and address were, "if held in civil contempt at a later hearing, the 'principal' and Ms. Mott will be available to be taken

into custody by the United States Marshals Service and held until the required information is provided."

### IV. The Debtor Transferred Millions of Dollars to or for the Benefit of Insiders During the Pendency of the TSI Lawsuit and Appeal

21. While the TSI Lawsuit and Appeal were pending, from 2018 through 2022, the Debtor transferred many millions of dollars to and for the benefit of insiders – at least $9 million by Creditors' estimation.

### V. The Debtor's Chapter 11 Bankruptcy Filing

22. On January 18, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court under Chapter 11 of the Bankruptcy Code.

### VI. The Conversion to Chapter 7 and Appointment of Interim Trustee George Miller

23. On March 30, 2022, the Court entered a *Memorandum Opinion* determining that cause existed to convert this case to a case under Chapter 7 of the Bankruptcy Code.

24. The case was converted to a case under Chapter 7 on March 31, 2022.

25. Upon conversion of this case from chapter 11 to chapter 7, George Miller was appointed to serve as interim chapter 7 trustee

### VII. The Meeting of Creditors

26. The date first set for the Debtor's 341(a) meeting of creditors was April 28, 2022.

27. At the 341(a) meeting, GPDEV and Simons requested the election of Donald A. Workman, Esq. of Baker Hostetler LLP as the permanent trustee pursuant to 11 U.S.C. § 702.

**VIII. Claims Filed as of the Meeting of Creditors**

28. As of the April 28, 2022 meeting of creditors, the following claims had been filed with the Court:

| Claim # | Claimant | Date Filed | Secured | Priority Unsecured | General Unsecured |
|---|---|---|---|---|---|
| 1 | Bering Straits Logistics Services, LLC | 02/07/22 | $0.00 | $0.00 | $1,516,745.69 |
| 2 | IRS (Estimated) | 02/07/22 | $0.00 | $0.00 | $24,360.00 |
| 3 | GPDEV, LLC | 04/27/22 | $0.00 | $0.00 | $3,297,995.32 |
| 4 | Simons Exploration, Inc. | 04/27/22 | $0.00 | $0.00 | $2,948,080.46 |
| TOTALS: | | | $0.00 | $0.00 | $7,787,181.47 |

**IX. Creditors' Election of Permanent Chapter 7 Trustee and Interim Trustee George Miller's Objections Thereto**

29. Pursuant to applicable rules, the creditors let the U.S. Trustee know that they intended to call for an election and (in response to a request) advised that they intended on voting for Donald A. Workman, Esq. of Baker Hostetler LLP to be the permanent Trustee.

30. In response, on April 28, 2022, the interim trustee filed objections to the claims of Bering Straits (E.I. 166), GPDEV (E.I. 164) and Simons Exploration. (E.I. 165) (collectively over 98% of the creditor class was the subject of the interim trustee's objections).

31. At the April 28, 2022 meeting of creditors, Creditors elected Donald A. Workman, Esq. of Baker Hostetler LLP to be the permanent Trustee.

32. However, interim trustee George Miller raised oral objections to Creditors' election of Donald A. Workman, Esq. of Baker Hostetler LLP.

33. On May 3, 2022, the United States Trustee filed a *Report of Disputed Election* (D.I. 167). The report indicates that if the votes cast by GPDEV and Simons are allowed, Donald A. Workman, Esq. of Baker Hostetler LLP will be the permanent Trustee.

**LEGAL DISCUSSION**

34.     Through this Motion, Creditors seek resolution of the disputed chapter 7 trustee election described above.

35.     Donald Workman, Esq. is qualified to serve as the permanent Trustee. He has eminent experience in chapter 7 bankruptcy and is competent to serve as the Chapter 7 Trustee. He has an office in Delaware and in Pennsylvania--- meeting the requirements of §11 U.S.C. 321(a)(1). The creditors proposed trustee is qualified.

36.     Creditors are qualified to vote in a trustee election. Creditors have the ultimate interest in the collection of the outstanding judgment. There are no issues or disputes between the creditors. The objection filed by the interim trustee appears to have been filed to protect TSI from an elected trustee (Mr. Workman) who is qualified to pursue avoidable transfers, that the interim trustee was not interested in promptly pursuing. While TSI has appealed GPDEV and Simons judgement, the appeal is frivolous and based on documents the trial court found to have been fabricated, on claims that the trial court should have recused himself for attempting to have Ms. Mott appear over the telephone (to address TSI not having able counsel), on a laundry list of matters that any trustee can address in their business judgment. In fact, as noted above, the District Court's November 8, 2021 Order states, among other things, that: (i) the Debtor has a "record of demonstrably false assertions in this litigation[;]" (ii) "the [Debtor] is unlikely to prevail on the merits on appeal. To the contrary, the plaintiffs' case on the merits was strong[;]" and (iii) "the likelihood that the [Debtor] will prevail on appeal on its challenge to the amount of the award—a challenge never made in this court—is [also] low[;]" and (iv) "if a stay is issued, and if, as the [Debtor] asserts, it cannot afford a bond, the risk of loss to the [Creditors] will be substantial – the

[Debtor] cannot post a bond, its ability to pay the judgment is in doubt today and will likely be in greater doubt as time passes."

37. The creditors judgment concerning who should serve as permanent trustee is entitled to deference.

38. Bankruptcy Rule 2003(d)(2) provides as follows with respect to disputed elections, "Unless a motion for resolution of the dispute is filed no later than 14 days after the United States Trustee files a report of a disputed election for trustee, the interim trustee shall serve as trustee in the case." GPDEV and Simons timely bring this Motion to avoid the default election of the Interim Trustee as set forth in Bankruptcy Rule 2003(d)(2).

39. "In the event of such motion, the election objector bears the burden of proof." *In re Argon Credit, LLC*, 570 B.R. 70, 73 (Bankr. N.D. Ill. 2017).

40. Wherefore, GPDEV and Simons request that the Court conduct an evidentiary hearing and rule upon the written and/or oral objections lodged by the Interim Trustee to Creditors' claims, and otherwise address any and all other issues that the United States Trustee believes she has identified in the report of Disputed Election.

Dated: May 11, 2022        KASEN & KASEN, P.C.

/s/ Jenny R. Kasen
Jenny R. Kasen, Esquire (DE Bar No. 5849)
The Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

-and-

MICHAEL H. MOODY LAW, P.A.

/s/ *Michael H. Moody*
Michael Moody, Esq.
1881-A Northwood Center Blvd
Tallahassee, FL 32303
Telephone: (850) 739-6970
E-Mail: Michael.Moody@michaelhmoodylaw.com

*Counsel to GPDEV, LLC and SIMONS EXPLORATION, INC.*