## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Hearing Date: 6/30/2022 at 10:00 a.m. (ET)**<br>**Objection Deadline: 6/23/2022 at 4:00 p.m. (ET)** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR ORDER FINDING THE DEBTOR AND ITS MEMBERS IN CONTEMPT AND FOR SANCTIONS AGAINST THE DEBTOR AND ITS MEMBERS FOR FAILURE TO TURNOVER BOOKS AND RECORDS

George L. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Team Systems International, LLC (the "Debtor"), hereby moves this Court (the "Motion"), pursuant to section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for the entry of an order finding the Debtor and its members in contempt for violating and continuing to violate the Conversion Order (defined below) and sanctioning the Debtor and its members for their failure to turnover Estate property, including certain computers containing electronic versions of the Debtor's books and records, hard copies of the Debtor's books and records, emails of the Debtor, and email and domain name account credentials (collectively, the "Books and Records").  In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought herein are section 105 of the Bankruptcy Code, Rules 1019(4), 7037 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's Conversion Order (defined below).

## <u>BACKGROUND</u>

3.      On January 18, 2022 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

4.      On January 26, 2022, the Debtor filed its schedules of assets and liabilities [D.I. No. 28] (the "<u>Schedules</u>") and its Statement of Financial Affairs ("<u>SOFA</u>") [D.I. 29].  The SOFA, signed by Deborah Evans Mott ("<u>Mott</u>"), lists Mott, Steven Acosta ("<u>Acosta</u>"), Christopher Mott and John Maciorowski ("<u>Maciorowski</u>"), as members of the Debtor, with Mott and Acosta listed as Management Committee Members of the Debtor.  *See* SOFA, # 28 [D.I. 29]

5.      On March 31, 2022, the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code (the "<u>Conversion Order</u>") [D.I. 151].      The Conversion Order at ¶ 3 provides: "The Debtor, on or as soon as practicable after the Conversion Date, shall … [i]mmediately turn-over to the chapter 7 trustee any and all records and estate property under their dominion, control and custody and as required by Federal Rule of Bankruptcy Procedure 1019(4)…"

6.      On March 31, 2022, George L. Miller was appointed as interim chapter 7 trustee of the Debtor.

7.      The section 341(a) meeting of creditors commenced on April 28, 2022, and a disputed election occurred.  A hearing to resolve the disputed election is scheduled for June 15, 2022.

8.      The Trustee has made repeated attempts to obtain the Books and Records and even offered to pick up the computers from Mott's Florida property and/or Virginia property.  Despite

these efforts, primarily all that the Debtor has provided to date are the documents that were

produced in the Debtor's litigation in Florida against GPDEV LLP and Simons Exploration, LLC.

9.    The Debtor and its members have violated and continue to violate the Conversion

Order and Bankruptcy Rule 1019(4).

10.   Since the April 28, 2022 section 341 meeting, the Trustee has attempted to reach a

global resolution with certain of the Debtor's members.  In furtherance of these efforts, a settlement

term sheet and a stipulation seeking to maintain the status quo as to the Real Properties (defined

below) were provided to counsel for certain of the members and several settlement discussions

were held.  Unfortunately, these efforts have not been fruitful and prosecuting this Motion has

become necessary.

## **RELIEF REQUESTED**

11.   By this Motion, the Trustee seeks entry of an order finding the Debtor and its

members in contempt for violating the Conversion Order and Bankruptcy Rule 1019(4) and

sanctioning the Debtor and its members for their failure to turnover the Books and Records as

required by the Conversion Order and Bankruptcy Rule 1019(4).  The Trustee respectfully requests

that sanctions include the following: (i) awarding the Trustee his reasonable attorneys' fees, and

costs for prosecuting this Motion; (ii) charging the Debtor through its members Deborah Mott and

Steven Acosta a per diem fine of not less $500 per day that the Debtor continues to violate the

Conversion Order and Bankruptcy Rule 1019(4); and (iii) prohibiting the sale or encumbrance of

certain real property that appears to have been purchased with assets of the Debtor until such time

as the Trustee has had an opportunity to investigate the Books and Records and the real estate

transactions.

## **BASIS FOR RELIEF REQUESTED**

12.    As set forth above, the Conversion Order at ¶ 3 provides: "The Debtor, on or as soon as practicable after the Conversion Date, shall … [i]mmediately turn-over to the chapter 7 trustee any and all records and estate property under their dominion, control and custody and as required by Federal Rule of Bankruptcy Procedure 1019(4) …."

13.    Further, Bankruptcy Rule 1019(4) provides:

After qualification of, or assumption of duties by the chapter 7 trustee, any debtor in possession or trustee previously acting in the chapter 11, 12 or 13 case shall, forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all records and property of the estate in the possession or control of the debtor in possession or trustee.

Fed. R. Bankr. P. 1019(4).

14.    It has been more than two months since the Conversion Order was entered.  The Debtor and its members have violated and continue to violate the Conversion Order and Bankruptcy Rule 1019(4).  Despite the Trustee's repeated attempts to obtain the Books and Records, including his offer to pick up the computers from Mott's Florida property and/or Virginia property, the Debtor and its members have failed to provide the Trustee with the Books and Records.

15.    Primarily all that the Debtor has provided to date are the documents that were produced in the Debtor's litigation in Florida against GPDEV LLP and Simons Exploration, LLC. The Trustee needs the Books and Records to administer this case and identify Estate claims and cause of action, which may include claims and causes of action against the members and/or affiliates of the members.

16.    Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a).  Section 105 further authorizes this Court to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

17.    Pursuant to section 105 of the Bankruptcy Code and the Court's inherent authority, this Court has the power and jurisdiction to enforce its own lawful orders.  *See, e.g., Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (U.S. 2009) (finding that a bankruptcy court retains jurisdiction to interpret and enforce its own orders); *In re Johns-Manville Corp.*, 97 B.R. 174, 180 (Bankr. S.D.N.Y. 1989); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders.")

18.    Section 105(a) "gives the court 'general equitable powers . . . insofar as those powers are applied in a manner consistent with the Code.'"  *In re Vaso Active Pharmaceuticals, Inc.*, 514 B.R. 416, 421 (Bankr. D. Del. 2014) (quoting *In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005)).  Such general equitable powers are frequently used by bankruptcy courts to make civil contempt findings. *See, e.g., id.* (citing *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 331 (Bankr. D. Del. 1999), aff'd sub nom. *In re Cont'l Airlines*, 2000 WL 1425751 (D. Del. Sept. 12, 2000), aff'd sub nom. *In re Cont'l Airlines, Inc.*, 279 F.3d 226 (3d Cir. 2002); *In re Baker*, 390 B.R. 524, 531 (Bankr. D. Del. 2008) aff'd, 400 B.R. 136 (D. Del. 2009); *In re Anderson*, 348 B.R. 652, 661 (Bankr. D. Del. 2006); *In re WCI Communities*, Inc., No. 08–11643, 2012 WL 1981713 (Bankr. D. Del. June 1, 2012); *Accord In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989); *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997); *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990); *In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996)).

19.    Civil contempt must be established by clear and convincing evidence. *Vaso Active Pharmaceuticals,* 514 B.R. at 422.  However, the contemnor has the burden to introduce evidence demonstrating why the contemnor was unable to comply with the order. *Harris v. City of*

*Philadelphia*, 47 F.3d 1311, 1324 (3d Cir. 1995). The evidence must be beyond "a mere assertion of inability" and the contemnor must show "that he has made in good faith all reasonable efforts to comply." *Id.*

20.  Failing to comply with the Conversion Order by failing to turnover the Books and Records justifies a finding of civil contempt under section 105(a) of the Bankruptcy Code. *See, e.g., Vaso Active Pharmaceuticals*, 514 B.R. at 426 (finding civil contempt for the violation of a court order requiring the production of discovery); *In re 1990's Caterers Ltd.*, 531 B.R. 309, 320 (Bankr. E.D. N.Y. 2015) (finding civil contempt for the violation of a court order requiring the turnover of sale proceeds); *In re Kenny G Enterprises, LLC*, 692 F.App'x. 950, 953 (9th Cir. 2017) (finding civil contempt for the violation of a court order requiring the turnover of assets); *In re Tate*, 521 B.R. 427, 439-44 (S.D. Ga. 2014) (finding civil contempt for the violation of a court order requiring turnover of assets).

21.  Well established law provides that sanctions for violation of a court order are appropriate when the following conditions are met: (1) a valid order of the court exists; (2) the person charged with violation of the order has actual knowledge of the order; and (3) the person disobeyed the order. *See Cont'l Airlines*, 236 B.R. at 330. Here, all three conditions have been met. There is no doubt that the Conversion Order is a valid order of this Court, that the Debtor and its members had actual knowledge of the Conversion Order, and that the Debtor and its members have violated and continue to violate the Conversion Order.

22.  In addition to the authority provided by section 105 of Bankruptcy Code, the Court can look to Bankruptcy Rule 7037 for finding the Debtor and its members in contempt of the Conversion Order and Bankruptcy Rule 1019(4) and issuing appropriate sanctions. Bankruptcy Rule 9014(c) governing contested matters succinctly states that Bankruptcy Rule 7037 is

applicable. *See In re Dinubilo*, 139 B.R. 501, 506 (Bankr. E.D. Cal. 1991). The Debtor's failure

to obey the Conversion Order and Bankruptcy Rule 1019(4) regarding turnover of books and

records is akin to violating an order requiring a Rule 2004 examination. In that context, case law

supports imposition of sanctions under Bankruptcy Rule 7037 for disobedience of an order

requiring a Rule 2004 examination. *Dinubilo*, 139 B.R. at 506 (citing *In re Sofro*, 117 B.R. 745

(Bankr. S.D. Fla. 1990); *In re Alderson*, 114 B.R. 672 (Bankr. D.S.D. 1990); *In re Olson*, 105 B.R.

654 (D. Kan. 1989)).

23.     In determining the type of sanction to be imposed, the trial court has considerable

discretion. Fed. R. Bankr. P. 7037(b)(2); *see also Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992)

("The framing of sanctions…is committed to the sound discretion of the trial court."); *Vaso Active

Pharmaceuticals*, 514 B.R. at 425; *Dinubilo*, 139 B.R. at 506 (citing *United States v. Sumitomo

Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)). Sanctions are to be imposed for a

number of reasons and must be weighed in light of the full record in the case. *Dinubilo*, 139 B.R.

at 506 (citing *Cine Forty-Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1066-1068 (2nd Cir.

1979)).

24.     One purpose for imposition of sanctions is to ensure that a party will not be able to

profit from its failure to comply with this Court's order. *Dinubilo*, 139 B.R. at 507. A second

purpose for imposition of sanctions is to secure compliance with the particular order at hand. *Id*.

Thirdly (and most importantly in the *Dinubilo* case), is the deterrent effect a sanction will have

with respect to other cases. *Id*. (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*,

427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Internationale Pour

Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 Led.2d

1255 (1958)). *See also In re Baker*, 390 B.R. 524, 531 (Bankr. D. Del. 2008), aff'd, 400 B.R. 136

(D. Del. 2009) ("sanctions serve two purposes: (1) to coerce the disobedient party into compliance with the court's order; and (2) to compensate for losses sustained by the disobedience.").

25.     Attorneys' fees and costs for filing this Motion are warranted and will compensate the Trustee for having to expend resources to force the Debtor to comply with the Conversion Order and Bankruptcy Rule 1019(4). The attorneys' fees and costs should be charged to Mott and Acosta, as they are the Management Committee members and appear to have the Books and Records.

26.     Additionally, charging the Management Committee members of the Debtor (Mott and Acosta) a daily prospective fine from the date an order granting the relief requested herein is entered until they have complied with the Conversion Order and Bankruptcy Rule 1019(4) is appropriate and designed to coerce the members to comply. In setting a prospective per diem fine amount to coerce compliance with a court order, the Court should consider the following factors: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. *In re Rodriguez*, 2007 WL 593582, *7 (W.D. Tex. Feb. 20, 2007) (citing *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990)). The Trustee suggests that an appropriate per diem fine would be $500 per Management Committee member.

27.     Finally, prohibiting the members from transferring or encumbering certain real estate is designed to ensure that they will not be able to profit from their failure to comply with the Conversion Order and delaying the Trustee's investigation. Specifically, the Trustee requests that the members and/or their affiliates be prohibited from transferring or encumbering certain real

property purchased with funds of the Debtor for a period of six months from the date on which the members have fully complied with the Conversion Order.

28.    The following is a description of the relevant real property that the Trustee believes was acquired with funds of the Debtor and should be subject to the relief requested herein:

(a)    On or about April 2018, Mott and Maciorowski acquired certain real property located at 705 Riverside Drive, Ormond Beach, Florida 32176 (the "Ormond Beach Property").

(b)    On or about July 2019, Addy Road LCC, a Florida limited liability company ("Addy Road"), acquired certain real property located at 20 Addy Road, Bethany Beach, DE 19930 (the "Bethany Beach Property").  Upon information and belief, Mott is the manager of Addy Road.

(c)    On or about August 2020, Mott acquired certain real property located at 1059 SW Conch Circle, Blue Springs, MO 64064 (the "Blue Springs Property" and together with the Ormond Beach Property and the Bethany Beach Property, the "Real Properties").[1]

29.    The Trustee respectfully submits that the relief requested herein is reasonable and designed to: (i) compensate the Trustee for his attorneys' fees and costs in bringing this Motion, (ii) coerce compliance with a Court order, and (iii) prevent the members and/or their affiliates from benefiting from their contempt.

## NOTICE

30.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to Steven Acosta and Deborah Mott; (d) the members of the Debtor; and (e) any party filing a request for notice pursuant to Bankruptcy Rule

---

[1] As used herein, the term Real Properties includes all the land, buildings, and appurtenances thereto.

2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

31.     No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an Order substantially in the form attached hereto, and grant such other and further relief as the Court deems just and proper.

 Dated:  June 9, 2022                    **ARCHER & GREINER, P.C.**

                                         */s/ David W. Carickhoff*
                                         David W. Carickhoff (No. 3715)
                                         300 Delaware Avenue, Suite 1100
                                         Wilmington, DE 19801
                                         (302) 777-4350
                                         (302) 777-4352 (fax)
                                         dcarickhoff@archerlaw.com


                                         *Counsel for the Chapter 7 Trustee*

212958085v1