# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Re: D.I. 193** |

## MOTION OF THE INTERIM CHAPTER 7 TRUSTEE TO QUASH OR MODIFY THE SUBPOENA ISSUED BY THE DISPUTED CLAIMANTS

George L. Miller, the interim chapter 7 trustee (the "Interim Trustee") of the bankruptcy estate ("Estate") of Team Systems International, LLC (the "Debtor"), pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016, files this motion (the "Motion to Quash") to quash or modify the *Rule 45 Subpoena Directed to and Served Upon George L. Miller to Give Testimony* (the "Subpoena") issued by counsel to GPDEV LLC and Simons Exploration, Inc. (together, the "Disputed Claimants"). In support of this Motion, the Interim Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 45 of the Federal Rule of Civil Procedure (the "Rules"), and Rule 9016 of the Federal Rules of Bankruptcy Procedure.

## GENERAL BACKGROUND

3. On January 18, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

4. On March 31, 2022, (i) the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code and (ii) Mr. Miller was appointed as interim chapter 7 trustee of the Estate.

5. On April 28, 2022, the section 341(a) meeting of creditors commenced in this case.

6. On May 3, 2022, the Office of the United States Trustee filed the Report of Disputed Election [D.I. 167].

7. On May 13, 2022, the Disputed Claimants filed the Motion to Resolve Disputed Election [D.I. 174] (the "Election Motion").[1]

8. On May 26, 2022, the Interim Trustee filed the Objection of Interim Chapter 7 Trustee to Creditors' Joint Motion for Resolution of Disputed Election [D.I. 177] (the "Objection").

9. A hearing is scheduled for June 15, 2022 at 3:00 p.m. (the "Hearing").

10. Further background information regarding this case and the Election Motion is set forth in the Objection.

## SUBPOENA

11. On June 13, 2022, the Interim Trustee filed his witness list [D.I. 188] for the Hearing, identifying the Interim Trustee as a potential hearing witness and stating, in relevant part, "[t]he Trustee may testify as to the objections to proofs of claim filed by GPDEV, LLC and Simons Exploration, Inc." *Id.* at 2.

---

[1] The Disputed Claimants filed a reply in support of the Election Motion on June 10, 2022.

12. Also on June 13, 2022, the Disputed Claimants filed their witness list and exhibit list for hearing [D.I. 192], listing seven witnesses they may call at the Hearing, including the Interim Trustee. The Disputed Claimants' witness list states that the subject matter of the anticipated testimony by the Interim Trustee is "Matters relating to Creditors' Motion to Resolve Disputed Trustee Election." *Id.* at 3.

13. Prior to filing their witness list, the Disputed Claimants made no attempt to confer with the Interim Trustee or his counsel regarding calling the Interim Trustee to testify at the Hearing.

14. At 9:01 p.m. on June 13, 2022, counsel to the Disputed Claimants emailed a copy of the Subpoena and notice thereof to undersigned counsel to the Interim Trustee. A copy of the Subpoena is attached to this Motion to Quash as Exhibit A.

15. The Subpoena purports to direct the Interim Trustee to appear at the Hearing to testify regarding "[a]ll matters relating to the administration of the debtor's chapter 7 case; and [a]ll matters relating to the disputed trustee election."

16. Upon information and belief, on or about the evening of June 13, the Disputed Claimants emailed subpoenas to certain other parties as well, but those subpoenas have since been withdrawn.

17. Prior to filing this Motion to Quash, counsel to the Interim Trustee spoke with counsel for the Disputed Claimants on June 14 and 15, 2022, in attempt to, among other things, obtain clarity regarding the scope of testimony sought from the Interim Trustee in the Subpoena and to limit the scope of any such testimony to matters germane to the Election Motion. As of the filing of this Motion to Quash, the parties have been unable to reach a resolution. The Disputed Claimants have not provided specifics as to the scope of testimony they will seek from the Interim

3

Trustee. As a result, counsel to the Interim Trustee advised counsel to the Disputed Claimants that the Interim Trustee would file this Motion to Quash and would address specific issues as they arise at the Hearing, on a case-by-case basis.

## RELIEF REQUESTED AND BASIS THEREFOR

18. By this Motion to Quash, the Interim Trustee requests that the Court quash the Subpoena or, alternatively, modify the Subpoena and limit the scope of any examination of the Interim Trustee at the Hearing to matters relating to the objections to proofs of claim filed by the Disputed Claimants.

19. The Subpoena and the purported service thereof suffer from numerous facial defects.

20. Rule 45(b)(1) provides, in relevant part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

21. As of the filing of this Motion to Quash, the Interim Trustee has not been personally served with the Subpoena. Counsel to the Disputed Claimants emailed a copy of the Subpoena and notice thereof to the Interim Trustee's counsel at 9:01 p.m. on June 13. The Disputed Claimants did not tender, or even offer, the fees for one days' attendance. Accordingly, the Subpoena has not been served upon the Interim Trustee and the Disputed Claimants have failed to comply with Rule 45(b)(1).

22. Rule 45(d)(1) requires that a " party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Rule further provides that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate

sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." *Id.*

23.     Rule 45(d)(3)(A) sets forth various grounds for quashing or modifying a subpoena. In particular, Rule 45(d)(3)(A) requires that a subpoena be quashed or modified where it "fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(d)(3)(A)(i).

24.     While Rule 45 does not specify a number of days that constitute a reasonable time to comply, courts generally require at least 10 days' notice of the date of compliance.  *See*, *e.g.*, D. Del. LR 30.1 (providing that "not less than 10 days" is reasonable notice for taking a deposition, unless otherwise ordered by the Court.).

25.     Courts have regularly quashed subpoenas that have provided only two or three days' notice of the time to comply.  *See*, *e.g.*, *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 815 (D. Md. 2020), *vacated and remanded on other grounds*, 31 F.4th 889 (4th Cir. 2022) ("The three days that GMS was given to comply with the subpoena would certainly not be reasonable under courts' interpretations of Rule 45 . . . ."); *In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) (quashing subpoena served just two days prior to a deposition and holding that "[t]wo days' notice is plainly unreasonable."); *Nelson v. Granite State Ins. Co.*, No. CIV-08-1165-M, 2010 WL 908845, at *1 (W.D. Okla. Mar. 10, 2010) (quashing subpoena served on just 48 hours notice where the party seeking testimony "could have notified [the witness] earlier of the need for him to testify; however, defendant failed to do so until a mere 48 hours in advance.").

26.     Here, the Disputed Claimants did not even provide two days' notice and made absolutely no effort to comply with their obligations under Rule 45(d) to provide reasonable notice of the time to comply and to take reasonable steps to avoid imposing undue burden or expense. Instead, they simply emailed a copy of the Subpoena to the Interim Trustee's counsel, giving little

more than one business day's notice of the time to comply. That is "plainly unreasonable." *Malyugin*, 310 F. Supp. 3d at 5. The Interim Trustee and his counsel have not had adequate time to prepare for any testimony sought by the Disputed Claimants. Accordingly, Rule 45(d)(3)(A)(i) requires that the Subpoena be quashed or modified.

27. There is simply no justification for the Disputed Claimants' failure to provide reasonable prior notice of the time to comply and to otherwise comply with their obligations under Rule 45. The Disputed Claimants were well aware of the Hearing date. They filed the Election Motion a month ago on May 13 and scheduled the Hearing on that motion for June 15. This is not a case where an emergency hearing or other exigent circumstances might justify serving a subpoena on limited notice. Any emergency is clearly of the Disputed Claimants' own making.

28. Moreover, the Subpoena does not comport with the Disputed Claimants' own witness list regarding what testimony they might seek at the Hearing. The notice of Subpoena states that the Disputed Claimants seek to compel testimony regarding "[a]ll matters relating to the administration of the debtor's chapter 7 case; and [a]ll matters relating to the disputed trustee election." However, the Disputed Claimants' witness list only identifies "Matters relating to Creditors' Motion to Resolve Disputed Trustee Election" as testimony they might seek.

29. The Disputed Claimants have also failed to comply with this Court's chambers procedures, which require that "[i]f parties intend to call witnesses at a hearing, they must file and submit their intention to do so at least 48 hours prior to the hearing. The filing must contain the identity of each witness and the scope of the testimony." The Disputed Claimants' witness listed was filed late at 5:17 p.m. on June 13 and, even then, failed to set forth the scope of the testimony sought by the Subpoena.

30. In short, the Disputed Claimants have failed to comply with their obligations in seeking to subpoena the Interim Trustee less than two days prior to the Hearing. Accordingly, the Subpoena should be quashed.

31. In the alternative, the Interim Trustee requests that the Court modify the Subpoena and direct that any examination of the Interim Trustee by the Disputed Claimants at the Hearing be limited to matters relating to the objections to proofs of claim filed by the Disputed Claimants. As set forth above, counsel to the Interim Trustee will address any issues, on a case-by-case basis, at the Hearing as they arise.

## NO PRIOR REQUEST

32. No prior request for the relief sought in this Motion to Quash has been made to this Court or to any other Court.

## NOTICE

33. Notice of this Motion to Quash has been provided to: (i) the Office of the United States Trustee for Region 3; and (ii) counsel for the Disputed Claimants. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons stated herein, the Interim Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) quashing the Subpoena and (ii) granting the Interim Trustee such other and further relief as the Court deems just and proper.

Dated:  June 15, 2022  **ARCHER & GREINER, P.C.**

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
bjhall@archerlaw.com

*Counsel for the Chapter 7 Trustee*