## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>    Debtor. | Chapter 7<br><br>Case No. 22-10066-CTG<br><br>**Re: Docket No. 181** |

### LIMITED OBJECTION TO APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING RETENTION OF VENABLE LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF MAY 17, 2022

Equity Interest Holders, Deborah Mott and Steven Acosta (the "Equity Interest Holders"), hereby file this limited objection ("Limited Objection") to the Application of the Chapter 7 Trustee for an Order Authorizing Retention of Venable LLP as Special Counsel to the Chapter 7 Trustee Effective as of May 17, 2022 (the "Application") [D.I. #181]. In support of this Objection, the Equity Interest Holders respectfully represent as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334(b) and 157, and the standing order of reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. Section 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and FRCP 45(d)(3). The relief sought under the Application are pursuant to 11 U.S.C. §§ 327(e) and 328, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

3.      On Januray 18, 2022 ("Petition Date"), Team Systems International, LLC, ("Debtor") commenced a voluntary case under Chapter 11 of the Bankruptcy Code by filing a bankruptcy petition.

4.      On March 31, 2022 an order was entered by this Court converting the case from a Chapter 11 to a Chapter 7 bankruptcy. George L. Miller ("Trustee") was appointed the interim Chapter 7 trustee in this case.

5.      This is one of the rare circumstances in which a Chapter 7 liquidation will result in a surplus after payment of creditor claims (allowed or disallowed). The Equity Interest Holders are equity interest holders members of the Debtor and as this case has a surplus entitling the Debtor to a distribution pursuant to 11 U.S.C. § 726(a)(6). As such the Equity Interest Holders have standing to bring this Limited Objection. It is well-established that a party in interest has standing to object or otherwise participate in the litigation surrounding assets of the estate if there could be a surplus. *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011); *In re Friedberg*, 2019 WL 145523 at *4 (D. Conn. 2019); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2nd Cir. 2000); Drake v. U.S., 2014 WL 6883104 at *2 (N.D.N.Y. 2014). A party with a pecuniary interest in property of the bankruptcy estate is a party in interest.  *In re Yerushalmi*, 20199 WL 2385188 (E.D. NY 2019). A pecuniary interest exists where there is potential surplus. *Id.*

6.      Venable LLP ("Venable") has been representing the Debtor in the Civilian Board of Contract Appeals, CBCA No. 7145, Under Contract No. HSFE70-17-D-0021 ("CBCA No. 7145") in pursuing its receivables owed by the Department of Homeland Security and the Federal Emergency Management Agency (the "Estate FEMA Claims"). Venable is best qualified

to pursue the Estate FEMA Claims. These Estate FEMA Claims total $20,300,000.00 and make up the bulk of the estate's assets. The Estate FEMA Claims well exceed the filed creditor claims which total $7,902,795.45. The Estate FEMA Claims alone create a surplus of over $12,397,204.55 that, after accounting for collection fees and costs, should flow down to the Equity Interest Holders.

## LIMITED OBJECTION

7.     Venable is the logical choice to continue to pursue the Estate FEMA Claims as it handled the prosecution of the claims pre-petition on behalf of the Debtor and has the requisite experience and institutional knowledge to quickly complete the collection process. While the Equity Interest Holders do not object to the retention of Venable as Special Counsel, they do however object to the retention of Venable on a contingency fee basis (the "Contingency Fee"). The Contigency Fee proposed is for 30% of the gross recovery of the Estate FEMA Claims. This is a considerable amount because the FEMA Claims are valued at $20,300,000.00 and, based on the procedural state of the collection, the amount of work required by Venable to complete the process is negligible. The implementation of a Contingency Fee will greatly diminish the value to the estate and reduce the subsequent distributions to the creditors and Equity Interest Holders.

8.     The Equity Interest Holders have proposed a means for eliminating this unnessary financial burden on the recovery for the estate.  In an effort to reduce the potential amount to be paid to Venable, to ensure a larger payout to the estate, the Equity Interest Holders are willing to pay a retainer of $75,000, through their acquisition of third party financing (which has already been obtained), to Venable to allow for Venable to continue working on this matter on an hourly rate and to cover Venable costs.  Based on previous conversations with Venable, it is believed that $75,000 will cover the remainder of Venable's fees and costs.  The Equity Interest Holders

are willing to fund this litigation until completion including any appeals that may arise. Also, Equity Interest Holders are willing and able to provide any assistance needed to Venable with the understanding that the Trustee is ultimately the decisionmaker on this matter with approval of the Court. As a result, there will be no cost to the estate for Venable's services, but most siginifically, the estate will not have to incur a 30% contingency fee to the destriment of the estate. The Equity Interest Holders are prepared to fund this retainer to Venable immediately.

## **CONCLUSION**

The Equity Interest Holders object on a limited basis to the Contingency Fee provided for in the Application being presented to the Court in the retention of Venable to pursue the Estate FEMA Claims. The 30% contingency fee is clearly excessive. The Equity Interest Holders are pepared to immediately fund the retainer to Venable in the amount of $75,000.00 to avoid this unnecessary expense to the estate and to maximize the estate's recovery for the benefit of the estate.

Dated: June 20, 2022                              CROSS & SIMON, LLC

                                                   */s/ Kevin S. Mann*
                                                   Kevin S. Mann (No. 4576)
                                                   1105 N. Market Street, Suite 901
                                                   Wilmington, Delaware 19801
                                                   (302) 777-4200
                                                   kmann@crosslaw.com

                                                          -and-

                                                   Richard R. Robles, Esquire
                                                   Law Offices of Richard R. Robles, P.A.
                                                   905 Brickell Bay Drive, Suite 228
                                                   Miami, Florida 33131
                                                   (305) 755-9200
                                                   rrobles@roblespa.com

                                                   *Counsel to the Equity Interest Holders*