**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Team Systems International, LLC, | Case No. 22-10066-CTG |
| Debtor(s). | **Re: Docket No. 174** |

**GPDEV, LLC AND SIMONS EXPLORATION, INC.'S SUPPLEMENTAL**
**BRIEF IN SUPPORT OF MOTION TO RESOLVE DISPUTED ELECTION**

GPDEV, LLC ("**GPDEV**"), and SIMONS EXPLORATION, INC. ("**Simons**" and, together with GPDEV, the "**Creditors**"), by and through their undersigned counsel, hereby file their supplemental brief in support of Creditors *Motion to Resolve Disputed Election* [D.I. 174], and in support state as follows:

On June 15, 2022, the Court held and evidentiary hearing on Creditors Motion to Resolve Disputed Election and the Interim Trustee's Objection [D.I. 177]. At the conclusion of the hearing the Court requested briefing on the following issue:

**ISSUE PRESENTED**

In the event the Court determines GPDEV and Simons are eligible to vote and carried the vote to elect a trustee under § 702, but the Court also determines that the elected trustee is not qualified to serve under § 321, should Creditors be given an opportunity to vote for or designate another qualifying candidate to serve as the permanent trustee?

## SUMMARY OF ARGUMENTS

GPDEV and Simons are qualified creditors who selected Donald Workman to be the permanent trustee in this bankruptcy case.  The interim trustee, seeking to retain his job against the will of the electorate, and without standing to do so, filed an untimely and improper objection to the qualifications of the selected trustee.  The Court should find the interim trustee's objections to Mr. Workman's qualifications to be without merit and an end-run around use of Section 324 of the Bankruptcy Code to remove the electorates' selection.

The interim trustee has also taken the position that any event of non-qualification under § 321 would render the election a nullity.  GPDEV and Simons disagree with the interim trustee.  Creditors maintain that the interim trustee's position is without legal support and, in fact, directly contrary to the plain language of the Bankruptcy Code and Rules.

Indeed, as set forth more fully below, the Code and Rules make clear that trustee elections are a two step process – selection and qualification.  The trustee's position is contrary to, and would nullify, each and every provision of the Code and Rules setting forth the dual requirements of selection and then qualification.

GPDEV and Simons duly elected Donald Workman, Esq. to be the Trustee.  If the Court determines that Mr. Workman is not qualified under § 321, then the plain language of § 703(a) expressly requires that they be permitted the opportunity to elect, in the manner specified in § 702, a person to fill the role of permanent trustee in this bankruptcy case.

## ARGUMENT

**I.  The Plain Language of the Code and Rules Require a New Election in the Event the Selected Candidate is Not Ultimately Qualified**

This Court's review of the issue presented must be guided by the familiar principle of statutory construction that requires the Court to give effect to the plain and unambiguous text of a statute.  "Congress says in a statute what it means and means in a statute what it says there. When a statute's language is plain, the sole function of the courts, at least where the disposition required by the text is not absurd, is to enforce it according to its terms."  *In re MTE Holdings, LLC*, 631 B.R. 690, 694 (Bankr. D. Del. 2021) (JU Goldblatt) (citations omitted).

In addition, as set forth by the United States Court of Appeals for the Third Circuit, in *Price v. Del. State Police Fed. Credit Union (In re Price)*, 370 F.3d 362 (3d Cir. 2004):

> We are to begin with the text of a provision and, if its meaning is clear, end there. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 147 L. Ed. 2d 1, 120 S. Ct. 1942 (2000) ("Congress 'says in a statute what it means and means in a statute what it says there.'" (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (1992)). This truism of statutory construction may settle the matter in the run of the mill case, but when the plain meaning of a provision is not self-evident, this prescription is merely a starting point. Given the division among the courts, such is the case here. But just because a particular provision may be, by itself, susceptible to differing constructions does not mean that the provision is therefore ambiguous. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341, 136 L. Ed. 2d 808, 117 S. Ct. 843 (1997). Statutory context can suggest the natural reading of a provision that in isolation might yield contestable interpretations. Specifically, in interpreting the Bankruptcy Code, the Supreme Court has been reluctant to declare its provisions ambiguous, preferring instead to take a broader, contextual view, and urging courts to "not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." Kelly v. Robinson, 479 U.S. 36, 43, 93 L. Ed. 2d 216, 107 S. Ct. 353 (1986); *see also Official Comm. of Unsecured Creditors of Cybergenics Corp., ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 559 (3d Cir. 2003) (en banc) (hereinafter Cybergenics) ("As the Supreme Court has often noted, 'statutory construction [] is a holistic endeavor,' and this is especially true

of the Bankruptcy Code." (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 98 L. Ed. 2d 740, 108 S. Ct. 626 (1988)).

*Price v. Del. State Police Fed. Credit Union (In re Price)*, 370 F.3d 362, 368-69 (3d Cir. 2004). Ambiguity does not arise "merely because a particular provision can, in isolation, be read in several ways or because a Code provision contains an obvious scrivener's error." *Id*. citing *Lamie v. United States Trustee*, 540 U.S. 526 (2004). "Policy, pre-Code practice, and such other tools of construction are to be relied upon only when, ultimately, the meaning of a provision is not plain. When, however we can arrive at a natural reading of a Code provision, informed not only by the language of the provision itself but also by its context, the burden to persuade us to adopt a different reading is 'exceptionally heavy.'" *Id*. citing *Hartford Underwriters*, 530 U.S. at 9.

In this case, the plain language of the Code and Rules control, and the interim trustee cannot carry its exceptionally heavy burden to advance its position that the selection of a trustee who is ultimately not qualified results in the permanent appointment of the interim trustee.

Section 701(a) of the Bankruptcy Code provides for the appointment of an interim trustee whose service terminates "when a trustee elected or designated under section 702 of this title to serve as trustee in the case qualifies under section 322 of this title." 11 U.S.C. § 701(b). Section 702 of the Bankruptcy Code provides the specifics for how creditors may vote for a candidate for trustee at the section 341(a) meeting of creditors.

In the event allowable claims entitled to a distribution holding at least 20 percent in amount of the claims vote, and a majority elect a candidate for trustee, the elected candidate is the presumptive permanent Trustee. At that point, the presumptive permanent Trustee is to be notified of its election. *See* Fed. R. Bankr. P. 2008 "Notice to Trustee of Selection." Rule 2008 provides as follows:

> The United States trustee <u>shall immediately notify the person selected as trustee how to qualify</u> and, if applicable, the amount of the trustee's bond. A trustee that has filed a blanket bond pursuant to Rule 2010 and has been selected as trustee in a chapter 7, chapter 12, or chapter 13 case that does not notify the court and the United States trustee in writing of rejection of the office within seven days after receipt of notice of selection shall be deemed to have accepted the office. <u>Any other person selected as trustee shall notify the court and the United States trustee in writing of acceptance of the office within seven days after receipt of notice of selection</u> or shall be deemed to have rejected the office.

Fed. R. Bankr. P. 2008.  Accordingly, after selection of a proposed permanent trustee, the United States Trustee supplies information to the elected trustee so that they may seek to qualify, accept, or reject the will of the electorate.  Only in the event a trustee is "not elected" shall the interim trustee serve as trustee in the case.  In this case, creditors duly elected Donald Workman to be the Trustee, the remaining question is whether Mr. Workman qualifies to serve as trustee.

To qualify, an elected Trustee must comply with Section 322 of the Bankruptcy Code, entitled "Qualification of trustee."  Section 322 provides "a person selected under section 701, 702, 703, 1104, 1163, 1183, 1202, or 1302 of this title to serve as trustee in a case under this title qualifies if before seven days after such selection, and before beginning official duties, such person has filed with the court a bond in favor of the United States conditioned on the faithful performance of such official duties."  11 U.S.C. § 322(a).  "The United States trustee qualifies wherever such trustee serves as trustee in a case under this title."  *Id*. at 322(b)(1).  "The United States trustee shall determine (A) the amount of a bond required to be filed under subsection (a) of this section; and (B) the sufficiency of the surety on such bond."  *Id*. at 322(b)(2)(A) and (B).

Section 703(a) of the Bankruptcy Code provides that "If a trustee dies or resigns during a case, fails to qualify under section 322 of this title, or is removed under section 324 of this title, creditors may elect, in the manner specified in section 702 of this title, a person to fill the vacancy in the office of trustee." 11 U.S.C. 702(a).  In such circumstances, "pending election of

a trustee under subsection (a)… if necessary to preserve or prevent loss to the estate, the United States trustee may appoint an interim trustee in the manner specified in section 701(a)." *Id*. at 702(b). In the event "creditors do not elect a successor trustee under subsection (a) of this section…, then the United States trustee (1) shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 to serve as trustee in the case; or (2) may, if none of the disinterested members of such panel is willing to serve as trustee, serve as trustee in the case." *Id*. at 702(c)(1) and (2).

No language in Section 702 of the Bankruptcy Code requires that creditors elect a "qualified" or "eligible" candidate, or that the court hold a hearing to pre-judge a proposed candidates qualifications.  To the contrary, the issue of the candidate's qualifications and eligibility are to be determined in accordance with the foregoing provisions of the code which clearly provide a post-selection time period both for the selected candidate to qualify and accept or decline the selection after notification by the United States Trustee.  In the event of either non-qualification or declination of the selection, Section 703(a) instead provides creditors the right to elect, in the manner specified in section 702 of this title, a person to fill the vacancy in the office of trustee in the event the selected trustee fails to qualify.

The interim trustee has argued that any event of non-qualification would render the election a nullity.  The interim trustee's proposition is without support, contrary to the plain language of the Bankruptcy Code and Rules, and contrary to the guiding principles of statutory construction set forth by the Third Circuit Court of Appeals.

In addition to the foregoing, Bankruptcy Rule 2001(d) provides, "Following qualification of the trustee selected under § 702 of the Code, the interim trustee, unless otherwise ordered, shall (1) forthwith deliver to the trustee all the records and property of the estate in possession or

subject to control of the interim trustee and, (2) within 30 days thereafter file a final report and account." Fed. R. Bankr. P. 2001(d).    The Trustee seeks to put the cart before the horse, requiring the qualification of the Trustee prior to the Trustee's selection, contrary to a myriad of code and Rule provisions, including section 2001(d).  The interim trustee's reading of the code and rules would nullify each and every provision of the Code and Rules setting forth the dual requirements of selection and then qualification.

To be sure, several cases have erroneously found that the disqualification of a trustee results in the permanent election of the interim trustee.  One such case was *J.P. Morgan Inv. Management v. United States Trustee (In re Martech USA)*, 188 B.R. 847 (9th Cir BAP 1995).  However, even this case expressly called into doubt its holding.  At Footnote 3, the opinion noted "<u>Also, since the issue was not raised, we need not consider whether the court properly appointed Battley as trustee instead of ordering another election (Compare Code Sections 702(d) and 703(a)).</u>" *J.P. Morgan Inv. Management v. United States Trustee (In re Martech USA)*, 188 B.R. 847, 852 (9th Cir BAP 1995).   As noted by the 9th Circuit Bankruptcy Appellate Panel, the litigants at issue did not raise the exact issue which this Court has asked the parties to submit supplemental briefing on.  When examined, the interim trustee's position cannot stand without disregarding the several code and rule sections explicitly setting forth what is to happen in the event of non-qualification of a selected trustee.

The *Martech* decision evaluated at length the "only Ninth Circuit case to address whether a person's office location qualified him to serve as Trustee… *In re Drummond*, 416 F.2d 931 (9th Cir. 1969)"  *Id*. at 850.  Notably, the *Drummond* case was a pre-Code case.  "The Bankruptcy Act section 378a(2) and Federal Rule of Bankruptcy Procedure…122(b)(4)" provided that "if the trustee so nominated fails to qualify within five days after notice to him of the entry of such

order <u>a trustee shall be appointed by the court</u>." *In re Parr*, 3 B.R. 692 (Bankr. E.D.N.Y. 1980). The Bankruptcy Code contains no such similar language or directive, and instead says in the event of non-qualification, creditors are to be afforded another opportunity to elect a trustee. *See* 11 U.S.C. § 703(a). By standard rules of statutory construction, that this court has abided by, it must be presumed that the legislatures' elimination of the automatic appointment requirement was intentional and meaningful. If the legislature amend or reenacts a provision other than by way of a consolidating statute or restyling project, a significant change in language is presumed to entail a change in meaning. *See*, *In re MTE Holdings, LLC*, 631 B.R. at 694 ("The principle that a change in statutory language should typically bring with it a change in the meaning of the law counsel in favor of the Debtor's proposed construction…").

The Bankruptcy Code must be read to provide meaning to each provision therein. In *Bell v. Bell*, 225 F.3d 203, 215 FN 16 (2nd Cir. 2000), the Second Circuit noted that Section 702's election procedures can be "invoked by operation of section 701" or by section 703. In this case, the creditors invoked section 702's election procedures by way of Section 701 at the initial meeting of creditors. In the event of non-qualification of the selected candidate, Section 703(a) requires the re-invocation of Section 702's election procedures.

## II.    Donald Workman is Qualified and the Interim Trustee's Objection to His Qualification is Untimely and Improper

The interim Trustee's objections to Mr. Workman's qualifications are untimely and an invalid attempt to remove the duly elected permanent trustee. As noted above, Section 702 and Rule 2003 govern the process of the election of a permanent trustee. Neither Section 702 or Rule 2003 provide that a party may object to the election on the basis of the qualifications of the selected trustee. Moreover, the interim trustee did not raise any concerns or objections as to Mr. Workman's qualifications at the 341(a) meeting of creditors. *See* Report of Disputed Election p.

2 (noting only that the interim trustee "reserved objection to the qualifications of Mr. Workman"). Neither Section 702 or 2003 permit a party, let alone the interim trustee, to reserve objections or provide for objections based upon "qualification." The process set forth in section 702 requires that all objections be stated prior to the 341(a) meeting and recorded in the Trustee's Report of Disputed Election. Fed. R. Bankr. P. 2004(d)(2).

The interim trustee's untimely, self-interested objection to Mr. Workman's qualifications is in effect a request under Section 324(a) for the removal of the selected trustee for cause. The interim trustee lacks standing to request the removal of the selected permanent trustee under Section 324(a). For this reason, the United States trustee is given exclusive prerogative to notify the trustee of his or her selection (Rule 2008), and the right to determine the sufficiency of the selected trustee's qualifications, amount of bond, and sufficiency of the surety on such bond. *See* 11 U.S.C. § 322(a) and (b). Accordingly, the interim trustee's untimely objections to the selected trustee's qualifications should be disregarded by this Court.

### III.   Donald Workman's Office in Delaware is Sufficient

The facts relative to Mr. Workman's qualifications are not subject of dispute. Mr. Workman is an accomplished bankruptcy practitioner who leads the bankruptcy and restructuring teams of a national bankruptcy firm, Baker Hostetler. While he primarily resides in Washington, D.C., he has ownership in the firm with offices in Delaware and Pennsylvania that he helped to establish. Section 321 of the code merely requires that the trustee "reside[] or ha[ve] an office in the judicial district within which the case is pending, or in any judicial district adjacent to such district." 11 U.S.C. § 321(a)(1). Mr. Workman more than sufficiently complies with the plain language of Section 321, by having not one but two separate compliant offices.

The interim trustee argues that the Court should agree with the pre-Code *Drummond* case which gleaned from the text of Section 321(a) a requirement that the trustee be physically available on a regular basis in or near the district.  In comparison, Mr. Workman is far more available than the interim trustee.  At the evidentiary hearing on June 15, the interim Trustee testified that he resides in Jupiter, Florida and is a resident of Florida.  It is undisputed that Mr. Workman resides in Washington, D.C., a far shorter distance from Delaware than Jupiter, Florida.  Moreover, nothing in Section 321(a) states that a Trustee must maintain a "physical presence on a regular basis" in the district.  Had congress intended that requirement, it would have been set forth in the text of Section 321.  Nothing is to be added to what the text states or reasonably implies.  The text of Section 321 should be applied as it is written, to merely require that the selected trustee have an office in the judicial district or an adjacent district.

The pre-Code *Drummond* decision which was the primary case to decide that congress intended "physical presence on a regular basis" in the district was decided in 1969, before the advent of the internet, cellular telephones, video conferencing, and the mass-consolidation of large law firms into multinational conglomerates.  The Court should find the key requirement is that the selected trustee have an office.  Mr. Workman is more than sufficiently qualified to serve as the permanent trustee both by his indisputable competence and because he fulfills the requirement of maintaining -- not one -- but two qualifying offices both in Wilmington, Delaware, and Philadelphia, Pennsylvania.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should find that the interim trustee lacks standing to object to the electorate's selection of Mr. Workman and the interim trustee's objections were untimely.  The Court should further find that Mr. Workman is competent to

10

serve and has an office in the judicial district and in the judicial district adjacent to Delaware. Finally, in the event that the selected trustee, Donald Workman, is determined not to qualify to serve under § 321, GPDEV and Simons nevertheless succeeded in their selection of him. Section 703(a) of the Bankruptcy Code requires that the creditors be permitted the opportunity to promptly elect or designate, in the manner specified in § 702, a person to fill the role of permanent trustee in this bankruptcy case.

Dated:  June 22, 2022          KASEN & KASEN, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
The Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

-and-

MICHAEL H. MOODY LAW, P.A.

*/s/ Michael H. Moody*
Michael Moody, Esq.
1881-A Northwood Center Blvd
Tallahassee, FL 32303
Telephone: (850) 739-6970
E-Mail: Michael.Moody@michaelhmoodylaw.com

*Counsel to GPDEV, LLC and*
*SIMONS EXPLORATION, INC.*