
**David W. Carickhoff, Jr.**
dcarickhoff@archerlaw.com
302-356-6621 Direct
302-777-4352 Direct Fax

Archer & Greiner, P.C.
300 Delaware Avenue
Suite 1100
Wilmington, DE 19801-1670
302-777-4350 Main
302-777-4352 Fax
www.archerlaw.com

**By CM/ECF and Email**

June 22, 2022

Honorable Craig T. Goldblatt
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

      Re:    Team Systems International, LLC
                 Chapter 7 Case No. 22-10066-CTG

Dear Judge Goldblatt:

      As the Court is aware, this firm represents George L. Miller, the interim chapter 7 trustee (the "Interim Trustee") of the bankruptcy estate of the above-captioned Debtor.

      On June 15, 2022, the Court conducted an evidentiary hearing and heard oral argument on the motion of GPDEV LLC and Simons Exploration, Inc. (together, "GPDEV and Simons") to resolve the disputed trustee election in this chapter 7 case [D.I. 174] (the "Election Motion").

      At the conclusion of that hearing, the Court requested supplemental letter briefing on the following question:  Assuming GPDEV and Simons were entitled to vote for a trustee at the section 341(a) meeting and their candidate is not eligible to serve as chapter 7 trustee, are GPDEV and Simons entitled to conduct another election?

      For the reasons set forth below, there is no statutory or other basis for calling another election and the Interim Trustee should be appointed permanent trustee.  The Interim Trustee should also be appointed permanent trustee because GPDEV and Simons were not eligible to vote under section 702(a) of the Bankruptcy Code or Bankruptcy Rule 2003(b)(3), as their claims are disputed and they have a material adverse interest to the other creditors in this case, and because their candidate failed to participate in the 341 meeting or the hearing on his election and GPDEV and Simons failed to present any evidence that their candidate is eligible under section 321.

      Section 702 of the Bankruptcy Code and Bankruptcy Rule 2003 govern the election of a chapter 7 trustee.  11 U.S.C. § 702; Fed. R. Bankr. P. 2003.  Bankruptcy Code section 702(b) provides, in relevant part, that "[a]t the meeting of creditors held under section 341 of this title, creditors **may elect one person** to serve as trustee in the case if election of a trustee is requested by creditors" on the conditions set forth therein.  11 U.S.C. § 702(b) (emphasis added).

Team Systems International, LLC
June 22, 2022
Page 2

Section 702(d) provides that "**[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case**." 11 U.S.C. § 702(d) (emphasis added).

Section 321 of the Bankruptcy Code sets forth certain requirements for eligibility to serve as a trustee. 11 U.S.C. § 321. Of particular relevance here, section 321(a)(1) requires that an individual (i) be "competent to perform the duties of trustee" and (ii) in this chapter 7 case, "reside[] or ha[ve] an office in the judicial district within which the case is pending, or in any judicial district adjacent to such district." GPDEV and Simons' candidate was not available at the 341 meeting to be questioned as to his qualifications and failed to attend the hearing regarding his own election. In terms of eligibility, all that the Court could glean from the hearing was that Mr. Workman's office was in Washington, D.C., not in Delaware or in any adjacent judicial district.

There is precedent to find that where a candidate for chapter 7 trustee in a contested election does not satisfy the eligibility requirements in section 321, the interim trustee becomes the permanent trustee. In *In re Frederick Petroleum Corp.*, 92 B.R. 273 (Bankr. S.D. Ohio 1988), "two major creditors, who ha[d] either been a significant target of the debtor or ha[d] asserted interests adverse to the estate, decided they had the votes to elect a trustee they could convince of their needs." *Id.* at 274-75. One of those creditors held in excess of 20% of the unsecured claims and voted for a candidate named Favereau. *Id.* at 275. Like this case, other creditors opposed Favereau's election. *Id.* at 274. The court began its analysis by observing that an elected trustee must satisfy the eligibility requirements under section 321. *Id.* at 275. Candidate Favereau satisfied the requirement in section 321 that he have an office or reside in the district, but because he lacked relevant bankruptcy experience, the court found Favereau lacked the competency required in section 321. *Id.* at 275-76. As a result, the court held that "the election will not be upheld or certified and the interim trustee . . . will continue as trustee of this estate." *Id.*

The same result was reached by the bankruptcy court and affirmed by the Ninth Circuit Bankruptcy Appellate Panel in *J.P. Morgan Inv. Mgmt., Inc. v. U.S. Trustee* (*In re Martech USA, Inc.*), 188 B.R. 847, 849 (9th Cir. B.A.P. 1995) ("The court held that Pardo did not have an office in the District of Alaska within the meaning of Bankruptcy Code [] Section 321 and appointed Battley [the interim trustee] as permanent trustee."), *aff'd* 90 F.3d. 408 (9th Cir. 1996).

The same result also was reached by the bankruptcy court in *In re Mid Atlantic Retail Group, Inc.*, 2008 WL 2491627, *1 (Bankr. M.D.N.C. June 18, 2008), after finding that Alvarez & Marsal, a nationally recognized firm of bankruptcy professionals, was not eligible to serve as trustee under section 321. *Id.* ("After consideration of the record and the arguments of counsel, the court finds that the permanent trustee shall be Sara A. Conti [the interim trustee] for the reasons that follow.").

The result reached in each of those cases is hardly surprising as section 702(b), read in conjunction with section 702(d), mandates this result.

In addition, a number of courts have held that, where a contested election has involved creditors that were ineligible to vote, the interim trustee should be appointed the permanent trustee. *See, e.g., In re Oxborrow*, 104 B.R. 356, 361-62 (E.D. Wash. 1989), *aff'd*, 913 F.2d 751 (9th Cir. 1990) ("appellants and their attorney . . . were aware of the requirements of § 702 well before the

election took place. Nevertheless, appellants failed to ensure that a sufficient percentage of eligible claims were noted as requesting an election. . . . **Since appellants were aware of yet failed to follow the correct procedures** in requesting an election, **they have exhausted their opportunity to elect a permanent trustee and cannot now complain of the results**.") (quoting, *inter alia*, 4 L. King, Collier on Bankruptcy p 702.02 at 702-11-12 (15th Ed.1979) ("**Creditors should be especially aware . . . for if they fail to take the proper steps to request election of and elect a trustee as provided in section 702, they will have no alternative but to accept the interim trustee as permanent trustee in the case.**") (emphasis added); *In re ETS of Washington, LLC*, No. 20-00397-ELG, 2021 WL 4343622, at *5 (Bankr. D.D.C. Sept. 23, 2021) ("the Court finds that Moving Creditors were ineligible creditors to vote for a candidate for chapter 7 trustee under § 702(a)(2). Therefore . . . [the interim trustee] shall continue in this case as the permanent chapter 7 trustee."); *In re Jotan, Inc.*, 236 B.R. 79, 84 (Bankr. M.D. Fla. 1999) ("Paribas' vote for . . . . trustee is invalidated due to an interest materially adverse to the creditors holding unsecured, nonpriority claims. **In light of no trustee having been elected at the meeting of creditors**, . . . **the interim trustee shall serve as trustee in this case**.") (emphasis added); *Matter of Blanchard Mgmt. Corp.*, 10 B.R. 186, 189 (Bankr. S.D.N.Y. 1981) ("**Since the creditors failed at the first meeting to elect a trustee, they have exhausted their opportunity to do so** and the interim trustee . . . shall continue to serve as the trustee in this case. 11 U.S.C. § 702(d).") (emphasis added). Consistent with section 702(d), because no trustee was elected at the 341 meeting, the interim trustee became the permanent trustee in this case.

The same reasoning applies here. Where an election is held but the candidate was ineligible to serve as trustee, the Court should appoint the interim trustee as permanent trustee. *See Frederick Petroleum*, 92 B.R. 273; *In re Martech USA, Inc.*, 188 B.R. at 849; *In re Mid Atlantic Retail Group, Inc.*, 2008 WL 2491627, *1. By electing a candidate not qualified to serve as a trustee under section 321, GPDEV and Simons did so at their own peril and should suffer the consequences. Under Bankruptcy Code section 702(b), assuming they were entitled to vote (which they were not), they "**may elect one person** to serve as trustee in the case." 11 U.S.C. § 702(b) (emphasis added). Despite having 27 days between the notice of the 341 meeting and the date of the election and having three firms representing them at the election, GPDEV and Simons elected one person and he is not eligible to serve as trustee under section 321 of the Bankruptcy Code. Section 702(d) provides that "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). Again, section 702(b) read in conjunction with section 702(d) mandates this result. Neither the Bankruptcy Code nor the case law gives GPDEV and Simons a second bite at the apple and the Court should not either.[1]

---

[1] The Court already attempted to fix the self-inflicted wounds of GPDEV and Simons by asking them at the hearing whether they would be willing to waive the potential administrative claim that they asserted at the 341 meeting. The Court and the parties are bound by the Report of Disputed Election of Chapter 7 Trustee Submitted by United States Trustee [D.I. 167], which was admitted without objection. As such, GPDEV and Simons cannot escape their material adverse interest to creditors. *See In re San Diego Symphony Orchestra Assoc.*, 201 B.R. 978, 984-85 (Bankr. S.D. Cal. 1996) ("[T]o the extent the Musicians press their claims for postpetition wages, which is a separate type of claim than held by the balance of the prepetition unsecured creditors, that component of their claims may give them a materially adverse interest sufficient to disqualify them from the § 702 process."). The Interim Trustee respectfully submits the Court should look at the claims asserted at the time of the 341 meeting and should not consider arguments that GPDEV and Simons failed to raise in their papers.

GPDEV and Simons were the only parties that did not want Mr. Miller to remain as trustee, and four other creditors participated in the election and voted for the Interim Trustee. GPDEV and Simons called for an election at the 341 meeting. In such an election, creditors are entitled to elect "one person to serve as trustee in the case." 11 U.S.C. § 702(b). GPDEV and Simons voted for one person, but their candidate does not satisfy the prima facie eligibility requirements to be a trustee in this case. GPDEV and Simons knew or should have known that their candidate was ineligible. Their candidate's ineligibility under section 321(a)(1) was specifically raised at the 341 meeting despite their assertions otherwise at the hearing.[2] However, GPDEV and Simons did not make their candidate available at the 341 meeting or at the hearing on his own election, for which they had at least one month to prepare. By calling an election and proposing a candidate who is not eligible to serve, GPDEV and Simons have "exhausted their opportunity to elect a permanent trustee and cannot now complain of the results." *Oxborrow*, 104 B.R. at 362.

Section 703 of the Bankruptcy Code provides no basis to call an election in this case. Section 703(a) provides that "[i]f a trustee dies or resigns during a case, fails to qualify under section 322 of this title, or is removed under section 324 of this title, creditors may elect, in the manner specified in section 702 of this title, a person to fill the vacancy in the office of trustee." 11 U.S.C. § 703(a). None of those conditions applies here. Rather, GPDEV and Simons' candidate is not eligible to be elected or serve under section 321(a)(1) because he does not reside in Delaware or have an office in the District of Delaware or an adjacent judicial district.[3] The purpose of section 703 is to address a "vacancy" in the office of chapter 7 trustee. *See* 4 Norton Bankr. L. & Prac. 3d § 77:10 ("Under Code § 703(a), which applies only in a liquidation case, creditors may elect (as provided in Code § 702) a person to fill a vacancy in the office of trustee, if the trustee (1) dies or resigns, (2) fails to qualify, or (3) is removed."). There is no vacancy in this case. Mr. Miller, the Interim Trustee, has been and continues to serve as the chapter 7 trustee. No vacancy exists and none of the conditions for a successor trustee election in section 703(a) applies. Accordingly, section 703 does not apply.

The Court should not exercise any discretionary or equitable powers to call another election in this case. In *Matter of Lindell Drop Forge Co.*, 111 B.R. 137 (Bankr. W.D. Mich. 1990), following a contested election, the bankruptcy court refused to call another election and appointed the interim trustee as permanent trustee. *Id.* at 144, 147. The court found that:

> the Interim Trustee has appeared at various contested matters and is in the process of administering the assets of the estate. An election dispute may effectively halt or delay the administration of an estate during its pendency. . . . The court does not now believe it is in the best interests of creditors to reconvene the § 341 meeting and conduct yet another election. No fraud, collusion, adverse interest, creditor misconduct, or other relevant

---

[2] *See* Report of Disputed Election of Chapter 7 Trustee Submitted by United States Trustee, D.I. 167, p. 2, fn. 1. Because he did not attend the 341 meeting, parties did not have an opportunity to ask him about his qualifications or his eligibility to be elected trustee.

[3] Conspicuously, section 703(a) does not reference section 321.

> reason has been advanced to reconvene the § 341 meeting and hold another election or to obtain other equitable relief.

*Id.* at 144.

As the decision in *Lindell Drop Forge* makes clear, only something as extreme as fraud, collusion or creditor misconduct could possibly justify calling a second election. There was no evidence of fraud, collusion or creditor misconduct presented at the hearing to resolve the disputed election. Indeed, the record of the 341 meeting, including the Report of Disputed Election of Chapter 7 Trustee Submitted by United States Trustee [D.I. 167], demonstrates that no such circumstances exist. Rather, here, as in *Lindell Drop Forge*, the Interim Trustee has appeared at contested matters and is administering the assets of the estate. A further election process would merely "halt or delay the administration of an estate during its pendency" to the detriment of the creditor body as a whole. *Id.* Such further delay would be particularly offensive in this case where the only creditors that did not want Mr. Miller were GPDEV and Simons, and GPDEV and Simons' candidate did not appear at the hearing regarding his own election for which he had more than one month to arrange to appear remotely.

The Interim Trustee has not found any case where a bankruptcy court allowed a second election where a candidate was found to be ineligible. That is because such a result would fly in the face of public policy. The case law regarding disputed elections is clear that disputed elections are to be addressed quickly so as not to delay the administration of the estate. *See*, *e.g.*, *In re Amherst Techs., LLC*, 335 B.R. 502, 512 (Bankr. D.N.H. 2006) ("A delay in the election or appointment of a permanent chapter 7 trustee could be detrimental to the bankruptcy estate because the administration of the case may effectively stop until the identity of the permanent trustee is determined."); *In re Williams*, 277 B.R. 114, 120 (Bankr. C.D. Cal. 2002); *see also*, *e.g.*, *Frank v. Yip* (*In re Ocean 4660, LLC*), 2016 WL 8650434, *3 (S.D. Fla. March 30, 2016); *Lindell Drop Forge,* 117 B.R. at 144. Allowing creditors a second bite at the apple would frustrate this public policy. Any further delay is particularly unwarranted in this case, in which there are a range of matters that require prompt attention, including a looming deadline in the FEMA/DHS claim litigation pending before the United States Civilian Board of Contract Appeals (assets that GPDEV and Simons do not want the Interim Trustee to pursue) and an application pending before this Court to retain contingency counsel to pursue such claims. Despite GPDEV and Simons' repeated efforts to cast this case as a two-party dispute, it is not. A further election process would merely "halt or delay the administration of an estate during its pendency" to the detriment of the creditor body as a whole. *Lindell Drop Forge,* 117 B.R. at 144.

Team Systems International, LLC
June 22, 2022
Page 6

    The Interim Trustee respectfully submits that the Court should conclude that no statutory or other basis exists to hold another election in this case and the Court should direct that the Interim Trustee be appointed the permanent trustee so that he may continue to pursue the estate's assets for the benefit of all creditors.

Respectfully submitted,

*/s/ David W. Carickhoff*

DAVID W. CARICKHOFF, JR.

*Counsel to the Chapter 7 Trustee*

Cc:   George L. Miller
       Richard Schepacarter
       Jenny R. Kasen
       Michael Moody