UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>    Debtor. | Chapter 7<br><br>Case No. 22-10066-CTG<br><br>Re: Docket No. 186 |

**OBJECTION OF DEBORAH MOTT AND STEVEN ACOSTA TO MOTION OF THE CHAPTER 7 TRUSTEE FOR ORDER FINDING THE DEBTOR AND ITS MEMBERS IN CONTEMPT AND FOR SANCTIONS AGAINST THE DEBTOR AND ITS MEMBERS FOR FAILURE TO TURNOVER BOOKS AND RECORDS**

Equity Interest Holders, Deborah Mott and Steven Acosta (the "Equity Interest Holders"), hereby file this objection ("Objection") to the *Motion of the Chapter 7 Trustee for Order Finding the Debtor and Its Members in Contempt and For Sanctions Against the Debtor and Its Members for Failure to Turnover Books and Records* (the "Motion") [D.I. #186]. In support of this Objection, the Equity Interest Holders respectfully represent as follows:

1.    On Janurary 18, 2022 ("Petition Date"), Team Systems International, LLC, ("Debtor") commenced a voluntary case under Chapter 11 of the Bankruptcy Code by filing a bankruptcy petition.

2.    On March 31, 2022 an Order (the "Conversion Order") was entered by this Court converting the case from a Chapter 11 to a Chapter 7 bankruptcy. George L. Miller ("Trustee") was appointed the interim Chapter 7 trustee in this case.

3.    Pursuant to the Conversion Order, "[t]he **Debtor**, on or as soon as practicable after the Conversion Date, shall; A. Immediately turn-over to the chapter 7 trustee any and all records and estate property under their dominion, control and custody and as required by Federal Rule of Bankruptcy Procedure 1019(4)…" Conversion Order at ¶ 3 (emphasis added). Nowhere

1

in the Conversion Order, does the Court require the Equity Interest Holders to provide the Trustee with any documents, records or estate property. Rule 1019(4) is also silent as to any requirement that the Debtor's members are required to provide documents, records or estate property to the Trustee. For that reason alone, the Motion should be denied as to the Equity Interest Holders.

4. Regardless of their duty to do so, the Equity Interest Holders have been working with the Trustee since his appointment to provide him with the information and documentation necessary for him to administer the Debtor's estate. Specifically, the Equity Interest Holders have provided the Trustee with thousands of pages of documents related to the Debtor's assets and liabilities, including all documents necessary for the Trustee to pursue the Debtor's receivables, all documents related to the claims of GPDEV, LLC and Simons Exploration (not including the 35,000 pages of documents that were supplied to the Trustee by counsel to GPDEV and Simons Exploration), all documents necessary to proceed with the appeal of the judgments entered in the Northern District of Florida, and the Debtor's finances.

5. Per the request of the Trustee, the Equity Interest Holders are in the process of indexing the documents that have already been provided and, hopefully, will have these documents indexed in the next few days.

6. The Trustee has requested that the Equity Interest Holders provide the Trustee with "certain computers containing electronic versions of the Debtor's books and records." Motion at p. 1. The Debtor only owned one computer, which is currently inoperable. The Equity Interest Holders are currently in the process of trying to fix this computer and, if they are able to get it running, are perfectly willing to provide it to the Trustee.

7.      The Trustee has also requested that the Debtor provide historic tax returns.  As an initial matter, the Debtor has not yet filed its 2021 tax returns and has obtained an extension to October 2022 to file them.  The Equity Interest Holders have just recently located the Debtor's 2020 tax returns and a 2018 K-1 that had not already been provided to the Trustee and will be providing those documents to the Trustee forthwith.  All othert requested tax documents have been provided.

8.      Regarding the Trustee requests for emails and access to the Debtor's email server, the Equity Interest Holders do not currently have custody, possession or control of the Debtor's historical emails or current domain credentials.  Due to the nature of the Debtor's business and its work with government agencies, a lot of the Debtor's emails contain classified information and the Debtor's emails are kept on a locked server that is maintained by the government.  If the trustee tried to log in with a non-matching IP address, the government will automatically shut down the server.  The Equity Interest Holders have offered to provide the Trustee with a contact person to call that can hopefully provide him access to the Debtor's historical emails that the Equity Interest Holders currently do not have access to.  There are some non-classified emails that the Equity Interest Holders saved (specifically relating to the FEMA collection, the collection of other receivables, and the work that the Debtor did with GPDEV, LLC and Simons Exploration).  The Equity Interest Holders are currently collecting those emails and will produce them to the Trustee as soon as they are able to.

9.      The Motion references certain real property that is owned by the principals of the Debtor or other third-parties.  Notably, the Trustee does not seek documents related to these properties but does request in his proposed form of order that the Equity Interest Holders be prohibited from transferring or encumbering these properties for a period of six months.  Even if

the Court were to find that sanctions are appropriate here, this requested sanction is inappropriate because it restricts the use of non-Debtor property by parties that are not even members of the Debtor (e.g. Addy Road, LLC) for a arbitrary amount of time, which is completely unrelated to any claims that the Trustee could possibly bring against the owners of those properties. Simply put, this requested sanction does not benefit the estate in any way and only attempts to impair the rights of non-Debtor parties with no legal basis to do so.

10. The Equity Interest Holders believe that there will ultimately be a surplus in this case, so they understand that it is in their best interests to assist the Trustee with maximizing the estate's assets. To that end, the Equity Interest Holders understand the Debtor's obligations to provide information and documents to the Debtor and have been doing everything in their power to provide the Trustee with the requested information and documents. For the reasons outlined above, the relief requested by the Motion should be denied.

WHEREFORE, for the reasons outlined in this Objection, the Equity Interest Holders respectfully request that the Motion be denied.

Dated: June 23, 2022                          CROSS & SIMON, LLC

                                                                    */s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

                                                                   -and-

Richard R. Robles, Esquire
Law Offices of Richard R. Robles, P.A.
905 Brickell Bay Drive, Suite 228
Miami, Florida 33131
(305) 755-9200
rrobles@roblespa.com

*Counsel to the Equity Interest Holders*