THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| | **Re: Docket No. 186** |
| Debtor. | |

**CERTIFICATE OF COUNSEL REGARDING THE
MOTION OF THE CHAPTER 7 TRUSTEE FOR ORDER FINDING THE DEBTOR
AND ITS MEMBERS IN CONTEMPT AND FOR SANCTIONS AGAINST THE
DEBTOR AND ITS MEMBERS FOR FAILURE TO TURNOVER BOOKS AND
RECORDS – AND COMPETING ORDERS**

The undersigned hereby certifies as follows:

1. On June 9, 2022, the Chapter 7 Trustee filed the *Motion of the Chapter 7 Trustee for Order Finding the Debtor and its Members in Contempt and for Sanctions Against the Debtor and its Members for Failure to Turnover Books and Records* (the "Motion")[1] [D.I. 186] with this Court.

2. The deadline to file an objection or other response to the relief requested in the Motion was June 23, 2022 at 4:00 p.m. Deborah Mott and Steven Acosta (the "Management Members") timely filed an objection to the Motion [D.I. 207].

3. On June 30, 2022, the Court held a hearing on the Motion (the "Hearing"). After evidence was presented and counsel made their respective arguments at the Hearing, the Court shared a form of order that it was inclined to enter in connection with the relief sought in the Motion. A copy of the Court's draft form of order (the "Court's Draft Order") is attached hereto as **Exhibit A**. The Court invited the parties to attempt to improve upon it.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

4. After the Hearing, counsel for the Trustee and counsel for the Management Members revised the Court's Draft Order. While substantial progress was made at arriving at a mutually acceptable form of order, the parties could not agree over the freeze on the Real Properties.

5. As part of the relief requested in the Motion, the Trustee understood the Court to have ordered a freeze on the Real Properties for a period of six months <u>after</u> the Trustee received all of the Debtor's books and records. Indeed, the Court's Draft Order provides the following:

> The members of the Debtor and their affiliates are hereby prohibited from transferring or encumbering the Real Properties <u>for a period of six months from the date upon which they have provided the Books and Records to the Trustee</u> without prejudice to the rights of any party to seek to terminate or to extend this prohibition. [emphasis added]

6. The Management Members had a different understanding of the Court's ruling regarding the freeze on Real Properties despite the Court's Draft Order. As such, the Management Members will not agree to language similar to the Court's Draft Order in the proposed form of order. Rather, the Management Members insist that the freeze on the Real Properties should end when they have turned over all of the Debtor's books and records to the Trustee. The Management Members' proposed form of order is attached hereto as **Exhibit B** (the "Management Members' Proposed Order"). The Management Members ask that the Court enter their proposed form of order.

7. The Trustee's proposed form of order is consistent with the Court's Draft Order and provides that the freeze on the Real Properties lasts for a period of six months from the time the Trustee receives all of the Debtor's books and records. The Trustee's proposed form of order is attached hereto as **Exhibit C** (the "Trustee's Proposed Order"). The Trustee respectfully asks that the Court enter the Trustee's Proposed Order, which is consistent with the Court's ruling and the Court's Draft Order regarding the freeze on Real Properties.

8.      A redline comparing the Management Members' Proposed Order to the Trustee's Proposed Order is attached hereto as **Exhibit D** ("Redline of Competing Orders").  The differences that the Management Members' Proposed Order have compared to the Trustee's Proposed Order are highlighted in blue – i.e., the changes are marked against the Trustee's Proposed Order.  While there are other slight differences in the competing orders, the primary difference between the competing orders relates to the freeze on the Real Properties.

9.      Accordingly, the Trustee respectfully requests that the Court enter the Trustee's Proposed Order attached hereto as **Exhibit C** at its earliest convenience.

Dated:  July 13, 2022

By: /s/ *David W. Carickhoff*
David W. Carickhoff (#3715)
ARCHER & GREINER, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile:  (302) 777-4352
Email: dcarickhoff@archerlaw.com

Attorneys for the Chapter 7 Trustee

225188315v2