**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Re: Docket Nos. 181 and 217** |

**AMENDED ORDER APPROVING APPLICATION OF THE CHAPTER 7 TRUSTEE
FOR AN ORDER AUTHORIZING RETENTION OF VENABLE LLP AS SPECIAL
COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF MAY 17, 2022**

Upon the Application (the "Application")[1] of George L. Miller, as chapter 7 trustee (the "Trustee") of the estate of Team Systems International, LLC (the "Debtor"), for entry of an order pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Trustee to employ Venable LLP ("Venable") as his counsel, effective as of May 17, 2022, and upon the Declaration of James Y. Boland annexed thereto (the "Boland Declaration");  the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the Boland Declaration, Venable does not represent or hold any interest adverse to the Debtor or to the estate with respect to the Estate FEMA Claims; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Boland Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

2.      The Trustee is hereby authorized to retain and employ Venable as his counsel pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of May 17, 2022.

3.      All of Venable's compensation for the Litigation Services, as set forth in the Application, including without limitation, the Contingency Fee, hereby is approved pursuant to section 328(a) of the Bankruptcy Code.  For the avoidance of doubt, the Contingency Fee shall not apply to any proceeds received from the sale of the Estate FEMA Claims to a third party. Venable agrees to not seek reimbursement of expenses in excess of $10,000 without further order of the Court.  Venable has agreed to cap the Contingency Fee such that it does not exceed the greater of $1,800,000 or three times the actual fees if its time was billed and calculated using its standard hourly rates.  Venable will record its time contemporaneously to enable this calculation.  By agreement of the parties, in the event that any party appeals Venable's retention or this Order, there shall be no cap on the Contingency Fee.

4.      In connection with the Litigation Services, Venable shall file interim fee applications and a final fee application for compensation and reimbursement of costs and expenses, which shall be analyzed under section 328(a) of the Bankruptcy Code and the Trustee may pay such fees and expenses consistent with an order of this Court approving such applications.  Such fee applications shall identify the amounts collected by the estate from the Estate FEMA Claims and Venable's relevant contingency fee and detail of the expenses incurred for which reimbursement is sought.  In the fee applications, Venable shall not be required to submit the type of detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).

5.      The Trustee and Venable each are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein.

6.      In the event of an inconsistency between the Application and this Order, this Order shall govern.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the Application or the implementation of this Order.

225064240v3

**Dated: July 14th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**