# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Re: D.I. 186** |

## ORDER WITH RESPECT TO TRUSTEE'S MOTION TO
## HOLD DEBTOR IN CONTEMPT

Upon the Motion of George L. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Team Systems International, LLC, for entry of an order finding the Debtor and its members in contempt for violating and continuing to violate the Conversion Order and sanctioning the Debtor and its members for their failure to turnover the Books and Records (the "Motion")[1]; and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and (d) after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Fed. R. Bankr. P. 9001(5)(A), Deborah Evans Mott and Steven Acosta (the "Management Members") are hereby designated to have the duties that the Bankruptcy Code and the Conversion Order [D.I. 151] impose on the Debtor.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

2.      The Management Members shall immediately comply with all obligations imposed on the Debtor under the Bankruptcy Code and the Conversion Order. The failure to satisfy these obligations will subject the Management Members to contempt penalties. The Management Members shall turnover all assets, documents, and other property of the Debtor to the Trustee on or before July 13, 2022 (or, if already produced as Acosta testified at the hearing on the Motion, identify the Bates numbers of the documents), including, without limitation, the following, to the extent they exist:

a) "Original" documents for all deposits and disbursements from 2017 through 2022 (including correspondence), original documentation of unpaid bills, original documentation for accounts receivables (whether collected or still due and outstanding), original documentation for all distributions to members from 2018 through 2022, and original documentation for all capital contributions including date of all contributions;

b) The broken computer and all login credentials (including usernames and passwords) and any receipts or documentation regarding Debtor's attempts to fix such computer;

c) Current draft of the 2020 tax return and supporting schedules, all correspondence with tax lawyer/accountant including any Debtor privileged material but excluding any personal attorney-client privileged material (if any), in which case a privilege log will be provided;

d) The Debtor's expert report from the Florida litigation against the Debtor in the United States District for the Northern District of Florida, Case No. 18-cv-00442-RH-MAF and all documents provided to such expert;

e) Copies of Contracts listed on Schedule G of the Debtor's Schedules of Assets and Liabilities [D.I. 28] and all related correspondence, emails or other communications;

f) Year-end reports for 2017, 2018, 2019, 2020 and 2021 generated by the Debtor's accounting software (Peachtree or any later iteration), and any supporting schedules, and detailed year-to-activity for each of the years requested for each Balance Sheet and Income Statement account by account number;

g) All other reports generated by the Debtor's accounting software (Peachtree or any later iteration) for 2017 through the Petition Date;

h) Invoices for all disbursements from 2017 through 2022 (other than Bering Straits);

i) Schedules supporting 2018 and 2019 tax returns;

j) Debtor's limited liability agreements in effect from 2017 through the Petition Date (including any amendments);

k) All disbursement records from 2017 forward including but not limited to bank statements, cancelled checks, payment ledgers, and accounts payable documents;

l) All correspondence regarding the Debtor's potential claims against FEMA and DHS;

    m) All assets purchased with Debtor funds;

    n) All receipt records from 2017 forward including but not limited to bank statements, deposit documents, deposit ledgers, and accounts receivable documents.

3. The members of the Debtor and their affiliates are hereby prohibited from transferring or encumbering the Real Properties for a period of six months from the date upon which this Order is entered without prejudice to the rights of any party to seek to terminate or to extend this prohibition. To the extent that any party affected by this provision believes that its due process rights were violated with respect to the prohibition, such party may ask the Court for a hearing to address such issues.

4. Upon the Trustee's receipt of all of the documents and items identified in paragraph 2 above (or an affidavit signed by both Management Members indicating that such documents no longer exist or never existed), the Trustee shall file a notice with the Court confirming his receipt of such documents and items. Upon the filing of such notice, the prohibitions in paragraph 3 shall be automatically lifted and vacated without further order of the Court.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement of this Order.

6. The Motion is otherwise DENIED without prejudice to the Trustee's right to renew it if circumstances warrant.

*[Signature]*

**Dated: July 14th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**