**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-10066 (CTG)<br><br>**Hearing Date: September 14, 2022 at 1:00 p.m.**<br>**Objection Deadline: September 1, 2022 at 4:00 p.m.** |

**MOTION TO COMPEL TRUSTEE TO FILE NOTICE**
**CONFIRMING RECEIPT OF DOCUMENTS**

Now come Equity Interest Holders, Deborah Mott and Steven Acosta (the "Equity Interest Holders"), by and through undersigned counsel, and hereby move this Honorable Court (the "Motion"), for an order compelling George L. Miller (the "Trustee"), in his capacity as Chapter 7 Trustee of the Estate of Team Systems International, LLC, to file a notice with this Court indicating that he has received certain documents from the Equity Interest Holders. In support of this Motion, the Equity Interest Holders respectfully shows the Court as follows:

1. On January 18, 2022 ("Petition Date"), Team Systems International, LLC, (the "Debtor") commenced a voluntary case under Chapter 11 of the Bankruptcy Code by filing a bankruptcy petition.

2. On March 31, 2022 an order was entered by this Court converting the case from a Chapter 11 to a Chapter 7 bankruptcy, and the Trustee was appointed the Chapter 7 trustee in this case.

3. On or about June 9, 2022, the Trustee filed the *Motion of the Chapter 7 Trustee for Order Finding the Debtor and Its Members in Contempt and For Sanctions Against the Debtor and Its Members for Failure to Turnover Books and Records* [D.I. 186] (the "Sanctions Motion"), asking the Court to hold the Equity Interest Holders and Debtor in contempt and to

levy sanctions against them for their alleged failure to provide the Trustee with certain documents and other things related to the Debtor. One of the requested sanctions was a restriction on certain real property held by non-Debtors for a period of six months from the date that documents were provided

4. After a hearing on the Sanctions Motion, the Court granted the motion in part and the Equity Interest Holders and the Trustee provided competing proposed forms of order. Ultimately, the Court entered the *Order With Respect to Trustee's Motion to Hold Debtor in Contempt* [D.I. 222] (the "Contempt Order").

5. Pursuant to the Contempt Order, the Equity Interest Holders were required to immediately provide certain documents and things to the Trustee as identified in the fourteen categories delineated in paragraph 2 of the Contempt Order. If any documents had already been produced, the Equity Interest Holders were required to identify such documents by Bates number.

6. In addition to the documents that were provided to the Trustee prior to the entry of the Contempt Order, between July 13, 2022 and August 3, 2022, thousands of documents (as well as the broken computer identified in paragraph 2(b) of the Contempt Order) were provided to the Trustee. Additionally, on August 3, 2022, the Trustee was provided with a list of documents, by Bates number, that shows that all documents required by paragraph 2 of the Contempt Order were provided. A copy of such list is attached hereto as Exhibit A.

7. Pursuant to paragraph 4 of the Contempt Order, "Upon the Trustee's receipt of all of the documents and items identified in paragraph 2 above (or an affidavit signed by both [Equity Interest Holders] indicating that such documents no longer exist or never existed), the Trustee shall file a notice with the Court confirming his receipt of such documents and items."

Per the Contempt Order, upon the Trustee's filing of the notice, all restrictions on non-Debtor real property will be automatically lifted.

8. Though the Trustee has been in possession of all responsive documents and the list of Bates numbers for at least two weeks, he has failed to file the notice as required and has not responded to requests for confirmation that all responsive documents have been provided. The Trustee has not alleged that any documents are missing or have been improperly withheld (the Equity Interest Holders have not withheld any otherwise responsive documents) and has not asked for any additional documents or Debtor property.

9. At this point, the Equity Interest Holders do not seek to have the Trustee held in contempt of the Contempt Order. Their sole interest is in getting the Trustee to file the required notice so that the restrictions on the non-Debtor real property will be lifted. The Equity Interest Holders have met their obligations under the Contempt Order and the Trustee should be compelled to meet his obligations.

10. The Equity Interest Holders reserve their rights to bring a further motion to hold the Trustee in contempt should he not file the required notice.

11. Pursuant to Del. Bankr. L.R. 7026-1, the undersigned hereby certifies that he has conferred and attempted to confer in good faith to obtain the requested relief without Court action, but has been unable to secure such requested relief without the Court's involvement.

WHEREFORE, for the reasons set forth herein, the Equity Interest Holders respectfully request that the Court enter an Order compelling the Trustee to file the notice required by the Contempt Order.

Dated: August 18, 2022						CROSS & SIMON, LLC

							 /s/ Kevin S. Mann
							Kevin S. Mann (No. 4576)
							1105 N. Market Street, Suite 901
							Wilmington, Delaware 19801
							(302) 777-4200
							kmann@crosslaw.com

								-and-

							Richard R. Robles, Esquire
							Law Offices of Richard R. Robles, P.A.
							905 Brickell Bay Drive, Suite 228
							Miami, Florida 33131
							(305) 755-9200
							rrobles@roblespa.com

							*Counsel to the Equity Interest Holders*