**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-10066 (CTG)<br><br>**Re: Docket Nos. 239, 245** |

**REPLY OF DEBORAH MOTT AND STEVEN ACOSTA IN SUPPORT OF MOTION TO COMPEL TRUSTEE TO FILE NOTICE CONFIRMING RECEIPT OF DOCUMENTS**

Now come Equity Interest Holders, Deborah Mott and Steven Acosta (the "Equity Interest Holders"), by and through undersigned counsel, and hereby file this reply in further support of the *Motion to Compel Trustee to File Notice Confirming Receipt of Documents* [Docket No. 239] (the "Motion")[1] and in response to the Objection of the Chapter 7 Trustee to Motion of Insiders to Compel Trustee to File Notice Confirming Receipt of Documents [Docket No. 245] (the "Objection"), and respectfully assert as follows:

1. Since the conversion of this case, the Equity Interest Holders have attempted to assist and support the Trustee in his duties but have been met with nothing but vague document demands or absolute silence. The Equity Interest Holders believe that, once the Trustee collects all outstanding receivables, there will be a surplus that flows to them. To that end, they have a vested interest in providing the Trustee will all of the information, documents and assistance that he may need to complete his duties in this case.

2. The Equity Interest Holders, as noted in the Motion, only filed the Motion to get the Trustee to file the required notice so that restrictions on the non-Debtor real property could be

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

lifted. However, it now appears, based on the Trustee's assertions in the Objection, that the Trustee will never be satisfied that all documents have been produced by the Equity Interest Holders. The Contempt Order required the Equity Interest Holders to turnover documents and other things to the Trustee, which they have done. Even if the Equity Interest Holders were to certify[2] the non-existence of the purportedly missing documents identified in the Objection, the Trustee will continue to imagine documents that should be turned over that are either not in the possession, custody or control of the Equity Interest Holders or that do not exist.

3.      After already receiving thousands of pages of documents from the Debtor, the Trustee moved this Court for an order holding the Debtor and the Equity Interest Holders in contempt for not providing books and records. After the Court entered its Contempt Order directing the Equity Interest Holders to turnover Debtor assets, documents and other property in 14 different categories, the Equity Interest Holders provided the Trustee with over 22,000 pages of documents corresponding with the 14 document categories (as well as the broken computer). The Equity Interest Holders also provided the Trustee with a list identifying, by Bates number, which produced documents fit into which category and indicated to the Trustee the Equity Interest Holders' belief that all documents had been produced. See Exhibit A to the Motion.

4.      After completing the production, undersigned counsel to the Equity Interest Holders attempted, several times, to obtain the Trustee's confirmation that all responsive documents had been provided. The Equity Interest Holders are not seeking to shift the burden to the Trustee of determining which documents may be missing – the Sanctions Order puts the burden

---

[2] The Sanctions Order, at paragraph 4, indicates that the Trustee is to file the requested notice upon his receipt of all of the documents "identified in paragraph 2 above (**or** an affidavit signed by both [Equity Interest Holders] indicating that such documents no longer exist or never existed)." As the Equity Interest Holders have provided all of the documents identified in paragraph 2 of the Sanctions Order, no affidavit is necessary.

on the Trustee as he is to file his notice upon his receipt of the documents identified. Unfortunately, the Trustee chose to completely ignore these requests and never responded, which led to the filing of the Motion after two weeks of complete silence from the Trustee and his counsel.

5. Even after the Motion was filed, the Trustee and his counsel still did not respond for another two weeks until the Objection was filed. Now, the Trustee has accused the Equity Interest Holders of withholding documents that were either produced or that do not exist.

6. As an initial matter, the Trustee's statements that the Equity Interest Holders did not provide any documents prior to July 13, 2022 and that electronic data was not provided, are simply untrue. As Mr. Acosta testified at the Contempt Order hearing, the Equity Interest Holders provided thousands of pages to the Trustee, through Debtor's counsel, prior to July 13, 2022 and that the Equity Interest Holders worked with the Trustee's staff to index these documents. Further, on or about June 29, 2022, Equity Interest Holders' counsel provided approximately 15,000 pages of electronic documents to the Trustee's counsel. See email chain attached hereto as Exhibit 1.

7. Additionally, the Trustee alleges that there are "significant gaps" in the Bates numbered documents. However, the Trustee has failed to identify for the Equity Interest Holders where such gaps are so that they can be either explained or filled in. And the Trustee's statement that he has no idea who produced these documents and who they were previously produced to is hard to believe.[3] As mentioned above, the "Previously Produced Documents" were provided to the Trustee or his counsel by either the Debtor's counsel or the Equity Interest Holders.

8. Looking at the Trustee's specific complaints, he first argues that the Equity Interest Holders have not produced "original" documents. Though that term is not defined in the Sanctions

---

[3] The approximately 11,000 documents that the Trustee claims to have never received, though not identified in the Objection, are likely the Bering Straits documents that were provided to the Trustee on June 29, 2022, discussed above.

Motion, it is the Equity Interest Holders' position that they have produced "original" documents in that they have provided photocopies of all documents with only Bates numbers added. None of the documents have been redacted by the Equity Interest Holders and, if the Trustee believes that any documents were redacted by the Equity Interest Holders, he can specifically identify those documents so that the Equity Interest Holders can search for unredacted documents. The Equity Interest Holders are sensitive to the fact that redactions were a significant issue in the conversion hearing. But, Jenny Kasen, counsel to certain creditors, indicated at the March 16, 2022 hearing that she was responsible for document redactions – not the Debtor or the Equity Interest Holders. Thus, any documents in the Trustee's possession that were provided as part of the pre-conversion litigation were not redacted by the Equity Interest Holders. See March 16, 2022 Transcript [Docket No. 191] at p. 136. Notably, when faced with the opportunity to sanction the Debtor for allegedly improperly redacting documents, the Court chose not to do so. See *Memorandum Opinion* [Docket No. 146]. Also, the Trustee was made aware of the redaction issues months ago by Mr. Acosta. See email from S. Acosta to D. Carickhoff of May 5, 2022 attached hereto as Exhibit 2.

9. The Trustee next asserts that certain emails that were produced do not contain the related attachments. As Mr. Acosta testified at the hearing on the Sanctions Order, the Equity Interest Holders do not have access to their emails, thus, any emails that have been provided are emails that were printed by the Equity Interest Holders and the Equity Interest Holders assert that they have produced all of such emails. Additionally, all of the emails produced by Equity Interest Holders' counsel on June 29, 2022 contain the related attachments.

10. The Trustee asserts that the Equity Interest Holders have not provided all of the required tax documents. Paragraph 2(i) of the Sanctions Order requires the Equity Interest Holders to provide "[s]chedules supporting the 2018 and 2019 tax returns." As indicated in the list attached

to the Motion as Exhibit A, the Equity Interest Holders have provided such schedules and noted the Bates numbers for the Trustee's convenience. The Trustee's argument that the Equity Interest Holders have not met their obligations because they did not provide 1099-INT statements is misleading. The Debtor chose to be taxes as a partnership so a form 1099-INT is not required and not filed by the Debtor. This again illustrates the point that a certification that certain documents do not exist from the Equity Interest Holders will never satisfy the Trustee because there is no way the Equity Interest Holders can identify all of the documents that the Trustee thinks should exist.

11. The bulk of the Trustee's Objection goes to his belief that the Equity Interest Holders have not provided support for all disbursements made since 2017. Many of these transactions are intercompany (in that they were transfers from one Debtor account to a different Debtor account) and can be traced through the bank records provided to the Trustee. To the extent that any disbursement or receipt records exist and are in the possession, custody or control of the Equity Interest Holders, they have been provided to the Trustee. See Exhibit A to the Motion at (A), (H), (K), and (N). Further, the Trustee requests records relating to certain credit card payments. The Debtor did not have a corporate credit card and any payments made to credit card companies was as reimbursement for contractor expenses.

12. The Trustee asserts that the Equity Interest Holders have failed to provide a calculation or other documents to support member distributions, failed to provide employment agreements, and failed to provide documents relating to travel expenses. First, these documents were not specifically mentioned in paragraph 2 of the Sanctions Order. Second, to the extent that they exist, all responsive documents in the Equity Interest Holders' possession, custody and control have been provided. Specifically, the Trustee was provided with the Debtor's Limited Liability Agreement, which is also on the Court's docket for this case. See Docket No. 74-18. The Limited

Liability Company Agreement clearly spells out how profits are distributed to members, including the Equity Interest Holders. Also, the Trustee should be aware that the Debtor did not have employees that would necessitate employment agreements.

13. The Trustee asserts that he has not received BVBA bank statements or related documents after October 2021. However, BVBA was acquired by PNC in October 2021 (https://pnc.mediaroom.com/2021-06-01-PNC-Completes-Acquisition-of-BBVA-USA) and all of the Debtor's PNC bank statements and related documents have been provided.

14. The Trustee indicates in the Objection that the Equity Interest Holders have not provided information related to a certain uncollected receivable. However, Mr. Acosta has attempted to contact both the Trustee's staff and counsel to provide information and assistance in collecting this receivable. See email from S. Acosta to D. Carickhoff of June 16, 2022 attached hereto as Exhibit 3. Also, the amounts due were identified in the Debtors' Schedules of Assets and Liabilities [Docket No. 28] and relevant documents are included within the documents produced to the Trustee. Further, the Equity Interest Holders provided the Trustee with the DCAA Contract Audit Manual which provides instructions for billing on each of the Debtor's contracts.

15. Finally, the Trustee indicates that there are "issues" related to the broken computer that was provided to him. The Trustee does not indicate what these "issues" are beyond a missing power cord and "no data files." Mr. Acosta testified that the computer was not operational and the Equity Interest Holders cannot make any guaranty to the Trustee as to whether the computer can be fixed or whether there was still information on such computer. The Trustee was provided with the computer, login credentials and documents related to the Debtor's attempt to fix the computer. See Exhibit A to the Motion at section (B). Thus, the Equity Interest Holders have met their obligations as they relate to the Debtor's broken computer.

16.     In sum, the Equity Interest Holders can only provide the Trustee with Debtor documents that are in their possession, custody or control and the Equity Interest Holders believe, to the best of their knowledge, that they have done so.

WHEREFORE, for the reasons set forth herein and in the Motion, the Equity Interest Holders respectfully request that the Court overrule the Trustee's Objection and enter an Order compelling the Trustee to file the notice required by the Contempt Order.

Dated: September 9, 2022				CROSS & SIMON, LLC

						 /s/ Kevin S. Mann
						Kevin S. Mann (No. 4576)
						1105 N. Market Street, Suite 901
						Wilmington, Delaware 19801
						(302) 777-4200
						kmann@crosslaw.com

								-and-

						Richard R. Robles, Esquire
						Law Offices of Richard R. Robles, P.A.
						905 Brickell Bay Drive, Suite 228
						Miami, Florida 33131
						(305) 755-9200
						rrobles@roblespa.com

						*Counsel to the Equity Interest Holders*