## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**CRAIG T. GOLDBLATT**
**JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3832**

September 21, 2022

**<u>VIA CM/ECF</u>**

Re:    *In re Team Systems International*, Case No. 22-10066

Dear Counsel:

The debtor[1] was a government contractor that filed for chapter 11 but whose case was converted to chapter 7. The Judgment Creditors[2] sought to elect a chapter 7 trustee. This Court held, in an opinion dated July 15, 2022,[3] that the Court could resolve any "dispute" about the Judgment Creditors' claims in connection with resolving the disputed trustee election and that the claims (which had been reduced to judgments that were entitled to preclusive effect) were not "disputed" within the meaning of § 702 of the Bankruptcy Code.[4] The Judgment Creditors were thus entitled, as holders of a majority of the debt, to elect a chapter 7 trustee. The Court further concluded, however, that the trustee whom the Judgment Creditors selected

---

[1] Team Systems International, LLC is referred to as the "debtor."

[2] GPDEV, LLC and Simons Exploration, Inc. are referred to as the "Judgment Creditors" or the "Movants."

[3] *See* D.I. 223.

[4] *See id.* at 6-22.

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 2 of 11

was not "eligible" to serve as the trustee under § 321 of the Bankruptcy Code.[5]  Having

thus concluded that the Judgment Creditors had failed to elect an eligible trustee at

the § 341 meeting, the Court then concluded, under § 702(d) of the Bankruptcy Code,

that the interim trustee appointed by the U.S. Trustee remains as the trustee and

that the Judgment Creditors were not entitled to a second opportunity to select an

eligible trustee.[6]  Those conclusions were reflected in an Order dated July 28, 2022.[7]

The Judgment Creditors bring this timely motion, under Federal Rule of Civil

Procedure 59(e),[8] to alter or amend that judgment.  Their core argument in support

of reconsideration is that "eligibility" under § 321 of the Bankruptcy Code is a

component of "qualification" under § 322.  As a result, they contend that the question

whether a trustee is "elected" is to be decided without regard to the proposed trustee's

"eligibility."  Accordingly, they argue that their proposed trustee, having been elected,

was entitled to the notice that Federal Rule of Bankruptcy Procedure 2008 requires

the U.S. Trustee to send to elected trustees.  And they also argue that they are

entitled to a second opportunity to elect a qualified trustee under § 703(a).  The Court

is not persuaded by these arguments and the motion will therefore be denied.

---

[5] *Id.* at 26-30.

[6] *Id.* at 30-32.

[7] D.I. 228.

[8] Rule 59 of the Federal Rules of Civil Procedure is made applicable to this contested matter under Federal Rule of Bankruptcy Procedure 9023.

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 3 of 11

This Court welcomes the opportunity to correct any mistake it may have made. And the Movants have a point in contending that the arguments they advance on rehearing were included in the prior submission and not fully engaged by the Court's opinion. That said, for the reasons described below, the arguments are wrong as a matter of law. Accordingly, the Movants have not satisfied the applicable standard for obtaining relief under Rule 59(e). The motion will therefore be denied.

### Factual and Procedural Background

The U.S. Trustee appointed George L. Miller as the interim trustee promptly upon the entry of the order converting this case to one under chapter 7.[9] At the § 341 meeting, the Judgment Creditors requested the election of a permanent trustee and subsequently voted to elect Don Workman. Because Miller had objected (immediately before the § 341 meeting) to the proofs of claim filed by the Judgment Creditors, the election was disputed. The U.S. Trustee thus filed a report of disputed election pursuant to Federal Rule of Bankruptcy Procedure 2003(d)(2).[10] The Judgment Creditors filed a timely motion to resolve the dispute.[11] The Court then held an evidentiary hearing after which it issued a Memorandum Opinion, the conclusions of which were embodied in its order dated July 28, 2022.[12] The current motion to alter or amend seeks reconsideration of that order.

---

[9] D.I. 223 at 3.

[10] D.I. 167.

[11] D.I. 174.

[12] D.I. 223, 228.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Analysis

Under Third Circuit case law, a request to alter or amend a judgment under Rule 59(e) requires a movant to show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[13]  Movants neither claim that there has been an intervening change in the intervening law nor point to any new evidence.  The motion thus turns on their contention that the Court committed a clear error of law or fact.

## I.    Movants point to no error of law that warrants reconsideration.

Movants advance two primary arguments for reconsideration, both of which flow from their core contention that "eligibility" under § 321 should be viewed as a component of "qualification" under § 322.  *First*, they contend that Workman was entitled to receive notice, under Rule 2008, of his election as trustee and was denied a fair opportunity to demonstrate his eligibility by the failure to receive such notice.  *Second*, they contend that § 703(a), which provides for the election of a successor

---

[13] *In re Maxus Energy Corp.*, 571 B.R. 650, 654 (Bankr. D. Del. 2017) (internal quotations omitted); *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d. Cir. 2018).

trustee when an elected trustee fails to qualify under § 322, is applicable when a trustee is found ineligible under § 321. Because neither of these contentions is correct, neither provides a basis for reconsideration.

### A.    "Eligibility" is properly resolved as part of a disputed trustee election; it is not a component of "qualification."

The Court addressed and resolved the issue of the disputed election in the Memorandum Opinion. The Court found that while the judgment creditors were entitled to choose a trustee, the trustee they chose, Workman, was not eligible to serve under § 321 of the Bankruptcy Code.[14] Section 702(d) of the Bankruptcy Code, which defines the election procedures for a trustee, states that "if a trustee is not elected under this section, then the interim trustee shall serve as trustee."[15] The Court found it implicit in the Code that a trustee must be eligible under § 321 to be validly elected.[16] Therefore, the Court, in resolving this disputed election, had to consider Workman's eligibility. Because the evidence presented at the hearing did not establish Workman's eligibility under § 321, the Court concluded that the Judgment Creditors failed validly to elect a trustee.[17]

In their motion to alter or amend, the Movants contend that "eligibility" under § 321 is not a prerequisite to the having been "elected." Rather, they argue that a

---

[14] D.I. 223 at 26-30.

[15] *Id.* at 7.

[16] *Id.* at 26-32.

[17] *Id.*

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 6 of 11

trustee is "elected" so long as the proposed trustee receives the votes of a majority of the creditors who are entitled to vote.  The question of "eligibility," they contend (as discussed below) does not bear on whether the trustee is "elected," but is effectively folded into the question whether the trustee is "qualified" under § 322.

The consequence of that argument is that (if it were correct) a trustee who receives the requisite votes would be entitled to be notified by the U.S. Trustee of his or her selection under Bankruptcy Rule 2008, which then triggers the process of "qualifying" under § 322 by posting an appropriate bond.  The Movants' argument is that the failure of the U.S. Trustee to provide notice to Workman of his election deprived Workman of his right to demonstrate his "eligibility" at the hearing on the contested election.

The U.S. Trustee responds to this argument by noting that it puts the cart before the proverbial horse.  In the U.S. Trustee's view, no trustee is "elected" in a case in which the election is disputed unless and until the Court resolves the disputed election.  As the U.S. Trustee sees it, the obligation to provide the Rule 2008 notice, in a case in which the election is disputed, arises only after the disputed election is resolved by the Court.  Only after the Court resolves the dispute and decides who has been elected does the process of determining whether the elected trustee "qualifies" under § 322 begin.  On that basis, the U.S. Trustee contends that Workman was never "elected" as the trustee and thus was not entitled to receive a Rule 2008 notice.

The Court's Memorandum Opinion rejected the Movants' argument, at least implicitly. The opinion treated the question of "eligibility" under § 321 as part of the resolution of the disputed election, not part of "qualification" under § 322 (which would not occur until later).  And while the Court's Memorandum Opinion could perhaps have been clearer in explaining that the Court had considered and rejected this argument, which the Judgment Creditors did advance in their June 22, 2022 supplemental brief,[18] this argument provides no basis for reconsideration because it is wrong on the merits.  The Movants' argument hinges entirely on their contention that eligibility under § 321 is in fact a sub-part of "qualification" under § 322.  But there is nothing at all in the text of the Bankruptcy Code that states, or even implies, anything of the sort.  Rather, the Court is persuaded that the better reading of the Code, and the one adopted by every case addressed in the Memorandum Opinion, is to treat the question of eligibility as part of the issue before the court in connection with the resolution of a disputed election.  In seeking reconsideration, Movants point to no case that supports their construction.

Moreover, as the U.S. Trustee points out, the Movants' reading would give rise to any number of anomalies.  Consider a case in which multiple trustee candidates received votes at the § 341 meeting and deciding which (if any) trustee was elected turned on resolving questions regarding the creditors' eligibility to vote.  On the Movants' reading of the Code, the U.S. Trustee would be required to treat each of

---

[18] See D.I. 204 at 5-6.

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 8 of 11

these candidates as if he or she had been "elected" at the § 341 meeting and thus provide the Rule 2008 notice to each (which would trigger the process of each candidate posting a bond to demonstrate his or her "qualification"). The alternative reading, and the one adopted in each of the cases of which this Court is aware, would have the Court resolve the question of eligibility under § 321 as part of the process of deciding a contested election, with the issue of qualification arising only after the disputed election is resolved by the Court. That approach simply makes more sense. The Movants accordingly have not made a showing of the kind of clear error that would provide a basis for granting relief under Rule 59(e).

### B. Movants' argument that they were entitled to a second chance to elect a trustee fails for similar reasons.

The second part of Movants' argument is closely related to the first. Because, in their view, the question of "eligibility" under § 321 is (*sub silentio*) baked into a trustee's "qualification" under § 322, the provision of § 703(a) that permits creditors an opportunity to select a different trustee if a trustee fails to "qualify" under § 322 applies to trustees who are selected by creditors but turn out to be ineligible under § 321.

The problem with this argument is that it finds no support in the words of the Bankruptcy Code. Section 703(a), by its terms, applies to "qualification" under § 322. Section 703(a) makes no reference at all to eligibility under § 321, which, under ordinary principles of statutory construction, gives rise to a strong inference that § 703(a) does not apply to eligibility under § 321.

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 9 of 11

The Movants contend, however, that § 321 is, in effect, a subsection of § 322. But again, they point to nothing in the Bankruptcy Code (or any case law) that might support that contention. And when Congress wanted one statutory provision to operate as a subsection of another section, there is no question that it knew exactly how to do that.

Accordingly, the only logical conclusion, and the one the Court drew in the Memorandum Opinion, is that the express provision of § 703(a) that grants creditors the chance to elect a successor trustee if an elected trustee fails to qualify under § 322 implies that Congress intended to afford no such opportunity when creditors elect a trustee who is not eligible under § 321. This argument accordingly provides no basis for altering or amending the Court's prior order.

In fairness to the Movants, the Court itself, in the Memorandum Opinion, at one point used the term "qualified" when the proper term was "eligible."[19] Notwithstanding that imprecision on the Court's part, the statutory difference between the two different sections of the Bankruptcy Code – §§ 321 and 322 – is quite clear and controlling here.

## II.  Alternatively, Movants lack standing to argue that Workman was denied his procedural right to appropriate notice.

As noted in Part I.A., Movants' position is that Workman was entitled, under Rule 2008, to receive notice that he was "elected" as trustee regardless of whether he

---

[19] *See* D.I. 223 at 26 (point header uses term "qualified" rather than "eligible").

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 10 of 11

was "eligible," since (in their view) "eligibility" under § 321 is more properly decided in connection with "qualification" under § 322. Part I.A. rejects that argument on the merits. But to the extent the argument turns on the claim that Workman was entitled to notice, it also fails for the separate reason that the Movants are not entitled to assert Workman's rights.

A party seeking relief from a federal court must establish that it has both Article III and prudential standing.[20] Article III standing is not at issue here – there is certainly a live dispute, a concrete case or controversy, over the Movants' efforts to elect a trustee of their choosing.[21] The issue for the Movants is the prudential requirement that litigants are typically limited to asserting their own rights. A party may not seek relief based on alleged violations of others' rights.[22]

Notwithstanding the general prohibition on litigating the rights of others, federal courts will permit litigants to vindicate the rights of third parties if: 1) the "plaintiff [has] suffered an actual injury, although not necessarily one to its own legally protected interests";[23] 2) plaintiff has a close enough relationship with the third party whose rights he is asserting, such that he has a "sufficiently concrete

---

[20] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

[21] *See generally Pitt News v. Fisher*, 215 F.3d 354, 359 (3d. Cir. 2000); *Davis v. Fed Election Comm'n*, 554 U.S. 724, 733 (2008)**;** *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

[22] *In re Ampal-Am. Isreal Corp.*, 502 B.R. 361, 368 (Bankr. S.D.N.Y. 2013).

[23] *Pitt News*, 215 F.3d at 362. (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).

*In re Team Systems International*, Case No. 22-10066
September 21, 2022
Page 11 of 11

interest" in the outcome of the suit; 3) "there [is] some hindrance to the third party's ability to protect his or her own interests."[24]

These conditions are not satisfied here.  Movants do not purport to speak for Workman.  To the extent Workman had a procedural right to receive notice (and, as described above, the Court is not persuaded that he did), that argument is for him to make (or not).  Movants do not claim that *they* lacked notice in any respect.  And even if Workman had been entitled to receive notice, under principles of prudential standing, the Movants are not permitted to obtain relief on account of an alleged violation of Workman's rights.  Movants thus lack prudential standing to advance this argument.

## CONCLUSION

For the reasons set forth above, the motion to alter or amend will be denied. The Court will enter an appropriate order.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[24] *Id.*