**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| TEAM SYSTEMS INTERNATIONAL, LLC, | ) | Case No. 22-10066 (CTG) |
|  | ) |  |
| Debtor. | ) | **Hearing Date: Dec. 14, 2022 at 1:00 pm** |
|  | ) | **Objection Deadline:  Nov. 18, 2022 at 4:00 p.m.** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER, PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2004, AND
LOCAL BANKRUPTCY RULE 2004-1, AUTHORIZING AND DIRECTING
THE EXAMINATION OF VARIOUS ENTITIES**

George L. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Team Systems International, LLC (the "Debtor"), hereby files this motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and directing discovery from (i) TSI Gulf Coast, LLC, (ii) Randall L. Leshin, P.A., (iii) Tunnell & Raysor, P.A., (iv) TD Bank, N.A., (v) Artisan's Bank, (vi) Luis A. Ayala Colón Sucrs., Inc., (vii) National Financial Services, Inc., National Life Group, National Life Insurance Company, and Equity Services Inc. (collectively, the "National Life Entities"), (viii) Coffelt Land Title, Inc.; (ix) McBee Custom Homes, (x) Addy Road LLC, (xi) Southern Title Holding Company, LLC, and (xii) Lindsay Blee Americas LLC (collectively, the "2004 Examinees") relating to communications, transfers made to or from the Debtor, and other information. In support of this motion, the Trustee respectfully states as follows:

## I.    **PRELIMINARY STATEMENT**

1.    The Trustee has been attempting to gather the Debtor's books and records since his appointment.  Despite the Trustee's efforts, significant gaps in the Debtor's books and records remain, particularly regarding transfers made between September 2017 and the Petition Date (defined below).

2.    To enable the Trustee to administer the estate and plug the gaps in the Debtor's books and records, the Trustee requires additional documents and information.  Accordingly, the Trustee files the instant Motion to seek discovery from the 2004 Examinees.

## II.    **JURISDICTION AND VENUE**

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4.    The Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The predicates for the requested relief are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1.

## III.    **BACKGROUND**

7.    On January 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

8.    On March 31, 2022, the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code (the "Conversion Order") [D.I. 151].

9.    On March 31, 2022, George L. Miller was appointed as interim chapter 7 trustee of the Debtor.  After a disputed election process, Mr. Miller has become the permanent trustee.

225883369v1

10.     Although the Trustee has certain of the Debtor's books and records, as set forth above, there are significant gaps that need to be filled.

### IV.    RELIEF REQUESTED

11.     Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1, the Trustee seeks authorization to issue subpoenas to the 2004 Examinees for the production of documents relating to the topics set forth on **Exhibit B** (collectively, the "Examination Topics") and for any deposition testimony needed to clarify questions regarding the documents produced.

### V.    BASIS FOR RELIEF

12.     "On motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of a debtor or any other entity with knowledge of the debtor's acts, property, liabilities, and financial condition. *See In re Marathe*, 459 B.R. 850, 858-59 (Bankr. M.D. Fla. 2011); *In re Summit Glob. Logistics*, No. 08-11566, 2008 WL 1336722, at *2 (Bankr. D.N.J. Apr. 9, 2008); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Such examination "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate." *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 354 (3d Cir. 2007).

13.     Bankruptcy Rule 2004 has been termed the "basic discovery device used [in] bankruptcy cases." *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *see also In re Bennett Funding Grp., Inc*., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (same); *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992) (same). It permits the examination of any party without the

225883369v1

requirement of an adversary proceeding or contested matter. *In re Symington*, 209 B.R. at 683. The purpose of Bankruptcy Rule 2004 is to permit a broad investigation into the financial affairs of the debtors to assure the proper administration of bankruptcy estates. *See id*. "Legitimate goals of Rule 2004 examinations include discovery of assets, examining transactions, and determining whether wrongdoing has occurred." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (quoting *Washington Mutual*, 408 B.R. 45, 50 (Bankr. D. Del. 2009)); *see also In re DeWitt*, 608 B.R. 794, 800 (W.D. Pa. 2019) ("[Debtors'] use of Rule 2004 discovery at this time to identify or evaluate possible claims against [third-party] meets the requirements of Rule 2004") (collecting cases); *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) ("Examinations under Rule 2004 are allowed for the 'purpose of discovery assets and unearthing frauds'") (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)).

14.     Bankruptcy Rule 2004(b) provides that the scope of the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). In addition, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id*. "In his inquiry as to 'property of a bankrupt', the trustee is not confined to efforts to uncover property owned by the bankrupt at the time of bankruptcy. He may elicit the facts as to property transferred by the bankrupt prior to bankruptcy, in an endeavor to find out whether it was fraudulently or preferentially transferred. Such property was once the property of the bankrupt and it may be assets of the bankrupt estate." *Matter of Isis Foods, Inc.*, 38 B.R. 45,

47 (Bankr. W.D. Mo. 1983) (quoting *In re Insull Utility Invests.*, 27 F. Supp. 887, 890 (S.D.N.Y. 1934)).

15.     Moreover, the scope of a Bankruptcy Rule 2004 examination is much broader than discovery under the Federal Rules of Civil Procedure. Indeed, courts have recognized that the scope of Bankruptcy Rule 2004 examinations is broad, unfettered, and can legitimately be in the nature of a "fishing expedition." *In re Millennium Lab Holdings II*, 562 B.R. at 626; *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Valley Forge Plaza Assocs.*, 109 B.R. at 674; *In re Table Talk*, 51 B.R. at 145.

16.     The Trustee unquestionably meets the threshold for allowing the requested Rule 2004 discovery. The request is in furtherance of the Trustee's statutory duty to investigate the financial affairs of the Debtor, which include any fraudulent and/or preferential transfers of the Debtor's assets.  Finally, the relief requested is highly targeted and narrowly-tailored to aid the Trustee's investigation.

## VI.     CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

17.     Prior to the filing of this Motion, the undersigned counsel for the Trustee sent letters to the 2004 Examinees seeking to meet and confer regarding the Trustee's request for documents and other information.  Many of the 2004 Examinees have failed to respond to the request.  Others responded requesting a formal subpoena.  Others appeared to be cooperative but have not yet agreed to provide any of the requested documents and information.

## VII.     RESERVATION OF RIGHTS

18.     The Trustee reserves the right to apply to the Court to seek additional discovery in connection with these matters.

225883369v1

WHEREFORE the Trustee respectfully requests that the Court grant the relief requested herein, enter the Proposed Order, and for such other and further relief as it deems just and proper.

Dated:  November 10, 2022                         ARCHER & GREINER, P.C.

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
bjhall@archerlaw.com

*Counsel for the Chapter 7 Trustee*

225883369v1