IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br> TEAM SYSTEMS INTERNATIONAL, LLC, <br><br> Debtor. <br><br> _____/ | Chapter 7 <br> Case No. 22-10066 (CTG) <br> Hearing Date: Dec. 14, 2022 at 1:00 pm <br> Objection Deadline: Nov. 18, 2022 at 4:00 p.m. <br><br> Ref. Docket No. 260 |

**LINDSAY BLEE LIMITED OBJECTION TO
MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER, PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2004, AND
LOCAL BANKRUPTCY RULE 2004-1, AUTHORIZING AND DIRECTING
<u>THE EXAMINATION OF VARIOUS ENTITIES</u>**

Lindsay Blee Americas LLC ("Lindsay Blee")[1] objects to the Trustee's motion [ECF 260] because the subpoena as proposed imposes undue burden and expense on Lindsay Blee.[2]

The proposed subpoena would require tens of thousands (or more) documents dated or effective back to September, 2017, about 4.5 years before the January 18, 2022 filing of this case – requiring Lindsay Blee and its three (3) person staff to turn many hours to locate electronic

---

[1]  Lindsay Blee's primary business is the sale and brokering of marine fuel for ocean-going vessels – see http://www.lindsay-blee.com/ .  Its offices are in Altamonte Springs, Florida (near Orlando).

[2]  Bankr. R. 9016 ("Subpoena") – "Rule 45 F.R. Civ. P. applies in cases under the Code." Fed. R. Civ. P. 45(d)("Protecting a Person Subject to a Subpoena; Enforcement"):

> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to **<u>avoid imposing undue burden or expense</u>** on a person subject to the subpoena.

(Emphasis added).

records in backup, and to image boxes of paper records. It also would require Lindsay Blee's limited staff to do this within a short, 15 day response period. The proposed subpoena scope is very broad, to require, essentially, every document having anything to do with the Debtor:

**Exhibit B – Examination topics - -**

**(xii) Lindsay Blee Americas LLC**

1) A copy of all communications, statements, invoices, purchase orders, bids, proposals, agreements, and/or any contracts, signed or unsigned, related to Team Systems International, LLC from September 2017 to Present; and

2) An accounting of all monies, checks, transfers, cash and/or any other form of consideration sent to or received from Team Systems International, LLC from September 2017 to Present, including the reason and detailed supporting documentation for any said monies.

Lindsay Blee has proposed to the Trustee that the subpoena be limited in time to 2.5 years before the case filing date and that Lindsay Blee have a longer than 15 day time to respond.

Lindsay Blee also has proposed that this initial limitation be without prejudice; that if the Trustee after reviewing the initial production has reasonable grounds to request older documents, that the Trustee may do that.

The Trustee has responded that the reason for the extent of the subpoena is to compensate for the Debtor's failure to provide documents to the Trustee (whether because of the Debtor's poor recordkeeping or otherwise).

Presently pending is the Trustee's Motion to Compel [ECF 239, 245] the Debtor to produce documents; the Debtor and Trustee agreed [see ECF 255] to adjourn hearing on the motion and the Trustee's Motion to Compel remains undecided.

2

This Court first, before Lindsay Blee would be required to produce documents over 4.5 years - to make up for Debtor's apparent insufficient production - should consider and decide the Trustee's Motion to Compel.

Second, this Court should, if production from Lindsay Blee still is needed, limit the date of documents produced – at least initially - to 2.5 years before the January 18, 2022 case filing and also provide for Lindsay Blee to respond within 30 days, with Lindsay Blee able to request additional time for response for good cause shown.

> [P]arties do not have an absolute right to Rule 2004 examinations—the granting of a Rule 2004 examination is dependent on the discretion of the court. The rule requires a balancing of "the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination."

*In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016).

This Court should as set out above exercise its discretion to limit the Trustee's proposed subpoena to Lindsay Blee.

OF COUNSEL:

J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 230
Baltimore, MD 21030
Telephone:  (410) 783-5795
Facsimile:  (410) 510-1789
jssimms@simmsshowers.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Joshua B. Brooks*
Timothy Jay Houseal (No. 2880)
Joshua B. Brooks (No. 6765)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com
jbrooks@ycst.com

*Attorneys for Lindsay Blee Americas LLC*

Dated: November 18, 2022