# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>    Debtor. | Chapter 7<br><br>Case No. 22-10066 (CTG)<br><br>**Related Docket No. 274** |
| GEORGE L. MILLER, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DEBORAH EVANS MOTT, STEVEN M. ACOSTA, CHRISTOPHER MOTT, JOHN S. MACIOROWSKI, ADDY ROAD LLC, BRENT ROAD LLC, BENJAMIN P. SMITH, JESSICA M. SMITH, and TSI GULF COAST, LLC, and<br><br>JOHN DOES 1-100,<br><br>    Defendants. | Adv. Proc. No. 23-50004 (CTG)<br><br>**Related Docket No. 5** |

## ORDER

Upon the motion (the "Motion to Shorten") of George L. Miller, the Chapter 7 Trustee of the Estate of Team Systems International, LLC, and Plaintiff in the above-captioned adversary proceeding, seeking the entry of an order pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2002 and 9006(c)(1), and Local Rule 9006-1(e), among other things, shortening time for notice and responses to, and

scheduling a hearing on, the *Motion of the Chapter 7 Trustee for Entry of an Order (i) Extending the Freeze and Granting Preliminary Injunctive Relief, and (ii) Granting Related Relief, Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7016* (the "PI Motion"); and the Objection of Deborah and Steven Acosta to the Motion to Shorten, the Court finds and concludes that:

- By order dated July 14, 2022, this Court denied the Trustee's motion to impose contempt sanctions against Mott and Acosta, but designated Mott and Acosta, under Fed. R. Bankr. P. 9001(5)(A) as having the duties of the Debtor and preliminary enjoined Mott and Acosta (as members of the Debtor) from transferring or encumbering certain properties for a six-month period.

- On January 10, 2023, the Trustee initiated the above-captioned adversary proceeding against Mott, Acosta and others (collectively, the "defendants"), and at the same time sought a preliminary injunction against the defendants that is broader than the injunctive relief provided in the July 14, 2022 Order. The Trustee moves to shorten time on the motion for a preliminary injunction such that it would be heard on January 13, 2023, three days after the complaint was filed.

- Defendants are entitled to a reasonable opportunity to respond to the Trustee's motion for the broad injunctive relief sought in the PI Motion. The Court will accordingly set the hearing on the PI Motion for **January**

2

**23, 2023 at 10:00 a.m.** Any objection by the defendants shall be due by 4:00 p.m. on January 20, 2023.

- Notwithstanding the expiration of the six-month period, the provisions of this Court's July 14, 2022 Order shall remain in place pending the Court's disposition of the PI Motion.

- To the extent it is helpful to the parties, the Court preliminarily observes that:

    o The parties should be prepared to address the applicability (or not) of the holdings of *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999); *In re Focus Media, Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004); and Judge Sontchi's opinion in *Urban Commons Queensway v. EHT Asset Mgt.*, Bankr. D. Del. No. 21-10036 (Aug. 27, 2021); and

    o The Court is doubtful of the necessity or propriety of a request to impose a prejudgment freeze on assets beyond those whose value would be sufficient to satisfy, in full, the claims asserted against the debtor's estate.

Dated: January 11, 2023

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE