## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>                  Debtor. | Chapter 7<br><br>Case No. 22-10066 (CTG)<br><br>**Re: D.I. 272, 282, 284** |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC,<br><br>                  Plaintiff,<br><br>-against-<br><br>Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road, LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, and TSI Gulf Coast, LLC, and<br><br>John Does 1-100,<br><br>                  Defendants. | Adv. Proc. No. 23-50004 (CTG)<br><br>**Re: Adv. D.I. 3, 14, 15** |

**ORDER REGARDING THE MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER (I) EXTENDING THE FREEZE AND GRANTING PRELIMINARY INJUNCTIVE RELIEF, AND (II) GRANTING RELATED RELIEF, PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 7065 WITH RESPECT TO THE MEMBER DEFENDANTS AND ADDY ROAD LLC**

Upon consideration of the motion (the "Motion")[1] filed by George L. Miller, solely in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Team Systems International, LLC, for entry of an order (i) extending and expanding the Freeze and granting

---

[1] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

preliminary injunctive relief; (ii) prohibiting the Defendants from selling, assigning, transferring, encumbering, or otherwise disposing of the Real Properties; (iii) prohibiting the Defendants from transferring or disposing of the Fraudulent Transfers, as to each Defendant, in the amounts set forth on Exhibit A to the Complaint; (iv) directing the Defendants to account to the Trustee; and (v) for related relief, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon consideration of the objections (the "Objections") filed by Defendants Deborah Evans Mott, Steven M. Acosta, Christopher Mott, and John S. Maciorowski (collectively, the "Member Defendants") and by Defendant Addy Road LLC ("Addy Road"); and the Court having conducted an evidentiary hearing on January 23, 2022 (the "Hearing") on the Motion and the responses thereto, including the Objections; and based upon the entire record before the Court, including the evidence presented and the arguments raised at the Hearing and for reasons to be set forth in further detail in a Memorandum Opinion to be issued as soon as practicable; the Court finds and concludes as follows:

A. The District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), which has been referred to this Court. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 7065, this Court finds it appropriate to grant the relief set forth in this Order.

C. The legal and factual bases set forth in the Motion, the Complaint, other supporting papers, and on the record at the evidentiary hearing on the Motion establish just cause for the relief granted herein.

Based upon the foregoing, it is hereby ORDERED that:

1. The Motion is granted, in part, with respect to the Member Defendants and Addy Road as set forth in this Order.

2. Defendants Deborah Evans Mott, John S. Maciorowski, and Addy Road, and their agents and assigns, are each prohibited and enjoined from selling, assigning, transferring, encumbering, mortgaging, or otherwise disposing of any portion or all of their respective interests in the following Real Properties:

   a. the Ormond Beach Property, which is located at 705 Riverside Drive, Ormond Beach, Florida 32176;

   b. the Bethany Beach Property, which is located at 20 Addy Road, Bethany Beach, Delaware 19930; and

   c. the Blue Springs Property, which is located at 1509 SW Conch Circle, Blue Springs (also known as Lees Summit), Missouri 64064.

3. Within fifteen (15) days of the date of entry of this Order, each of the Member Defendants and Addy Road shall provide to the Trustee a full disclosure of all their assets and liabilities, as well as supporting documentation including, but not limited to, copies of all current bank statements, brokerage statements, and other financial account statements as well as supporting documentation regarding any interest they may have in any partnerships, corporations, trusts and other entities, together with an affidavit or declaration sworn under penalty of perjury that such Defendant's disclosure of assets and liabilities is full, complete and accurate.

4. Within thirty (30) days of the Trustee's receipt of the accountings described in the preceding paragraph, the parties shall submit to the Court one or more proposed forms of order (the "Second Order") regarding the Trustee's request for a preliminary injunction with respect to cash allegedly transferred by the Debtor to the Member Defendants and Addy Road. If the parties are unable to agree on a proposed form of Second Order, the Court may hold a further hearing or conference with the parties.

5. Pending the entry of the Second Order, each of the Member Defendants and Addy Road are prohibited and enjoined from using, selling, transferring, assigning, encumbering, mortgaging, or otherwise disposing of any cash or other assets, except to the extent necessary to pay ordinary household and living expenses or ordinary business expenses, as applicable.

6. Pursuant to Bankruptcy Rule 7065, the Trustee is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

7. The Trustee shall serve a copy of this Order within five (5) days.

8. This Order shall be effective immediately upon entry.

9. The Court retains jurisdiction over this Order and the relief granted herein.

**Dated: January 27th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**