**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 22-10066-CTG |

**GPDEV, LLC AND SIMONS EXPLORATION, INC.'S OPPOSITION**
**TO MOTION FOR ENTRY OF ORDER GRANTING TSI MEMBERS STANDING TO**
**(A) PROSECUTE THE APPEAL AND (B) FILE CLAIMS AND COLLECT CERTAIN**
**ACCOUNTS RECEIVABLE ON BEHALF OF THE DEBTOR'S ESTATE**

GPDEV, LLC ("**GPDEV**"), and SIMONS EXPLORATION, INC. ("**Simons**" and, together with GPDEV, the "**Creditors**"), by and through their undersigned counsel, hereby oppose Deborah Evan Mott, Steven M. Acosta, Christopher Mott, and John S. Maciorowski's *Motion for Entry of Order Granting TSI Members Standing to: (A) Prosecute the Appeal and (B) file claims and collect certain accounts receivable on behalf of the Debtor's estate* (the "**Motion**") (ECF 328) and in support respectfully state as follows:

1. The Motion is nothing more than another attempt for TSI's members to obtain the benefit of a stay of execution on the Creditor's judgment without the posting of a supersedeas bond. As it is only for the improper litigation purpose of further hindering, delaying, and frustrating Creditors without the posting of any security, the Motion should be denied in its entirety.

1. August of 2017, GPDEV and Simons entered a contract with the Debtor, Team Systems International, LLC ("**TSI**"). Pursuant to the agreement (and as later determined by the jury) GPDEV and Simons were to receive twenty five percent (25%) of the net amounts of

income TSI received from amounts invoiced to and paid to by the agencies and or customers for the sale and delivery of ordered water from Nestle and Niagara Water.

2.      After TSI failed to pay the contracted amounts owed upon demand, GPDEV and Simons filed suit on September 21, 2018, in the United States District Court for the Northern District of Florida styled GPDEV, LLC and *Simons Exploration, Inc. v. Team Systems International, LLC* (Case No. 18-cv-00442-RH-MAF) (the "**TSI Lawsuit**").

3.      The TSI Lawsuit resulted in the entry of a Final Judgment dated September 28, 2021, in favor of GPDEV and Simons.  See GPDEV Claim 3-1; Simons Claim No. 4-1.

4.      The Final Judgment awarded GPDEV $3,297,995.32, consisting of $2,770,855.00 in principal, plus $527,140.32 as prejudgment interest through August 25, 2021, together with post-judgment interest after August 25, 2021, as provided by law.

5.      The Final Judgment awarded Simons $2,948,080.46, consisting of $2,483,722.00 in principal, plus $464,358.46 as prejudgment interest through August 25, 2021, together with post-judgment interest after August 25, 2021 as provided by law.

6.      TSI was egregiously uncooperative with GPDEV and Simons efforts to obtain pre-judgment discovery and post judgment discovery in aid of execution.  The Trial Court found, TSI has a "troubling record of noncompliance with court rules, orders and discovery obligations" (ECF 342).

7.      On December 1, 2021, and December 20, 2021, TSI was compelled to provide post-judgment discovery in aid of execution to GPDEV and Simons on or before January 14, 2021.  TSI failed to comply with the Federal Court's Orders, resulting in the Court's issuance of an Order to Show Cause, as to why TSI and its principal, Deborah Mott, should not be held in civil contempt for failure to provide the required information by the January 14 deadline.  The

Show Cause Order required Ms. Mott to appear by telephone for the show cause hearing on January 24, 2022 at 9:00 A.M., and to supply the Court and address were, "if held in civil contempt at a later hearing, the 'principal' and Ms. Mott will be available to be taken into custody by the United States Marshals Service and held until the required information is provided."

8. To avoid its discovery obligations and to avoid posting a supersedeas bond pending appeal, TSI commenced this bankruptcy case on January 18, 2022.

9. On March 30, 2022, the Court entered a *Memorandum Opinion* determining that cause existed to convert this case to a case under Chapter 7 of the Bankruptcy Code.

10. The Chapter 7 Trustee George L. Miller and his able counsel with Archer & Griner, P.C., are the appropriate parties to pursue litigation recoveries and claims on behalf of the estate. The alleged TSI members are not the proper parties to pursue claims as they have a long history of delay, obfuscation, and apparent falsification of business records that is not in the best interests of Creditors or the estate.

11. To the extent the Trustee's efforts result in more than a one hundred percent recovery for the estate of all claims and administrative expenses, the TSI members will benefit from a distribution pursuant to Section 726(a)(6) which permits excess recoveries to go to the Debtor.

WHEREFORE, Creditors respectfully request that the Court deny the *Motion For Entry of Order Granting [Alleged] TSI Members Standing to: (A) Prosecute the Appeal and (B) File Claims and Collect Certain Accounts Receivable on Behalf of the Debtor's Estate* (ECF 328).

Dated:  July 12, 2023				KASEN & KASEN, P.C.

						*/s/ Jenny R. Kasen*
						Jenny R. Kasen, Esquire (DE Bar No. 5849)
						1213 N. King Street, Suite 2
						Wilmington, DE 19801
						Telephone: (302) 652-3300
						Facsimile: (856) 424-7565
						E-Mail: jkasen@kasenlaw.com

								-and-

						MICHAEL H. MOODY LAW, P.A.

						*/s/ Michael H. Moody*
						Michael Moody, Esq.
						1881-A Northwood Center Blvd
						Tallahassee, FL 32303
						Telephone: (850) 739-6970
						E-Mail: Michael.Moody@michaelhmoodylaw.com

						*Counsel to GPDEV, LLC and*
						*SIMONS EXPLORATION, INC.*