**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Re: D.I. 334, 338** |

## REPLY OF ARCHER & GREINER, P.C. IN SUPPORT OF THE FIRST INTERIM FEE APPLICATION OF ARCHER & GREINER, P.C., ATTORNEYS FOR GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 7, 2022 THROUGH JUNE 30, 2023

Archer & Greiner, P.C. ("Archer") hereby files its reply in support of the *First Interim Fee Application of Archer & Greiner, P.C., Attorneys for George L. Miller, Chapter 7 Trustee, For Compensation and Reimbursement of Expenses For The Period April 7, 2022 through June 30, 2023* (the "First Interim Fee Application") [D.I. 334] and respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Notably, the only persons to object to the First Interim Fee Application are certain defendants in the adversary proceeding commenced by the chapter 7 trustee – Deborah Evans Mott ("Mott"), Steven M. Acosta ("Acosta"), Christopher Mott, and John S. Maciorowski (collectively, the "Member Defendants").  Their objection [D.I. 338] (the "Objection") spends most of its time criticizing the chapter 7 trustee's case and litigation strategy, with a focus on the pending litigation against themselves.  The actual creditors in this case, including those that the chapter 7 trustee has previously litigated against in this case, have not objected to the First Interim Fee Application. Nor has the Office of the United States Trustee.

2.      Archer questions the standing of the Member Defendants to object to the First Interim Fee Application, as they are not creditors in this chapter 7 case.  Regardless, Archer will

address what it views as objections to its requested fees and expenses, not the noise that is the Member Defendants' criticism of the chapter 7 trustee's case and litigation strategy.

## RELEVANT BACKGROUND

3.      On July 21, 2023, Archer filed the First Interim Fee Application, covering the period April 7, 2022 through June 30, 2023 – approximately one year and three months.

4.      On August 4, 2023, the Member Defendants filed the Objection.

## REPLY

5.      Section 330(a)(3) of the Bankruptcy Code provides that:

> In determining the amount of reasonable compensation to be awarded to … [a] professional person, the court shall consider the nature, the extent, and the value of services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time, commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

6.      The Member Defendants argue that Archer's "requested compensation should be denied almost in their entirety because the 'services' rendered were an indulgence of their own pecuniary interests, and not necessary to administer the estate or for completion of the case." Objection, ¶ 28.  This argument is premised on the Member Defendants' differing view of how the case should be administered.  That is not a valid objection to Archer's fees.  As reflected in the

Interim Fee Application and the results to date, the services performed by Archer were necessary to the administration of the estate and/or were beneficial to the estate.

7.    The Member Defendants argue that the settlement obtained with certain other defendants to the adversary proceeding that generated $1 million recovery to the estate somehow did not actually benefit the estate.  Objection, ¶ 29.  This argument is premised on the Member Defendants' contentions that the estate will collect more than $20 million in alleged accounts receivable.  The Court has repeatedly addressed the Member Defendants' contentions regarding the alleged accounts receivable and concluded that "the prepetition receivables that provide the basis for the debtor's assertion that it will be able to satisfy all creditors in full appear to be **dubious, at best**."[1]  As noted by the Court:

> It bears emphasis, however, that this claim arises out of events that took place in 2017 and 2018.  And as of the end of March 2022, TSI, which has suffered a $6.3 million judgment for which it was unable to post a bond, still has not asserted a claim for $6.8 million owed to it dating back more than four years.  **None of that makes much sense**.  On this record, the Court cannot and will not conclude that it is sufficiently likely that TSI will recover on the $6.8 million claim that this potential recovery provides a basis for the debtor to remain a debtor in possession.[2]

Nothing has changed in the sixteen months since the Debtor's case converted to make the Member Defendants' contentions less dubious.

8.    The settlement with the Smiths has generated $1 million for the estate.  That benefit is indisputable.

9.    The Member Defendants argue that Archer should not be awarded fees in connection with the trustee election.  Objection, ¶ 33.  Many of the fees cited in this paragraph of

---

[1] Memorandum Opinion at 2 [D.I. 146] (Mar. 30, 2022) (emphasis added).
[2] *Id.* at 37 (emphasis added).

the Objection, however, are in connection with tasks required under the Local Rules, including preparing and filing agendas and preparing hearing binders.

10.     While the Office of the United States Trustee officiates over the section 341 meetings where an election is called, the Office of the United States Trustee does not resolve the dispute.  "If an election is disputed, the United States trustee shall not resolve the dispute …. [T]he United States trustee shall tabulate the results of the election for each alternative presented by the dispute ….  If a motion is made for resolution of the dispute …, the court will determine the issue and another meeting to conduct the election may not be necessary."[3]  As such, it was necessary for the chapter 7 trustee, through his counsel, to address the issues raised in the motion to resolve the disputed election.  The creditors seeking an election had a materially adverse interest to other creditors until, at the Court's prompting, they agreed to waive their potential administrative expense claim.[4]  Further, the candidate selected was not eligible to serve.[5]  Accordingly, the fees sought in connection with the trustee election were necessary for the administration of the estate.

11.     Additionally, after the contested hearing on the motion to resolve the disputed trustee election, the Court requested counsel to brief whether creditors were entitled to a second bite at the apple if their candidate was not eligible.

12.     Archer's fees in connection with litigating the disputed election total $56,946.00.  Archer's fees in connection with drafting supplemental briefing as directed by the Court total $9,861.50.  Archer also incurred fees of $3,015 reviewing the Court's opinion on the disputed election and drafting a settled order and certification of counsel regarding the same, as directed by

---

[3] Memorandum Opinion (re Disputed Election) entered on July 15, 2022, D.I. 223, pp. 11-12 (citing The Advisory Committee Note to 1991 Amendment to Bankruptcy Rule 2003).
[4] The court, in a footnote, later agreed to reconsider this waiver in light of the result.
[5] As discussed below, the trustee has now reached a settlement with GPDEV and Simons.

the Court in its opinion.  Archer also incurred fees of $11,883 in connection with the motion to alter and/or amend the Order Adjudicating Motion to Resolve Disputed Election.

13.     Although unopposed, professional fees sought in connection with disputed trustee elections have been allowed by this Court in other cases.  *See*, *e.g.*, *In re ASDI Incorporated*, Case No. 12139 (CSS), D.I. 573 – First Interim Application of Dilworth Paxson LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to George L. Miller, Chapter 7 Interim Trustee, and D.I. 578 – Order entered August 23, 2012 (allowing compensation to Dilworth Paxson LLP in connection with trustee election issues where interim trustee was elected out); *In re Ultimate Acquisition Partners, LP, et al.*, Case No. 11-10245 (MFW), D.I. 1285 – First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel to the Chapter 7 Trustee, and D.I. 1472 – Order Granting First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP entered on September 20, 2012 (allowing compensation to Pachulski Stang Ziehl & Jones LLP in connection with disputed trustee election issues); *In re The Art Institute of Philadelphia LLC, et al.*, Case No. 18-11535 (LSS), D.I. 113 - First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel to the Chapter 7 Trustee, and D.I. 118 – Order Granting First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP entered on February 14, 2020 (allowing compensation to Pachulski Stang Ziehl & Jones LLP in connection with disputed trustee election issues).

14.     The Member Defendants also object to Archer's fees in connection with claim objections.  The objections to the claims of GPDEV LLC and Simons Exploration, Inc. laid the groundwork for the Trustee's ultimate resolution of their proofs of claim and the pending Eleventh

Circuit appeal.  A motion seeking approval of the settlement resolving the trustee's disputes with their proofs of claim and the appeal is pending.  The resolution provides for approximately a 10% reduction of the proofs of claim, while avoiding the likely significant administrative expenses and delay of protracted litigation over the Eleventh Circuit appeal and potentially a new trial or other proceedings on the merits.  Given the challenges to succeeding in the prosecution of the Eleventh Circuit appeal, including those created by the Debtor's credibility issues and the Debtor's inability to produce reliable documents, the Trustee believes that the settlement appropriately reflects the risks of pursuing the Eleventh Circuit appeal, and appropriately accounts for the expense and delay of litigating the Eleventh Circuit appeal and any new trial.  The negotiated settlement also avoids pursuing an "all or nothing" course of action and getting nothing.

15.     The objection to the proof of claim filed by Bering Straits Logistics Services, LLC ("Bering Straits") has also served to foster discussions with the trustee and Bering Straits regarding its proof of claim, which discussions are on-going.

16.     The Member Defendants complain that Archer's fees include too much partner time.  Objection, ¶ 38.  Archer has managed this case efficiently and is able to do so because it has efficient partners staffed on the case.  The rates of the partners staffed on this case compare favorably to the rates of junior to mid-level associates at other Delaware or Pennsylvania firms.  *See* the attached chart of comparable rates attached hereto as **Exhibit 1**.

17.     The Member Defendants also complain that Archer is not entitled to charge legal fees for performing trustee duties.  Objection, ¶ 41.  The specific fees complained of relate to a review of the various transfers that are the subject of the adversary proceeding against the Member Defendants, including title searches regarding real property.  Such services were not the

6

performance of trustee duties.  Rather, they were necessary due diligence in connection with crafting a complaint.

18.     Archer respectfully submits that it has met its burden in connection with the fees sought in the First Interim Fee Application in its entirety.  There is no complaint about the time spent on its services.  The rates charged for such services (as reflected in Exhibit 1) are competitive.  The services provided were necessary to the administration of the estate and/or beneficial at the time the services were rendered.  The services were performed within a reasonable amount of time commensurate with the complexity of the issues or tasks addressed.  The attorneys at Archer working on this matter have demonstrated their skill and experience in the bankruptcy field.

19.     With respect to the reimbursement of expenses sought in the First Interim Fee Application, the Member Defendants seem to attack the actual and necessary expenses related to serving subpoenas in connection with the Rule 2004 examination orders entered in this case.  Specifically, the Member Defendants note that Archer "spent $3,796.98 on Process Servers but never asked any counsel if they would accept service."  Objection, ¶ 39 (emphasis added).  This statement is false.  Archer did ask counsel for Mott and Acosta if it would accept service of the subpoenas directed at Mott and Acosta.  The email exchange is attached hereto as **Exhibit 2**.  Counsel for Mott and Acosta indicated it had no authority to accept service.

20.     This false statement underscores The Rosner Law Group LLC's lack of due diligence and willingness to say anything in this case, which continues to drive up the estate's expenses.  It needs to stop.  The trustee is hopeful that his motion for sanctions against The Rosner Law Group LLC pursuant to Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 will help the problem.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the First Interim Fee Application, Archer respectfully requests that the Court enter an order allowing the fees and expenses requested in the First Interim Fee Application and granting such other and further relief as is just and proper.

Dated:  August 9, 2023

/s/ *David W. Carickhoff*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone (302) 777-4350
Email:  dcarickhoff@archerlaw.com
          bjhall@archerlaw.com

*Attorneys for the Chapter 7 Trustee*