UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



August 16, 2023

**VIA CM/ECF**

Re:   *In re Team Systems International, LLC*, No. 22-10066

Dear Counsel:

The Court held a hearing on August 14, 2023 on the First Interim Fee Application of Archer & Greiner, P.C., counsel to the chapter 7 trustee.[1]  The TSI Members objected to the application.[2]

A professional person employed by a trustee under § 327 (such as Archer & Greiner) may be awarded "reasonable compensation for actual, necessary services rendered."[3]  The application and supporting material describe the services provided in appropriate detail.  With the exception of a single time entry in which the total time sought was greater than the sum of the sub-parts – for which Archer & Greiner voluntarily agreed to reduce its recovery to the sum of the sub-parts – the Court is satisfied that Archer & Greiner has satisfactorily explained why the fees it seeks constitute reasonable compensation for actual and necessary services.

The bulk of the objection is a wholesale challenge to the trustee's business judgment to pursue fraudulent conveyance claims against the TSI Members.  The TSI Members contend that pursuit of an estate receivable allegedly due on a government contract will yield sufficient proceeds to pay creditors in full, thus effectively mooting

---

[1] D.I. 334.  Archer & Greiner, P.C. is referred to as "Archer & Greiner".

[2] D.I. 338.  The TSI Members, who own 100% of the equity of the debtor, are Deborah Evans Mott, Steven M. Acosta, Christopher Mott, and John S. Maciorowski.

[3] 11 U.S.C. § 330(a)(1)(A).

the fraudulent conveyance claim against the debtor's equity holders. The TSI Members, however, chose not to present any evidence in support of that contention. As set forth on the record during the August 14, 2023 hearing, and based on the record evidence presented, the Court rejects the TSI Members' challenge. The Court likewise rejects the contentions that Archer & Greiner failed appropriately to delegate tasks to more junior lawyers with lower billing rates and seeks to charge the estate for duties that were more properly borne by the trustee himself.

The Court did, however, take under advisement the contention that Archer & Greiner is not entitled to be compensated out of the estate for the work it did in representing the trustee in defending against the contested trustee election. The context of that dispute is set forth in this Court's July 15, 2022 Memorandum Opinion, and need not be repeated here.[4] The gist of The TSI Members' argument is that the work done in contesting a creditor election is done for the benefit of the particular trustee, rather than for the estate, and therefore is not compensable under § 330. The TSI Members analogize the situation to the one presented in *Baker Botts L.L.P. v. ASARCO LLC*,[5] where the Supreme Court held that legal fees for work that a professional performs in defending the professional's fee application is not itself recoverable under § 330.

While circumstance may appear at first blush to be analogous, the analysis does not withstand scrutiny. The critical difference is that the work that was at issue in *Baker Botts* – the law firm's defense of its own fee application – was work that the law firm performed on behalf of *itself*, rather than on behalf of the trustee or the bankruptcy estate. The work performed in defending a disputed trustee election, however, is performed on behalf of the interim trustee.

The *Baker Botts* decision emphasized that § 330(a)(1) authorizes compensation out of the estate "for all manner of work done in service of the estate administrator."[6] The reason a law firm is not entitled to recover fees for work done in defending its fee application is that, under § 330, the underlying fee application is filed by the law firm. It is not a request by the trustee seeking authority to pay its counsel; it is a request made by counsel seeking an "award" of attorneys' fees.[7] So when a law firm

---

[4] D.I. 223.

[5] 576 U.S. 121 (2015).

[6] *Id.* at 128.

[7] To be sure, the work done in preparing the application may be compensable, but that is because § 330(a)(6) expressly contemplates compensation for that work. *See also Baker Botts*, 576 U.S. at 132 ("A § 327(a) professional's preparation of a fee application is best understood as a 'servic[e] rendered' to the estate administrator under § 330(a)(1), whereas a professional's defense of that application is not.").

*In re Team Systems International LLC*, No. 22-10066
August 16, 2023
Page 3 of 4

undertakes to defend its fee application, it is working at its own behest, not at the behest of the estate. While the parties argued that a law firm should be entitled to recover fees when it *prevailed* in defending its fees, the Supreme Court rejected that argument on the ground that in absence of a statutory basis for providing for fee shifting, the American Rule is generally that each party bears its own litigation costs.

Work done by counsel for the trustee in a contested trustee election, however, is different from work done by a law firm in defending its own fee application. A bankruptcy case has one trustee at a time. Where, as here, a case is converted from chapter 11 to chapter 7, the interim trustee is appointed by the U.S. Trustee. That interim trustee has the duties and responsibilities of the trustee during the course of a disputed trustee election.

Where creditors properly elect a trustee who is eligible under § 321, the elected trustee must post a bond in an amount determined by the U.S. Trustee before that elected trustee is deemed "qualified" and thus may "begin[] official duties."[8] "The service of an interim trustee under this section terminates when a trustee elected or designated under section 702 of this title to serve as trustee in the case qualifies under section 322 of this title."[9] Accordingly, unless and until a disputed election is resolved by the Court in favor of the elected trustee, the interim trustee continues to serve as trustee.

As a result, during a contested election, the interim trustee is the official representative of the estate, with the authority to retain counsel under § 327. The work performed by that counsel, unlike the work a lawyer performs when the lawyer is defending its own fee application, is thus done "in service of the estate administrator."[10]

Of course, the fact that work is performed at the behest of the trustee – while sufficient to distinguish this situation from the one presented in *Baker Botts* – is just the beginning of the analysis under § 330, not the end. The work must be for "actual, necessary services,"[11] and the court should take account of the benefit provided to the estate.[12] But here, that hurdle is satisfied. But for the work of the trustee and its counsel in contesting the election, the trustee presiding in this case would be one whom the Court determined was not eligible to serve as trustee under § 321. And

---

[8] 11 U.S.C. § 322(a), (b)(2).

[9] 11 U.S.C. § 701(b).

[10] *Baker Botts*, 576 U.S. at 128.

[11] 11 U.S.C. § 330(a)(1)(A).

[12] *Id.* § 330(a)(3)(C). *See also id.* § 330(a)(4)(A)(ii) ("the court shall not allow compensation for … services that were not … reasonably likely to benefit the debtor's estate").

*In re Team Systems International LLC*, No. 22-10066
August 16, 2023
Page 4 of 4

whatever one might think of the wisdom of the eligibility requirements set forth in the Bankruptcy Code, it must be the case that ensuring compliance with requirements that Congress has enacted into law counts as providing a benefit to the bankruptcy estate.

It is true, as the TSI Members pointed out during the August 14, 2023 hearing, that the Court rejected several of the trustee's arguments in the contested election dispute.[13] The fact that counsel may not have prevailed on an issue is by no means a bar to compensation. Rather, courts have been clear that the question is whether the services were "reasonably likely to yield a benefit to the estate at the time they were provided."[14] More broadly, the Bankruptcy Code intends for compensation of counsel in bankruptcy to be roughly commensurate with compensation of counsel outside of bankruptcy in matters involving similar stakes.[15] Accordingly, so long as the decision to litigate was a reasonable one and the litigation was conducted in a reasonable matter, § 330(a) does not operate to convert an engagement that is undertaken on an hourly basis into an after-the-fact contingency matter.

For the foregoing reasons, subject only to the voluntary reduction described above, the Court will grant Archer & Greiner's application on an interim basis. Counsel is directed to settle an order so providing.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[13] Indeed, to the extent the trustee decided to object to the allowance of creditors' claims primarily for the purpose of preventing the creditor from electing a trustee, and not because of a *bona fide* basis to object to the allowance of the creditors' claim, a case could be made that the trustee was serving his own interests rather than those of the bankruptcy estate. A reasoned argument could certainly be made that fees associated with such an exercise are not compensable under § 330. While the Court has its concerns about the reasons for the trustee's objection, the TSI Members chose not to present any evidence in support of their objections. To the extent the Trustee seeks to recover these fees in its application for a final order approving its compensation, the right of the TSI Members (and any other party in interest) to object to such fees is preserved.

[14] *In re Mushroom Transp. Co., Inc.*, 486 B.R. 148, 163 (Bankr. E.D. Pa. 2013). *See also id.* at 164 ("The policy behind § 330 is not one based on hindsight, but rather one based on an objective determination at the time services were rendered.") (citation omitted).

[15] *See generally In re UNR Indus., Inc.*, 986 F.2d 207, 209 (7th Cir. 1993).