# Exhibit 4

# Zhao (Ruby) Liu

**From:** Frederick B. Rosner
**Sent:** Wednesday, August 23, 2023 12:38 PM
**To:** Zhao (Ruby) Liu
**Subject:** FW: TSI/Call today

---

**From:** Frederick B. Rosner
**Sent:** Tuesday, March 28, 2023 6:23 PM
**To:** Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** TSI/Call today

Dave & Bryan, I write to follow up on the call today and emphasize a few points and confirm our respective to do lists.

First, it is apparent to me that the Trustee is *entirely* dependent on Ms. Mott in collecting up to $8.2 million in aggregate accounts receivable from the federal government. This amount does not include the $13.5 million that Venable is seeking to collect but it will be subject to the same rigorous Close Out process. As she explained, collecting a/r owed by the federal government is complicated and may take 90 days or longer. It involves Certification, Payment, a Close Out Meeting, submitting specific forms in a particular manner, having a personal (not TSI) log in on WAFW, security clearance, and coordinating collection efforts with both Mark St. Moritz and Venable. As Ms. Mott mentioned, all payments from the government to TSI historically have been made to Artisans Bank, which specifically has been approved by the government. The federal government will pay no other bank without further action by Ms. Mott. You advised that the Trustee, unfortunately, has closed the Artisan's account so no payments are presently possible. Please, as we discussed, have the Trustee open a new DOJ recognized bank account. Let me know the specifics so Ms. Mott may key that bank account information into SAM Registration for purposes of the government making payment.

Second, Ms. Mott is happy to help collect the a/r on a volunteer basis, including the Close Out on the a/r Venable is pursuing. The Trustee should know that because we proactively reached out in good faith to the Trustee to perform this service. In any event, it is in the Trustee and Ms. Mott's mutual interest that monies are collected, creditors with valid and allowed claims are paid and the case is fully administered and closed as soon as practical. That is particularly true with respect to the onerous terms of the PI Order. It is fundamentally unfair to enjoin the sale of real property for defendants named in a complaint *that have not yet been served.* I am not sure how the Court has jurisdiction over persons and their property without the Trustee first summoning them to Court. To make some progress, however, we ask the Trustee sign off and confirm that the Declarations and Supplemental Declarations submitted by PI Defendants fully comply with the accounting required by the PI Order.

Third, as I have requested in the past, we would like the Trustee to stipulate to stay relief with respect to prosecuting the appeal pending in the Eleventh Circuit. Ms. Mott will fund the cost of the Appeal. Ms. Mott is cooperating with the collection of receivables, there is no good business reason that the Trustee should not cooperate with prosecuting the Appeal (at no cost to the estate) that may result in a *significant* reduction in claims against the estate.

Finally, Ms. Mott and the other PI Defendants are amenable to mediation.  Judge Gross perhaps?

Happy to discuss mediation at your convenience.

Best,

Fred

Frederick B. Rosner
The Rosner Law Group LLC
824 N. Market Street
Suite 810
Wilmington, DE  19801
302-777-1111

**Conveniently located in the bankruptcy court building**

**Working remotely.  Best way to reach me is by email or cell:  302-220-1007.**