# Exhibit 6

**Zhao (Ruby) Liu**

| | |
|---|---|
| **From:** | Frederick B. Rosner |
| **Sent:** | Wednesday, August 23, 2023 12:35 PM |
| **To:** | Zhao (Ruby) Liu |
| **Subject:** | FW: Imminent Receipt of FEMA Receivable: Identification of Receiving Bank Account and Procuring Bond |

**From:** Frederick B. Rosner
**Sent:** Tuesday, August 8, 2023 2:44 PM
**To:** Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Cc:** Zhao (Ruby) Liu <liu@teamrosner.com>
**Subject:** Imminent Receipt of FEMA Receivable: Identification of Receiving Bank Account and Procuring Bond

Counsel, as you are aware, we represent the 100% owners of Team Systems International LLC (TSI). As you also are aware, we reasonably believe that FEMA, in the coming week or two (or sooner), will pay a receivable owed to TSI in the amount of $15.5 million including statutory interest. That obviously is a very large sum of money, far more than is necessary to pay all valid claims against the TSI bankruptcy estate in full. Because there will be far more money in the TSI estate than is necessary to administer the estate, the TSI Members are the residual stakeholders and expect a substantial multi-million dollar distribution of money. The TSI Members are clearly parties in interest with standing to protect their interests in receiving the maximum distributable amount.

Not surprisingly, the TSI Members have several questions about how the Trustee intends to receive the FEMA money; *i.e.*, the identity of bank account, and, once received, safeguard that account by posting a bond. This email follows from your previous advice that the Trustee previously swept all money out of the Artisan Bank account that TSI maintained. As you know, the Artisan's account was TSI's *only* SAM registered account. We previously expressed concern because FEMA is only authorized to make payment *into* a SAM registered account. When the Trustee improperly closed the Artisan's account, he made receipt of FEAM funds impossible. Further, the Trustee's commingling of the funds that were in the Artisan's account with other amounts appears to a federal crime.

The Trustee's statutory duties are set forth in 11 USC § 704(a) which states:

(a) The trustee shall—

(7) Unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest; *i.e.*, the TSI Members.

1

I.   **The DOJ Trustee Handbook, on page 5-7 Section E, requires:**

…"The trustee must immediately open a separate account for each estate as soon as funds are received. The accounts must be maintained under the direction and control of the trustee at all times. 28 U.S.C. § 586. Accounts may only be maintained at depositories which have agreed to abide by the requirements[11] established by the United States Trustee. The trustee must notify the United States Trustee of the identity of the banking institution in which estate funds are held and thereafter must immediately notify the United States Trustee of an intent to transfer estate accounts to another banking institution. 28 U.S.C. § 586…"

Pursuant to §704(a)(7) and the Handbook, the TSI Members request the following information:

1. When did the Trustee open a separate bank account *solely* for the TSI bankruptcy estate?
2. Identify the bank and branch holding all funds in the TSI estate?
3. When did the Trustee sweep the funds out of the Artisan's bank account? Into what account were those funds moved?
4. Admit that the amount in the Artisan's account at that time was $265k? If another amount, state the amount.
5. Into what account did the Trustee deposit the $1.0 million funds received from the Smith Settlement?
6. What is the status of the FEMA/DHS payment for the matter in litigation with DHS/FEMA?
7. Where has the Trustee requested the US Treasury/DHS/FEMA direct the TSI Estate payment of $15.5 million?
8. Has the Trustee registered the TSI Estate bank account in SAM.GOV?
9. Please state the amount of the bond you have in place in this case and whether that is a blanket bond covering other obligations?
10. What bond (and when will it be acquired) to cover receipt of the $15.5 million from FEMA?

II. <u>The DOJ Trustee Handbook, on page 5-9 Section E.4, requires.</u>

   4.REQUIREMENTS FOR DEPOSITORIES HOLDING BANKRUPTCY ESTATE FUNDS

   The trustee may only use a depository that has agreed to comply with section 31 C.F.R. Part 225, and the requirements of the United States Trustee. The United States Trustee can provide the trustee with a list of depositories that meet these requirements.

It is the responsibility of the trustee to ensure that the banking institution is in compliance with section 345 to the extent of the trustee's deposits.  If the aggregate funds on deposit for an estate in a single institution exceed the FDIC insurance limit, the excess funds must be *bonded* or be *collateralized by securities deposited with the appropriate Federal Reserve Bank*.  The trustee must notify the United States Trustee if the amount on deposit in any individual estate in any single depository exceeds or is expected *to exceed $250,000*.  28 U.S.C. § 586.

If a depository fails to comply with section 345 and/or United States Trustee requirements, the trustee must promptly notify the United States Trustee and arrange to move the funds to another depository.  28 U.S.C. § 586.

11. Please provide a coverage certificate for the bonded deposit amount over $250,000?
12. Will the current coverage contract be increased to cover $15.5 million, $6.8 million, 1.2 million?
13. What is the premium charge?


III. The DOJ Trustee Handbook, on page 5-10 Section E.5, requires.

## 5. BANK ACCOUNT RECONCILIATIONS

The trustee or an assistant must reconcile all bankruptcy estate accounts before the end of the following month. 28 U.S.C. § 586.  A bank reconciliation <u>identifies the account balance per the bank statement</u> and the account balance per the accounting records (Form 2), as of month end, and identifies the differences, such as deposits or transfers in transit, outstanding checks, NSF checks, service charges, and errors made by the bank or by the trustee.  The reconciliation preparer must initial and date each bank reconciliation.  The trustee, if not the reconciliation preparer, must review, initial and date the reconciliation reports as noted above. 28 U.S.C. § 586.  Additional requirements for bank account reconciliations are provided in the Chapter 7 Trustee Bank Account Review and Reconciliation Procedures contained in Handbook Supplementary Materials. (Language amended March 15, 2022.)

14. Please provide copies of the monthly bank reconciliations for the TSI Artisan's Bank account since March 2022 (month Trustee took control) and the required TSI estate bank account that the Trustee is required to open?
15. Who conducted the monthly bank reconciliations?


Fred

3

.