# Exhibit 10

# Zhao (Ruby) Liu

| | |
|---|---|
| **From:** | Frederick B. Rosner |
| **Sent:** | Wednesday, August 23, 2023 12:37 PM |
| **To:** | Zhao (Ruby) Liu |
| **Subject:** | FW: TSI/Call today |
| **Attachments:** | 33-206-Initiation-of-a-claim-.pdf |

**From:** Frederick B. Rosner
**Sent:** Wednesday, April 5, 2023 1:53 PM
**To:** Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Cc:** Zhao (Ruby) Liu <liu@teamrosner.com>
**Subject:** RE: TSI/Call today

Dave, I am following up on my prior email concerning the Trustee invoice billing the federal government and again request that Ms. Mott be permitted to handle this for the estate keeping the Trustee posted of all material actions taken. I write because I am advised that the process is complex, the government's vetting process for payment is rigorous, **invoice billing deadlines are approaching** and Ms. Mott knows how to do this. The six year window for collection per FAR 33.206 (see attached) is ending this year. Among other things, I am advised that:

1.	FEMA Change order needs to be submitted now to make the October 2023 cutoff. The process takes 120 days. Need to submit, wait 30 days for Contracting Officer (KO) response, submit claim and then wait 60 days before we can file to Appeal with Board if the invoice is denied by the KO.
2.	RMA Fuels needs to be submitted no later than May 2023.
3.	DLA Patriot firing cables needs to be submitted now if we want to submit in WAWF.


The new DOJ-approved bank account for TSI needs to be opened and submitted to SAM as soon as practical. TSI cannot collect any payment without a bank account listed in SAM.

Lastly, the $165k the Trustee moved from the closed TSI bank account was payments for the current DLA fuel MATOC held by TSI. There has been no closeout meeting on those payments. Please advise the Trustee he needs to keep 12 months of the comingled bank accounts (both Artisans and the bank account the funds were transferred into) in the event the DCAA auditor wants to see them. That's 12 months from the time of co-mingling.

I am out in about 2 hours for the Holiday but generally monitoring emails and available to discuss. We need to make a deal to stop legal fees on both sides, and task the right people to handle appropriate tasks. Also, please let Ms. Mott help augment the estate so there is no need for any further injunctive relief.

Best,

Fred

1

**From:** Frederick B. Rosner
**Sent:** Tuesday, March 28, 2023 6:23 PM
**To:** 'Carickhoff, Jr., David W.' <dcarickhoff@archerlaw.com>; 'Hall, Bryan J.' <bjhall@archerlaw.com>
**Subject:** TSI/Call today

Dave & Bryan, I write to follow up on the call today and emphasize a few points and confirm our respective to do lists.

First, it is apparent to me that the Trustee is *entirely* dependent on Ms. Mott in collecting up to $8.2 million in aggregate accounts receivable from the federal government. This amount does not include the $13.5 million that Venable is seeking to collect but it will be subject to the same rigorous Close Out process.  As she explained, collecting a/r owed by the federal government is complicated and may take 90 days or longer. It involves Certification, Payment, a Close Out Meeting, submitting specific forms in a particular manner, having a personal (not TSI) log in on WAFW, security clearance, and coordinating collection efforts with both Mark St. Moritz and Venable. As Ms. Mott mentioned, all payments from the government to TSI historically have been made to Artisans Bank, which specifically has been approved by the government.  The federal government will pay no other bank without further action by Ms. Mott.  You advised that the Trustee, unfortunately, has closed the Artisan's account so no payments are presently possible.  Please, as we discussed, have the Trustee open a new DOJ recognized bank account.  Let me know the specifics so Ms. Mott may key that bank account information into SAM Registration for purposes of the government making payment.

Second, Ms. Mott is happy to help collect the a/r on a volunteer basis, including the Close Out on the a/r Venable is pursuing.  The Trustee should know that because we proactively reached out in good faith to the Trustee to perform this service.  In any event, it is in the Trustee and Ms. Mott's mutual interest that monies are collected, creditors with valid and allowed claims are paid and the case is fully administered and closed as soon as practical. That is particularly true with respect to the onerous terms of the PI Order.  It is fundamentally unfair to enjoin the sale of real property for defendants named in a complaint *that have not yet been served*. I am not sure how the Court has jurisdiction over persons and their property without the Trustee first summoning them to Court.  To make some progress, however, we ask the Trustee sign off and confirm that the Declarations and Supplemental Declarations submitted by PI Defendants fully comply with the accounting required by the PI Order.

Third, as I have requested in the past, we would like the Trustee to stipulate to stay relief with respect to prosecuting the appeal pending in the  Eleventh Circuit.  Ms. Mott will fund the cost of the Appeal.  Ms. Mott is cooperating with the collection of receivables, there is no good business reason that the Trustee should not cooperate with prosecuting the Appeal (at no cost to the estate) that may result in a *significant* reduction in claims against the estate.

Finally, Ms. Mott and the other PI Defendants are amenable to mediation.  Judge Gross perhaps?

Happy to discuss mediation at your convenience.

Best,

Fred

Frederick B. Rosner
The Rosner Law Group LLC
824 N. Market Street

2

Suite 810
Wilmington, DE  19801
302-777-1111

**Conveniently located in the bankruptcy court building**

**Working remotely.  Best way to reach me is by email or cell:  302-220-1007.**