# Exhibit 13

**Zhao (Ruby) Liu**

| | |
|---|---|
| **From:** | Frederick B. Rosner |
| **Sent:** | Wednesday, August 23, 2023 12:36 PM |
| **To:** | Zhao (Ruby) Liu |
| **Subject:** | FW: |

---

**From:** Frederick B. Rosner
**Sent:** Friday, July 7, 2023 6:27 PM
**To:** Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>
**Cc:** Zhao (Ruby) Liu <liu@teamrosner.com>
**Subject:** RE:

David, I write to follow up on yesterday's distressing phone call concerning the motion by the TSI's members to gain derivative standing to, among other things, file a claim with FEMA to seek payment of $6.8 million on account of the Change Order Receivable.

The Trustee's positon—that the motion has so little factual and legal basis that he intends to seek Rule 11 sanctions against my firm—is far from the mutual cooperation the motion was expected to elicit.  This is most unfortunate but perhaps not unexpected.  I regret that the Trustee continues his aggressive litigation approach to estate administration, and now states he will seek sanctions against my firm.  I hope the Trustee knows that even sending a Rule 11 letter has financial consequences for me.  I have to report it to my malpractice carrier which, of course, means an increase in premiums.  Also, with Archer and Greiner's billing rates, I expect I will be asked to pay a large sum.

The hallmark of sanctions is "bad faith conduct."  I respectfully submit there has been no such conduct either by me or my clients in filing the motion.  The relief sought is innocuous.  I am informed there is a statute of limitations approaching with respect to submitting a claim to FEMA for the Change Order Receivable.  At this point, the Trustee entirely disbelieves that any such claim even exists even though it has been explained to him many times as has the basis for the claimed amount.  Because my clients performed the work and paid Bering Straits the amounts owed as a result of the Change Order, the estate should seek payment for same.  Because the Trustee refuses to act, TSI is seeking to act for him.  Significantly, any recovery goes to the estate.  The alternative, not doing anything, is unacceptable especially for a fiduciary.

I am advised that the preparation and filing of the claim will require input from knowledgeable counsel; perhaps the Venable firm.  That may take some time to complete.  In any event, nothing is lost by filing a claim even if the claim is rejected by FEMA.  The only true loss comes from doing nothing as the Trustee proposes.  Hence, the motion.

I personally see no bad faith conduct in filing the motion but I reserve the right to take full advantage of the safe harbor period upon receipt of the Trustee's Rule 11 letter, and give it my full consideration.

I remain available to discuss this matter should the Trustee wish to engage.

Best,

Fred

Frederick B. Rosner
The Rosner Law Group LLC
824 N. Market Street
Suite 810
Wilmington, DE  19801
302-777-1111

**Conveniently located in the bankruptcy court building**

**Working remotely.  Best way to reach me is by email or cell:  302-220-1007.**

2