**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | **Hearing Date:** 9/20/2022 at 10:00 a.m. (ET)<br>**Objection Deadline:** 9/13/2022 at 4:00 p.m. (ET) |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
REGARDING THE DEBTOR'S SAM.GOV AND CAGE REGISTRATION,
ACCOUNTS, BANK ACCOUNT INFORMATION, AND OTHER INFORMATION**

George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Team Systems International, LLC (the "Debtor"), hereby files this Motion seeking entry of an order, pursuant to 11 U.S.C. §§ 105(a), 362(a), 541(a) and 542, (i) confirming and enforcing the Trustee's exclusive right to use, access, modify, and control the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information; (ii) authorizing the United States General Services Administration ("GSA"), Defense Logistics Agency ("DLA") and each of their respective agents and representatives to (a) grant to the Trustee such exclusive use, access, and control of the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information and (b) accept a copy of the order granting this Motion as sufficient documentary proof of the matters set forth therein; and (iii) granting related relief. In support of this Motion, the Trustee respectfully states as follow:

**JURISDICTION AND VENUE**

1.      The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157. This matter is a core proceeding within the meaning of 28 U.S.C.

227648804

§ 157(b)(2). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein include sections 105(a), 362(a), 541(a), and 542 of title 11 of the United States Code (the "Bankruptcy Code").

## RELEVANT BACKGROUND

3. On January 18, 2022 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Prior to the bankruptcy filing, the Debtor was a U.S. government contractor and a registered entity with SAM.gov. SAM.gov is an official website of the United States government, maintained by the GSA, where entities can register to bid on and receive payments for U.S. federal government contracts or receive federal funds.[1] Attached hereto as Exhibit 1 is the SAM.gov Quick Start Guide for Contract Registration.

5. Also prior to the bankruptcy filing, the Debtor was assigned a Commercial and Government Entity ("CAGE") Code. CAGE Codes are maintained by the DLA.[2]

6. On March 31, 2022 (the "Conversion Date"), following a three-day evidentiary hearing, the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code.[3]

7. Also on the Conversion Date, George L. Miller was appointed as the Chapter 7 Trustee of the Debtor's estate and subsequently qualified as the permanent Trustee.

8. On July 14, 2022, the Court entered an order (the "Contempt Order") granting in part the Trustee's motion to hold the Debtor's former managers, Deborah Evans Mott ("Mott")

---

[1] *See* https://sam.gov/content/about/this-site.

[2] *See* https://cage.dla.mil/.

[3] *See Order Converting Chapter 11 Case to a Chapter 7 Case* [D.I. 151].

2

and Steven M. Acosta ("Acosta"), in contempt for their failure to turn over the Debtor's books and records.[4]  Among other things, the Contempt Order directed Mott and Acosta to turn over (or identify bates numbers if already turned over) all assets, documents, and other property of the Debtor to the Trustee on or before July 13, 2022.

9.   In or about June 2023, the Trustee learned that, after the Conversion Date, Mott had accessed and modified the Debtor's registration information in SAM.gov.  Attached hereto as Exhibit 2 is a printout from the SAM.gov website taken on June 15, 2023.  It shows that on February 2, 2023 at 6:25 p.m., Mott updated the Debtor's account on SAM.gov.  That printout further shows that Mott continued to list herself as the only point of contact for the Debtor in SAM.gov.  The information available at that time through SAM.gov made no mention of the Debtor's bankruptcy filing, the conversion of the case to chapter 7, or the Trustee.

10.  It also appears that sometime between October 19, 2021 and February 2, 2023, Mott accessed the Debtor's SAM.gov account and changed the Debtor's physical address from the Debtor's former address of 822 AIA N. Ste. 310, Ponte Vedra, Florida to an address in Prosper, Texas.  *Compare* Exhibit 2 (page 1) and Exhibit 3 (page 1).  Upon information and belief, Acosta lives in Prosper, Texas.[5]  The Debtor did not list any business address in Texas on its bankruptcy petition, schedules, or statements.[6]

11.  The Trustee attempted to obtain exclusive control over the Debtor's SAM.gov account.  Among other things, the Trustee had multiple telephone calls and written communications with representatives of GSA responsible for SAM.gov.  The Trustee also engaged

---

[4] *See Order with Respect to Trustee's Motion to Hold Debtor in Contempt* [D.I. 222].

[5] *See* Statement of Financial Affairs for Non-Individual Filing for Bankruptcy, part 2, question 4.3 [D.I. 29].

[6] *See generally* Voluntary Petition for Non-Individuals Filing for Bankruptcy [D.I. 1]; Schedules of Assets and Liabilities [D.I. 28]; Statement of Financial Affairs for Non-Individual Filing for Bankruptcy [D.I. 29].

US Federal Contractor Registration (USFCR), a third party that provides services and support for SAM.gov registration and registrations.[7] The Trustee directed USFCR to add the Trustee and a supervisor of USFCR as administrators of the SAM.gov account for the Debtor. Aiden Ashe is a supervisor of USFCR.

12. On or about July 26, 2023, the Trustee was assigned "Administrator role" for the Debtor's entity registration in SAM.gov. Attached hereto as Exhibit 4 is an email from SAM.gov dated July 26, 2023.

13. The Trustee's status as Entity Administrator of the Debtor's SAM.gov entity registration was confirmed in several subsequent written communications from GSA, including an email from SAM.gov dated July 27, 2023, which is attached hereto as Exhibit 5, and an email from SAM.gov dated August 4, 2023, which is attached hereto as Exhibit 6.

14. Thereafter, Mott, Acosta, and Christopher Mott (Mott's son) each took steps to actively interfere with and obstruct the Trustee's use, access, and control of the Debtor's SAM.gov account.

15. For example, on or about August 7, 2023, Mott purported to remove the Trustee's Administrator role for the Debtor in SAM.gov. Attached hereto as Exhibit 7 is an email from SAM.gov dated August 7, 2023.

16. Also on August 7, 2023, Acosta sent an email to the Trustee, his counsel, and other stating, among other things, that they had contacted the Federal Service Desk (an arm of GSA) and locked the Trustee out of the Debtor's SAM.gov account. A copy of Acosta's email is attached hereto as Exhibit 8.[8]

---

[7] See https://usfcr.com/.

[8] Trustee's counsel promptly raised this issue with counsel for Mott, Acosta, and Christopher Mott and requested copies of all communications with the Federal Service Desk. Counsel failed to provide copies of any such communications and instead repeated the patently false assertions made by Acosta.

17. Then, on August 8, 2023, Christopher Mott called USFCR and made numerous false statements about the Trustee. Among other things, Christopher Mott falsely stated to a USFCR representative that the Trustee and his counsel "never heard of" USFCR. A rough transcript of that call is attached hereto as <u>Exhibit 9</u>.

18. Notwithstanding the deliberate campaign of interference, misinformation and obstruction undertaken by Mott, Acosta, and Christopher Mott, the Trustee has taken steps to regain control of the Debtor's SAM.gov and CAGE accounts. However, as a result of the actions by Mott, Acosta, and Christopher Mott, including without limitation Mott's use of a false Texas address in SAM.gov, the Trustee has been unable to complete the process of updating the Debtor's information and registration with SAM.gov and CAGE.

19. Accordingly, the Trustee files this Motion seeking entry of an order in aid of the Trustee's ongoing efforts to obtain exclusive control over the Debtor's SAM.gov and CAGE accounts. In addition, in light of the false information disseminated by Mott, Acosta, and Christopher Mott, the Trustee believes that an order is necessary to provide clarity to GSA and DLA regarding the Trustee's rights, on behalf of the Estate, with respect to SAM.gov and CAGE and to confirm that Mott, Acosta, and Christopher Mott have no right to communicate on behalf of the Debtor with GSA or DLA.

**RELIEF REQUESTED AND BASIS THEREFOR**

20. By this Motion, the Trustee seeks the entry of an order, substantially in the form attached hereto, confirming and enforcing the Trustee's exclusive right to use, access, modify, and control the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information; (ii) authorizing GSA, DLA, and each of their respective agents and representatives to (a) grant to the Trustee such exclusive use, access, and control of the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information and

(b) accept a copy of the order granting this Motion as sufficient documentary proof of the matters set forth therein; and (iii) granting related relief.

21. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."[9] Section 105 further authorizes this Court to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."[10] Pursuant to section 105 of the Bankruptcy Code and the Court's inherent authority, this Court has the power and jurisdiction to enforce its own lawful orders.[11]

22. Section 362(a) of the Bankruptcy Code provides, in relevant part, the filing of the Debtor's bankruptcy petition "operates as a stay, applicable to all entities, of," among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[12]

23. Section 541(a) of the Bankruptcy Code provides, in relevant part, that the Debtor's Estate is comprised of all property of the estate "wherever located and by whomever held," including without limitation "all legal or equitable interests of the debtor in property as of the commencement of the case" and "any interest in property that the estate acquires after the commencement of the case."[13]

24. Section 542(a) of the Bankruptcy Code provides, in relevant part, that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the

---

[9] 11 U.S.C. § 105(a).

[10] *Id.*

[11] *See, e.g., Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (finding that a bankruptcy court retains jurisdiction to interpret and enforce its own orders); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders.").

[12] 11 U.S.C. § 362(a)(3).

[13] 11 U.S.C. § 541(a)(1), (7).

trustee may use, sell, or lease under section 363 if this title, . . . shall deliver to the trustee, and account for, such property or the value of such property . . . ."[14]

25. And section 542(e) of the Bankruptcy Code provides, in relevant part, that "after notice and a hearing, the court may order an attorney, accountant or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."[15]

26. It is beyond any reasonable dispute that the Debtor's registration, accounts, and other information in SAM.gov and CAGE constitute property of the Estate. As stated above, section 541(a) provides that property of this Estate includes "all legal or equitable interest" of the Debtor in property as of the Petition Date "wherever located and by whomever held." [16]

27. Since the Conversion Date, the Trustee, **and only the Trustee**, has the exclusive authority to administer property of this Estate, including without limitation the Debtor's registration, accounts, and other information in SAM.gov and CAGE.

28. As the United States Supreme Court explained in *CFTC v. Weintraub*:

> The powers and duties of a bankruptcy trustee are extensive. Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee. . . . The trustee is accountable for all property received, . . . and has the duty to maximize the value of the estate . . . . He is directed to investigate the debtor's financial affairs . . . [and] is empowered to sue officers, directors, and other insiders to recover, on behalf of the estate, fraudulent or preferential transfers of the debtor's property . . . . Subject to court approval, he may use, sell, or lease property of the estate. . . . .

---

[14] 11 U.S.C. § 542(a).

[15] 11 U.S.C. § 542(e).

[16] *See* 11 U.S.C. § 541(a)(1). For example, courts have held that administrative privileges and other rights to a business-debtor's social media accounts are property of the estate. *See, e.g., In re Vital Pharm.*, 652 B.R. 392 (Bankr. S.D. Fla. 2023); *In re CTLI, LLC*, 528 B.R. 359, 378 (Bankr. S.D. Tex. 2015). Similarly, courts have recognized that "documents, records, or papers relating to property of the estate" are property of the estate. *In re C.W. Mining Co.*, 442 B.R. 44, 47 (Bankr. D. Utah 2010).

> As even this brief and incomplete list should indicate, the Bankruptcy Code gives the trustee wide-ranging management authority over the debtor. [17]

29. The broad powers granted to a chapter 7 trustee, like the Trustee in this case, stand in stark contrast with the "severely limited" role that a debtor's former management plays. As the Supreme Court explained in *Weintraub*:

> In contrast [to the chapter 7 trustee], **the powers of the debtor's directors are severely limited.** Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. . . . Congress contemplated that when a trustee is appointed, he assumes control of the business, and **the debtor's directors are "completely ousted."**[18]

30. Here, upon the entry of the Conversion Order, Mott and Acosta were "completely ousted" from any position of control over the Debtor, the Estate, or property of the Estate. "Their role [was] to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors."[19] Indeed, section 521(a)(4) of the Bankruptcy Code required Mott and Acosta to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . . ."[20] Mott and Acosta were also ordered by the Court to turn over the books and records to the Trustee.

31. Mott and Acosta failed to do so. Quite the opposite, as set forth above, Mott and Acosta, and now Christopher Mott, have actively interfered with the Trustee's administration of the Estate and have obstructed the Trustee's ability to use, access, and control property of the

---

[17] *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 352 (1985) (holding that the trustee, not former management, controls the debtor's attorney-client privilege) (internal citations and quotation marks omitted).

[18] *Id.* at 352-53 (quoting See H.R.Rep. No. 95–595, pp. 220–221 (1977)) (emphasis added).

[19] *Id.* at 352.

[20] 11 U.S.C. § 521(a)(4).

Estate, namely the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information.

32. Since the Conversion Date, Mott and Acosta have had no authority to submit annual representations and certifications on SAM.gov on behalf of the Debtor, including representations and certifications regarding the Debtor's ownership and control, tax liability and identification, size, data rights, or compliance with applicable law and regulation.[21]

33. The intentional interference and obstruction by Mott, Acosta, and Christopher Mott has frustrated the Trustee's efforts to obtain control over the Debtor's SAM.gov and CAGE accounts. It has also inhibited the Trustee's ability to correct the inaccurate and misleading information that Deborah Mott included in SAM.gov regarding the Debtor, including wrong contact information, outdated banking information, and a fictitious address in Texas.

34. The Trustee respectfully requests that the Court enter the attached order confirming the Trustee's exclusive right, on behalf of the Estate, to maintain control of the Debtor's SAM.gov and CAGE registration, accounts, bank account information, and other information and authorizing GSA, DLA, and their respective agents and representatives to update their records accordingly.

## PRIOR REQUEST

35. The relief requested in this Motion supplements and expands upon the relief requested in the Chapter 7 Trustee's (i) Preliminary Objection to the Member Defendants' Standing Motion; and (ii) Cross-Motion to Compel Mott and Acosta to Comply with the Contempt Order and to Enforce the Automatic Stay [D.I. 330].

---

[21] *See* FAR 4.1202; FAR 52.204-8.

9

## **RESERVATION OF RIGHTS**

36.     The Trustee reserves the right to supplement this Motion prior to or any hearing on the Motion.

## **NOTICE**

37.     Notice of this Motion will be provided to the following parties or their counsel of record, if known: (i) General Services Administration, (ii) Defense Logistics Agency, (iii) the United States Attorney's Office for the District of Delaware, (iv) the United States Trustee for the District of Delaware; (v) USFCR, (vi) Mott, Acosta and Christopher Mott, and (vii) all parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in this case.  The Trustee submits that service of this Motion on the parties listed above is reasonable and appropriate in light of the circumstances of this case.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the proposed order attached hereto granting the relief requested in this Motion and grant the Trustee such other and further relief as is just and proper.

Dated: August 30, 2023                                          ARCHER & GREINER, P.C.

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
bjhall@archerlaw.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*