**GOLENBOCK EISEMAN ASSOR BELL & PESKOE** LLP

Attorneys at Law  |  711 Third Ave.,  New York, NY  10017-4014
T  (212) 907-7300  |  F  (212) 754-0330  |  www.golenbock.com

Direct Dial No.: (212) 907-7345
Direct Fax No.: (212) 754-0330
Email Address: mmunoz@golenbock.com

September 6, 2023

**BY ELECTRONIC MAIL**
**AND CM/ECF**

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

      Re:    *In re Team Systems International, LLC* (Chapter 7 Case No. 22-10066-CTG)
             *Miller v. Mott, et al.* (Adv. Proc. No. 23-50004-CTG)

Dear Judge Goldblatt:

      This law firm, along with the Rosner Law Group, represents Deborah Mott, Steven Acosta, Christopher Mott, John Maciorowski (collectively, the "Members"), and Addy Road LLC ("Addy Road"), in connection with the above-referenced Chapter 7 Case and Adversary Proceeding.  We write on behalf of the Members to request an adjournment of the hearing date for five pending motions.  We have conferred with counsel for George L. Miller, the Chapter 7 Trustee in these proceedings, and the Trustee does not consent to the requests made below.

      The pending motions that are the subject of this letter request currently are set for a hearing on September 20, 2023 (the "September 20 Hearing"): (1) the Member's motion for an order granting them standing to pursue an appeal and certain claims on behalf of the Estate (the "Standing Motion") [Bankr. D.I. 328]; (2) the Trustee's cross-motion to the Standing Motion, seeking to compel certain Members to comply with a prior Order (the "Cross-Motion to Compel") [Bankr. D.I. 333], which the Trustee supplemented on August 20, 2023 [Bankr. D.I. 352]; (3) the Trustee's motion to approve compromise under Rule 9019 (the "9019 Motion") [Bankr. D.I. 335]; (4) the Trustee's motion for an order regarding the Debtor's SAM.gov account and related information (the "SAM.gov Motion") [Bankr. D.I. 351]; and (5) the Trustee's motion for sanctions against my co-counsel, the Rosner Law Firm (the "Rosner Sanctions Motion") [Bankr. D.I. 330].

      Prior to the Trustee's making his SAM.gov Motion and supplementing his Cross-Motion to Compel,  the Members' counsel informed the Trustee's counsel that the Members would engage experts in connection with the Standing Motion, the Cross-Motion to Compel, and the 9019 Motion.  On August 18, 2023, I contacted the Trustee's counsel by email and requested the Trustee's consent to adjourning the September 20 Hearing "[i]n order to allow time for expert discovery, and resolve a scheduling conflict one expert has with the [September 20th Hearing]." On August 22, 2023, I identified three experts retained by the Members, provided biographies and a curriculum vitae for those experts, and identified the motions and topics for which we expect those experts to offer opinions, all of which are addressed below.

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
September 6, 2023
Page 2

On August 30, 2023, the Trustee supplemented his Cross-Motion to Compel and made his SAM.gov Motion. On September 1, 2023, the Trustee's counsel wrote to me, stating that the Trustee would not agree to an adjournment of the September 20 Hearing with respect to the Contempt Motion, the Sanctions Motion, the SAM.gov Motion and the 9019 Motion. The Trustee's counsel also stated that the Trustee might agree to an adjournment of other pending motions if "we have clarity and agreement on what is going forward on September 20." Thus, the Trustee did not agree to an adjournment of any of the pending motions.

On September 1, the Trustee's counsel also stated, "[b]efore any hearing at which expert witnesses are to be offered, you will need to produce their expert reports and make them available for depositions," and requested anticipated timing of those events. We do not take issue with the nature of those assertions, but note that all parties apparently expect significant expert discovery in connection with the pending motions.

The following day, September 2, I wrote to the Trustee's counsel to state that the Trustee's just-filed SAM.gov Motion and supplemented Motion to Compel raise a number of issues that will require fact discovery. Those issues are addressed below. I requested that, in light of the expert and fact issues concerning the motions, the parties "jointly seek an adjournment of the motions . . . and set up a fact and expert discovery schedule, as well as a briefing schedule." I offered to be available over the next three days to confer, and stated my intention to seek an adjournment from the Court today if needed. On September 5, 2023, counsel held a "meet and confer" on the requested adjournments. The Trustee later agreed to adjourn the other three motions if the Members agreed to go forward on the Trustee's 9019 Motion and SAM.gov Motion. This is not acceptable to the Members for the reasons set forth below.

<u>Expert Discovery</u>

The Members have engaged three experts in connection with pending motions: Mark St. Moritz, Chris Schneider (of KPMG) and Bryan Rimmke (of KPMG). Presently, we expect those experts to offer opinions on the following topics:

With respect to the Standing Motion and the Cross-Motion to Compel, we expect Mr. Rimmke to offer opinions concerning the Debtor's financial records. We also expect Mr. Schneider to offer opinions concerning alleged disbursements addressed in the Trustee's papers on the Standing Motion and Cross-Motion to Compel.

With respect to the 9019 Motion and the Standing Motion, we expect Mr. Moritz to offer opinions concerning the several grounds for appealing the outcome of the creditors' litigation against the Debtor. With respect to the Standing Motion, we expect Mr. Moritz to offer opinions concerning what the Trustee's opposition describes as the alleged A/R and the Bering Straits POC.

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
September 6, 2023
Page 3

With respect to the Trustee's affidavit submitted on those motions, and issues raised in the SAM.gov Motion, we expect Mr. Moritz to offer opinions on the function of SAM.gov accounts.

With respect to the Rosner Sanctions Motion, the retained experts may also offer opinions concerning the merits and value of the Debtor's $6.8 million receivable and other receivables that are the subject of that motion.

While we do not know exactly when the Members' experts will generate written work product for the Trustee's review, we do not believe it will be much in advance of September 20th. We certainly do not believe that the Trustee or the experts can adequately prepare for depositions in advance of September 20th.

Finally, Mr. St. Moritz, who is expected to offer opinions on several issues, will be out of the country on an unrelated assignment for much of September, including on September 20th.

Given the scope of relevant expert discovery, the Trustee's recently-asserted expectation to receive written work product from the experts in advance of the September 20th Hearing, the Trustee's recently-asserted expectation to conduct expert depositions in advance of the September 20th Hearing, and Mr. Moritz's being out of the country, we respectfully submit that the parties will not have adequate time to engage in expert discovery and present expert witnesses if the motions are heard on September 20th.

<u>Fact Discovery</u>

The Trustee's recently-filed SAM.gov Motion and Supplemented Contempt Motion raise a number of factual issues and contentions on which the Members need to conduct fact discovery. Presently, those issues include the following:

- In both motions, the Trustee contends that the Members obstructed his ability to access the Debtor's SAM.gov account, that his lack of access is entirely attributable to the Members, and was part of a scheme to engage in wrongdoing. It has always been the Members' contention that the Trustee could have and should have engaged the appropriate governmental processes to access and control the debtor's SAM account. We therefore intend to seek document and deposition discovery concerning the Trustee's efforts, or lack of effort, to access the SAM account since his appointment through appropriate processes.

- The Members contend that the Trustee's efforts to gain access to the SAM account anonymously through a third party ("USFCR") triggered governmental concerns that the account was being accessed fraudulently. We further contend that the government contacted Ms. Mott in reaction to the Trustee's efforts to gain access,

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
September 6, 2023
Page 4

> and that the government's reaction explains certain instances in which Ms. Mott accessed the account, which the Trustee now portrays as wrongdoing. We intend to seek document and deposition discovery from the Trustee and non-parties, including USFCR, concerning instructions the Trustee gave to USFCR, discussions between them, USFCR's efforts to access the account (including in a manner that may have been designed to be surreptitious), and the government's reactions to those efforts.

- The Trustee submitted what he admits is a "rough transcript" of a telephone call between Ms. Mott's son and USFCR. We believe that the rough transcript is inaccurate, including in ways relevant to the Trustee's assertions concerning the transcribed phone call. We also note that prior to the transcribed conversation, the USFCR representative put the call on hold for several minutes, during which time we suspect the Trustee directed her to record the phone call (emails submitted with the motions indicate that the Trustee had prior knowledge of the recording). We therefore intend to seek document and deposition discovery concerning the recording of the transcribed phone call, the actual conversation that was transcribed, and USFCR's discussions with the Trustee concerning that call.

- At least one exhibit recently submitted by the Trustee is a partial document, such that information contained in the actual document was not included in the exhibit. More specifically, the Trustee contends that the Members intended to access the Debtor's SAM.gov account in order to change the Debtor's registered bank account and misappropriate funds. Yet, in submitting documents purporting to show changes that Members made to the SAM.gov account, the Trustee omitted portions of those documents showing that the Debtor's registered bank account has never changed. We therefore intend to seek document and deposition discovery concerning the Trustee's access to the complete document as well as the significance of information that was not included in the exhibit (and that is relevant to the Trustee's accusations against the Members).

- At least one instance of the Members' accessing the SAM account – to change the Debtor's registered mailing address – was necessitated by the Trustee's closing of the Debtor's office, which we believe was known to the Trustee. We therefore intend to seek document and deposition discovery concerning the closing of the Debtor's office and the Trustee's awareness of that being the reason for Ms. Mott's accessing the SAM account.

Given the scope of fact discovery, and the fact that we will seek discovery from USFCR (to which we are issuing a preservation letter in advance of a subpoena), we respectfully submit

{00036568. }    4587455.2

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
September 6, 2023
Page 5

that there is not adequate time in advance of September 20 to conduct that discovery and present it to the Court on September 20th.

Fact discovery is necessary for the 9019 Motion. The Trustee seeks to allow the claims of the Judgement Creditors in the amount of approximately $5.6 million. That shaves a mere ten (10%) percent off the amount of the judgements. The Trustee's position now as to the validity of the Judgement Claims appears in sharp contrast to his prior position when he contested the trustee election. The Members are entitled to fact discovery why the Trustee changed his position. The Trustee also repeatedly refused to accept the offer by the Members to pay the cost of prosecuting the Appeal. It is self-evident that prosecuting the Appeal would enhance the Trustee's bargaining position in any deal reached with the Judgement Creditors. The Members are entitled to fact discovery why the Trustee elected to negotiate a settlement without availing himself of this free leverage.

Cumulative Effect

There are now five motions scheduled to be heard at the September 20 Hearing (six, if one counts the supplemental Cross-Motion to Compel). None of these are pro forma, administrative motions.[1] They involve highly significant issues, including the Member's standing to take certain actions; allegations that the Members engaged in obstruction and violations of Bankruptcy law; a contested $6 million settlement; and sanctions against outside counsel; among others. As outlined above, these issues will require significant effort to develop and adequately present to the Court. Given the significance of these motions, we respectfully request that the Court adjourn the September 20 Hearing in order to allow the parties to agree to a fact and expert discovery schedule, and a briefing schedule, and in order to allow all parties adequate time for discovery and briefing.

Prejudice to Interested Parties; Lack of Prejudice to the Trustee

There is no reason that any of the motions must be heard on September 20, as opposed to a later date. The Estate is presently without meaningful assets, and therefore approval of the 9019 Motion will not result in any payment to creditors, and adjournment of the 9019 Motion will not delay any payment to creditors. The Trustee most likely moved forward with the settlement when he heard the same news as the Members: *i.e.,* that the government was going to honor and pay the Debtor's significant FEMA receivable. That payment has since been delayed. Because there is no money in the estate to pay the settlement amount, there should be no rush to lock in the largest claims against the Estate. Worse, when the FEMA money is realized, the Trustee effectively will be paying the Judgment Creditors with money owed to the Members. This, again, is the Trustee

---

[1] The Members reserve the right to argue that certain of the relief sought by the SAM.gov Motion seeks injunctive and declaratory judgement relief that may only be sought by filing and serving an adversary proceeding. *See* Bankruptcy Rule 7001.

{00036568. }    4587455.2

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
September 6, 2023
Page 6

sequencing estate administration to the detriment of the Members for no legitimate business reason.

      The Standing Motion was made by the Members, and so the Trustee suffers no prejudice in that motion being adjourned. The Rosner Sanctions Motion seeks only a monetary award, of fees and costs for the Standing Motion and the Rosner Sanctions motion itself. There is no pressing need for the Trustee to obtain that relief on September 20.

      With respect to the SAM.gov Motion and the Cross-Motion to Compel, the Trustee's access to governmental accounts is subject to a regulatory process and ultimate approval by the relevant governmental authorities. The Trustee presents no information about that process, but given his apparent lack of appropriate clearances, that approval process is not likely to conclude soon, and so relief granted by this Court will not result in the Trustee's immediate access to the Debtor's SAM account, and there is no compelling reason to hear those motions on September 20.

      On the other hand, the Members will be significantly prejudiced if they are deprived of the opportunity to develop discovery necessary for all of these motions and the opportunity to present evidence adequately at the ultimate hearing. The Debtor will be prejudiced if Ms. Mott is removed as administrator of its SAM.gov account, because that will leave the account with no qualified administrator, which may cause the government to restrict or close the account. The government will be prejudiced if the SAM.gov Motion and the Cross-Motion to Compel proceed without opportunity for the government to inform the Court of its interests in the requested relief, affecting government-administered accounts.[2] Finally, the Rosner Law Firm will be prejudiced if the Rosner Sanctions Motion proceeds without the development of relevant expert testimony.

      Trustee's counsel reports that the Trustee is largely unavailable "in the month of October in light of a previously scheduled vacation, trustee training, and other obligations." We therefore respectfully suggest that the hearing on these motions be adjourned to a date in early November, at the Court's convenience. If that is not possible, we respectfully request that the September 20 Hearing be adjourned to a date in October that is available to the Trustee.

                                                                        Respectfully,
                                                                      /s/ Michael M. Munoz
                                                                      Michael M. Munoz

cc:     All counsel (by ECF)

---

[2] We note that while the Trustee claims to have served the SAM.gov Motion upon several governmental offices, the service addresses appear to be incorrect. It therefore seems likely that the appropriate recipients of that motion will not have adequate time to appear on that motion. The Members are sending copies of the motion to the correct governmental recipients.

{00036568. }       4587455.2