# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and among George L. Miller, solely as chapter 7 trustee (the "Trustee") for the estate of Team Systems International, LLC ("TSI" or the "Debtor"), and not in any individual capacity, on the one hand, and GPDEV, LLC ("GPDEV") and Simons Exploration, Inc. ("Simons", collectively with GPDEV, the "Judgment Creditors"), on the other hand. (Judgment Creditors and the Trustee may be referenced herein collectively as the "Parties" and individually as a "Party").

WHEREAS, on January 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on March 31, 2022, the Debtor's chapter 11 bankruptcy case converted to a case administered under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case");

WHEREAS, on March 31, 2022, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's estate;

WHEREAS, prior to the Petition Date, GPDEV and Simons obtained judgments from the United States District Court for the Northern District of Florida against TSI totaling more than $6 million (Case No. 4:18cv442-RH-MAF) (the "Florida Judgments"). TSI appealed the Florida Judgments to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit Appeal"). The Eleventh Circuit Appeal was stayed when the Debtor filed for bankruptcy;

WHEREAS, on April 27, 2022, GPDEV filed a proof of claim against the Debtor with the Bankruptcy Court (Claim No. 3 – the "GPDEV Proof of Claim"), asserting an unsecured claim in the amount of $3,297,995.32 based upon the Florida Judgments, comprised of $2,770,855.00 as principal, plus $527,140.32 as prejudgment interest;

WHEREAS, on April 27, 2022, Simons filed a proof of claim against the Debtor with the Bankruptcy Court (Claim No. 4 – the "Simons Proof of Claim"), asserting an unsecured claim in the amount of $2,948,080.46 based upon the Florida Judgments, comprised of $2,483,722.00 as principal, plus $464,358.46 as prejudgment interest;

WHEREAS, following his appointment, the Trustee filed a preliminary objection to the proofs of claim filed by the Judgment Creditors.  On July 15, 2022, the Court issued a *Memorandum Opinion* at docket no. 223 in the main case which, among other things, allowed the Judgment Creditors' filed proofs of claim against the Estate.  Thus, absent a negotiated settlement with the Judgment Creditors, the Trustee would be forced to prosecute the pending Eleventh Circuit Appeal in order to have any chance to reduce the Judgment Creditors' proofs of claim; and

WHEREAS, the Parties engaged in arm's length negotiations regarding a resolution of the Judgment Creditors' proofs of claim and the Eleventh Circuit Appeal.

NOW THEREFORE, rather than proceed with litigation concerning the Eleventh Circuit Appeal, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals**.  The recitals set forth above are incorporated herein by reference.

2. **Effective Date**.  The effective date of this Settlement Agreement and its terms shall be the date upon which the Bankruptcy Court enters a final, non-appealable order approving this Settlement Agreement (the "Effective Date").

3. **Reduced Allowed Claims**.  Upon the Effective Date, GPDEV shall have an allowed general unsecured claim against the Debtor's estate in the amount of $2,968,532.62 on account of its Florida Judgment (a reduction to the GPDEV Proof of Claim of $329,462.70).  Upon the Effective Date, Simons shall have an allowed general unsecured claim against the Debtor's

estate in the amount of $2,657,856.42 on account of its Florida Judgment (a reduction to the Simons Proof of Claim of $290,224.04).  This Settlement Agreement fully and finally resolves the Eleventh Circuit Appeal and the Judgment Creditors' filed claims but does not preclude or prohibit the Judgment Creditors from seeking or receiving other payments from the estate by way of, *inter alia*, Section 503(b), 507(a)(2), Section 726(a)(1), or 726(a)(5) of the Bankruptcy Code.

4. **Bankruptcy Court Approval**.  After this Settlement Agreement is executed by the Parties, the Trustee will file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement.  In the event that the Bankruptcy Court does not approve this Settlement Agreement, the Settlement Agreement shall be null and void and of no force and effect.

5. **Dismissal of the Appeal**.  Within 20 days after the Effective Date, the Parties shall work to dismiss the Eleventh Circuit Appeal.

6. **Entire Agreement**.  This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

7. **No Admission**.  The Parties acknowledge and agree that this Settlement Agreement is being entered into for the purpose of avoiding the expense, delay and uncertainty of litigation and nothing contained herein shall constitute, be introduced, treated, deemed or otherwise interpreted or construed as (a) an admission, waiver, evidence or concession by any of the Parties hereto of any fact, liability or wrongdoing, or (b) evidence in any judicial or arbitration proceeding, except to enforce or defend the terms herein.  For the avoidance of doubt, this Settlement

Agreement expressly does not resolve or determine the outcome of any administrative claim that the Judgment Creditors may seek arising out of or relating to their contributions to the estate.

8. **Representations by the Parties**.  The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter.  The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

9. **Successors and Assigns**.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

10. **Authority of Signatories**.  The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

11. **Governing Law**.  This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

12. **Non-Reliance and Construction**.  The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party.  The Parties agree that each of them has had a full opportunity

to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

13. **Jurisdiction**.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement.  Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

14. **Counterparts**.  This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

GEORGE L. MILLER,
CHAPTER 7 TRUSTEE

July 21, 2023

By: *[signature]*
George L. Miller, solely in his capacity as Chapter 7 Trustee of Team Systems International, LLC


GPDEV, LLC

July __, 2023


_____
George Peterson
Title:


SIMONS EXPLORATION, INC.

July __, 2023


_____
Jordan Simons
Title:


227494778 v2

6

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

GEORGE L. MILLER,
CHAPTER 7 TRUSTEE

July __, 2023


By:_____
George L. Miller, solely in his capacity as Chapter 7 Trustee of Team Systems International, LLC


GPDEV, LLC

July 21, 2023

_____
George Peterson
Title:


SIMONS EXPLORATION, INC.

July 21, 2023

_____
Jordan Simons
Title: President


227494778 v2

6