# The Rosner Law Group LLC

Attorneys at Law

| | |
|---|---|
| 824 N. Market Street, Suite 810 | FREDERICK B. ROSNER* |
| Wilmington, Delaware 19801 | rosner@teamrosner.com |
| (302) 777-1111 | |
| www.teamrosner.com | SCOTT J. LEONHARDT |
| | leonhardt@teamrosner.com |
| | |
| | ZHAO "RUBY" LIU+ |
| | liu@teamrosner.com |

\* Also admitted in NY
+ Also admitted in PA

January 17, 2024

**Via ECF**
The Honorable Craig T. Goldblatt
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Re:   **In re Team Systems International, LLC
       Chapter 7 Case No. 22-10066-CTG)**

Your Honor:

This firm is bankruptcy counsel to Deborah Evans Mott, Steven M. Acosta, Christopher Mott, and John S. Maciorowski (collectively, the "TSI Members"). I write to request a discovery conference in connection with the discovery requests [Bankr. D.I. 400] (document production, interrogatories, the "Discovery Requests") propounded by the Chapter 7 Trustee ("Trustee") against The Rosner Law Group LLC ("RLG") in connection with the *Motion for Entry of Order Granting TSI Members Standing to: (A) Prosecute the Appeal and (B) File Claims and Collect Certain Account Receivable on Behalf of the Debtor's Estate* [Filed 7/5/23; Bankr. D.I. 328] (the "Standing Motion") and, in response, the *Chapter 7 Trustee's Motion For Sanctions Against The Rosner Law Group LLC Pursuant to Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927* [Filed 8/9/23; Bankr. D.I. 339] (the "Sanctions Motion").

By way of brief background, the TSI Members repeatedly demanded that the Trustee, in accordance with his §704(a) statutory duties ("Statutory Duties"), investigate and, if appropriate, prepare and file the Change Order Claim with FEMA. As the undersigned (and TSI Members) repeatedly requested, the easiest and most cost-efficient way for the Trustee to proceed and discharge his Statutory Duties with respect to the Change Order Claim was to pair Venable LLP, the Trustee's subject matter expert on federal contract claims, with the TSI Members. This made obvious sense. Venable had worked with the TSI Members pre-petition and prepared and filed a similar claim against FEMA arising out of the same transaction. Because Venable and the TSI

{00037871. }                    1

Members had cooperated well in that effort, working together again seemed a natural fit. As an added benefit, Venable was retained by the Trustee on a contingency fee basis so the entire engagement could have been completed without any cost to the estate.

Upon information and belief, the Trustee not only refused to pair Venable and the TSI Members, he blocked *any* communication between Venable and the TSI Members. In the nearly 18 months that elapsed from when Ms. Mott gave deposition testimony describing the Change Order Claim, Venable *never* contacted the TSI Members to investigate the claim. My own call to Venable about the Change Order Claim was not returned. From the foregoing, the TSI Members reasonably concluded the Trustee had no intention of fulfilling his Statutory Duties preferring to pursue a path of litigation. Further, as the undersigned repeatedly communicated to the Trustee, the statute of limitations to file the Change Order Claim was approaching, and the TSI Members were (understandably) pushing the undersigned to seek relief and not let lapse the time to file the Change Order Claim. Against that backdrop, the Standing Motion was filed. The purpose of the Standing Motion was, at the least, to preserve property of the estate and, at the most, to bring substantial value in to the estate.

As noted, the Trustee responded to the Standing Motion with the Sanctions Motion. Thereafter, the TSI Members prepared the Change Order Claim for the Trustee's review because, upon information and belief, the statute of limitations was October 6, 2023. The Trustee directed the TSI Members not to file the Change Order Claim ironically blaming the TSI Members *for not pursuing the Standing Motion*. With the statute of limitations apparently expired, RLG withdrew the Standing Motion on October 19, 2023 [Bankr. D.I. 385]. Shortly thereafter, the TSI Members filed a *Counter Claim* in response to the *First Amended Complaint* that seeks damages for, among other things, the Trustee allowing to expire the time to file the Change Order Claim.

The day after Christmas, more than two months after the Standing Motion was withdrawn, without first conducting a meet and confer, the Trustee propounded the Discovery Requests against RLG in connection with the Sanctions Motion.[1] The Sanctions Motion and Counter Claim may be viewed, in part, as the two sides of the same coin. The Discovery Requests and discovery to be propounded in connection with the *Counter Claim* are substantially similar. Discovery concerns the validity of the Change Order Claim: the TSI Members maintain it is a valid, or at least colorable, claim and should have been preserved by the Trustee and the Trustee believes it is frivolous claim and of no value. Certainly, there will be discovery and deposition testimony from the Trustee, RLG and Venable on these topics.

Also, the TSI Members have advised RLG that at all relevant times they were being advised by an expert in federal contract claims and that advice was incorporated into their direction to RLG to file the Standing Motion.[2] That expert has agreed to prepare a report and testify in connection with both the Sanctions Motion and the Counter Claim. RLG and the TSI Members request that the Discovery Requests on the Sanctions Motion be stayed until a Scheduling Order is entered on

---

[1] The TSI Members respectfully submit that the Sanctions Motion should be put to rest as the Standing Motion is mooted and no longer being prosecuted. The undersigned has requested the Trustee withdraw the Sanctions Motion, to which the Trustee has declined. A copy of that email exchange is attached hereto as **Exhibit A**.
[2] The expert has been working with the TSI Members since the Florida litigation and in connection with the conversion motion before this Court.

{00037871. }                                      2

the Counter Claim and the discovery for each should proceed on the same track. **First**, because there is substantial overlap of factual allegations in the Standing Motion and the Counter Claim, there is no need to take essentially the same discovery twice. **Second**, the same expert is expected for RLG and the TSI Members and, in the interest of judicial economy the economies of the TSI Members, he should only prepare and file a report and testify once. **Third**, neither the Trustee nor the TSI Members should bear the risk of conflicting results in the two related matters. **Fourth**, there is no harm to the Trustee or the estate in delaying prosecution of the Sanctions Motion because, as noted, the Standing Motion has been withdrawn.

The undersigned certifies that the respective parties met and conferred on January 15, 2024, but did not reach a consensual resolution to the dispute over scheduling discovery. I am available at the Court's convenience.

                                          Respectfully submitted,

                                          */s/ Frederick B. Rosner*
                                          Frederick B. Rosner (DE Bar No. 3995)

cc:     Counsel of record
         (by CM/ECF)