**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | Re: D.I. 633 |

**ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN THE TRUSTEE AND McGUIREWOODS LLP**

Upon consideration of the Motion[1] of George L. Miller, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above-captioned debtor, for entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019, authorizing and approving the *Settlement Agreement and Mutual Release* (the "Settlement Agreement"), attached hereto Exhibit 1, between the Trustee and McGuireWoods LLP; and the Court having reviewed the Motion and any responses or objections thereto; and any responses or objections not withdrawn or resolved are hereby overruled; and the Court having found that (i) the district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) notice of the Motion was good and sufficient under the circumstances and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Trustee is authorized to enter into the Settlement Agreement, the terms of which are hereby approved in their entirety.

3.      The Trustee is hereby authorized to implement the terms of the Settlement Agreement.

4.      This Court shall retain jurisdiction over all matters arising from or relating to the Settlement Agreement and/or the interpretation, implementation, or enforcement of this Order.

**Dated: July 14th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

## **EXHIBIT 1**

## **Settlement Agreement**

<u>**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**</u>

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Team Systems International, LLC (the "Debtor"), on the one hand, and McGuireWoods LLP ("MW"), on the other hand. The Trustee and MW may be referenced herein together as the "Parties" and/or each as a "Party."

<u>**RECITALS**</u>

A.      On January 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.      On March 31, 2022 (the "Conversion Date"), the Bankruptcy Court entered an order converting the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code and directed the appointment of a chapter 7 trustee.

C.      On the Conversion Date, the Trustee was appointed as the interim chapter 7 trustee and subsequently qualified as the permanent trustee.

D.      On January 10, 2023, the Trustee commenced an adversary proceeding against Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, and Addy Road LLC ("Addy Road"), among others, captioned *Miller v. Mott et al.*, Adv. Proc. No. 23-50004 (CTG) (the "Insider Adversary Proceeding").

E.      On January 27, 2023, the Bankruptcy Court entered a preliminary injunction (the "Insider Injunction") in the Insider Adversary Proceeding against Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski and Addy Road that prohibited and enjoined those parties "from using, selling, transferring, assigning, encumbering, mortgage, or otherwise disposing of any cash or other assets, except to the extent necessary to pay ordinary household and living expenses or ordinary business expenses, as applicable." *See* Insider Adversary Proceeding, D.I. 25, ¶ 5.

F.      On or about December 19, 2024, the Trustee made a demand on MW (the "Demand") asserting, among other things, a demand to avoid and recover the following transfers: (i) $25,000.00 from Team Systems International Southeast LLC in or about September 12, 2023 (the "First TSI Southeast Transfer"), and (ii) $20,000.00 from Team Systems International Southeast LLC in or about February 16, 2024 (the "Second TSI Southeast Transfer"); and (iii) $102,000.00 from Addy Road on or about April 15, 2024 (the "Addy Road Transfer" and with the First TSI Southeast Transfer and the Second TSI Southeast Transfers, the "Transfers").

G.      The Trustee asserts that all Transfers are recoverable under applicable law, including without limitation 11 U.S.C. § 550(a)(2).

H.      MW denies each and every allegation of wrongdoing against it in the Demand.

I.      The Trustee has investigated the allegations made in the Demand and has considered the defenses and arguments raised by MW. Rather than proceed with litigation, the Parties have engaged in good faith, arms' length negotiations and have agreed to resolve the Adversary Proceeding on the terms set forth in this Settlement Agreement.

## AGREEMENT

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) all Parties have signed this Settlement Agreement; (ii) the Bankruptcy Court has entered a final, non-appealable order (the "Approval Order") authorizing and approving this Settlement Agreement; and (iii) the Trustee has received the Settlement Payment (defined below) in good funds (the "Settlement Effective Date").

3. **Settlement Payment.** Within twenty-one (21) business days after entry of the Approval Order, MW shall remit to the Trustee the sum of $75,000 (the "Settlement Payment").

4. **Trustee's Release.** Effective upon the Settlement Effective Date, the Trustee, solely in his capacity as Trustee of the Debtor's estate, and not in any individual or other capacity, on behalf of the Debtor and its bankruptcy estate (collectively, the "Estate Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged MW and its successors, assigns, designees, subsidiaries, affiliates, partners, heirs, shareholders, associates, attorneys, employees, officers, and directors, solely in their capacity as such (the "McGuireWoods Parties") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against the McGuireWoods Parties. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Estate Releasors to enforce this Settlement Agreement in accordance with its terms.

5. **MW's Release.** Effective on the Settlement Effective Date, MW shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Estate Releasors from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which MW has, had, may have or may claim to have against the Estate Releasors. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of MW to enforce this Settlement Agreement in accordance with its terms.

6. **No Admissions**. This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Adversary Proceeding.

7. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket

expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Bankruptcy Court.

8. **Miscellaneous.**

a. Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection a breach of this Settlement Agreement.

b. Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

c. No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors. Specifically, no provision of this Settlement Agreement is intended to release, waive, discharge, or affect in any way the Trustee's claims against Richard Robles, Golenbock Eiseman Assor Bell & Peskoe LLP, Cannady and Associates PLLC, Lindsay Blee Americas LLC, Tesza Maritime Enterprises, Inc., Rosner Law Group, LLC, Cross and Simon, Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, and TSI Gulf Coast, LLC.

d. This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

e. This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

f. The Bankruptcy Court shall retain exclusive jurisdiction (and the Parties expressly consent to such jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement Agreement.

g. Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

h. In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that (i) it does so with full knowledge of its available rights, (ii) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (iii) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (iv) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

i. The Parties acknowledge that this Settlement Agreement agreed to by the Parties constitute the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

j. This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

k. This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

l. The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

9. **Bankruptcy Court Approval.** Following the Parties' execution of this Settlement Agreement, the Trustee shall file a motion with the Bankruptcy Court seeking the entry of an order approving this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event the Bankruptcy Court denies approval of this Settlement Agreement, this Settlement Agreement shall be null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed.

10. **No Waiver of Right to Enforce the Terms of This Settlement Agreement.** By signing this Settlement Agreement, the Parties do not waive any right or claim to enforce the terms of this Settlement Agreement but, rather, the Parties specifically reserve their rights to bring an action in a court of competent jurisdiction to enforce the terms of this Settlement Agreement.

[signature page(s) follow]

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By:_____                    May __, 2025
George L. Miller, solely in his capacity as the
Chapter 7 Trustee of Team Systems International, LLC

**McGUIREWOODS LLP**

By:_____                    May __, 2025
Name:
Title: