# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



February 4, 2026

**VIA CM/ECF**

    Re:   *In re Team Systems International, LLC*, No. 22-10066; *Miller v. Mott, et al.*, Adv. Proc. No. 23-50004

Dear Counsel:

The debtor was a government contracting business that filed a chapter 11 bankruptcy case after the entry of an adverse judgment. The bankruptcy case was later converted to one under chapter 7. The chapter 7 trustee contends that, before the bankruptcy filing, the debtor fraudulently conveyed assets to the defendants, who are individuals and entities who either were owners or affiliates of the debtor.[1] The complaint also asserts claims against the defendants for, among other things, breach of fiduciary duty and unjust enrichment.[2]

During the early stages of this adversary proceeding, the trustee sought a preliminary injunction that would prohibit the dissipation of the defendants' assets

---

[1] D.I. 37.

[2] *Id.*

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 2 of 10

during the pendency of this litigation. Specifically, the trustee moved the Court to enjoin the defendants from transferring or encumbering three real properties.[3] For reasons set forth in an opinion entered at the time, the Court granted the motion and entered the injunction.[4] The Court's order expressly prohibits the transfer or encumbrance of the three listed properties. Notwithstanding that injunction, the defendants then sold one of the properties at issue. For the reasons listed below, the Court finds that the defendants violated the order. The Court will accordingly hold the defendants in contempt. It bears note, however, that while the Court is satisfied that a finding of contempt is appropriate and warranted, most of the relief the Court is entering – a modification of the Court's original injunction and a lifting of the stay of the adversary proceeding that the Court previously entered after one of the defendants was indicted – does not depend on that finding. Rather, that is relief that the Court could and would enter in the exercise of its discretion even in the absence of a formal contempt finding. The only relief that depends on the finding of contempt is the requirement that defendants pay the value received into escrow.

---

[3] *In re Team Systems International, LLC*, No. 22-10066, D.I. 186 at 9. Materials on the docket of the main bankruptcy case are cited as "Main Case D.I. __." These properties are identified in the trustee's first motion for a preliminary injunction as the "Ormond Beach Property," the "Bethany Beach Property," and the "Blue Springs Property."

[4] D.I. 29.

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 3 of 10

## Factual and Procedural Background

The defendants in this case were the owners or affiliates of the debtor, a government contractor. This lawsuit alleges, among other things, that the debtor transferred millions of dollars of the debtor's assets to the defendants. It seeks to recover those funds on a fraudulent conveyance theory.

Defendant Deborah Mott signed the debtor's statement of financial affairs. That statement represents that the debtor had not made any transfer to Mott herself within one year of the bankruptcy filing. The chapter 7 trustee, however, obtained in discovery from the debtor's banks copies of bank statements showing transfers of $250,000 to Mott. When that same statement was earlier produced by the defendants to the trustee, the statement whites out Mott's identity. The trustee sought a preliminary injunction, freezing the defendants' assets, based on these allegations of wrongdoing.

In January 2023, after an evidentiary hearing where the Court heard witness testimony and admitted certain documents into evidence, the Court granted the motion and entered the injunction.[5] As the Court more specifically explained in the memorandum opinion that accompanied the order, the trustee presented evidence detailing that the badges of fraud were "amply present" in the case, indicating a

---

[5] *See* D.I. 29 at 25-34 (analyzing the factors relevant for a preliminary injunction and concluding that the trustee had "met his burden of proving the [relevant] factors, and that the balance of all factors weighs in favor of granting the requested relief").

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 4 of 10

strong likelihood of success on the fraudulent transfer claims.[6] The trustee further demonstrated that the "factual circumstances [of the case] provide cause for concern that without an injunction [prohibiting] such transfers, defendants may move or conceal assets."[7]

The subsequent order contained two separate prohibitions. *First*, in paragraph two, the order prohibited the defendants from "selling, assigning, transferring, encumbering, mortgaging, or otherwise disposing of any portion or all of their respective interests" in any of the three listed parcels of land.[8] *Second*, in paragraph five, the order prohibited the defendants from "using, selling, transferring, assigning, encumbering, mortgaging, or otherwise disposing of any cash or other assets, except to the extent necessary to pay ordinary household and living expenses or ordinary business expenses, as applicable."[9] Counsel for the defendants acknowledges, and the record establishes, that the defendants in fact sold the Blue Springs Property, which is one of the properties that was specifically identified in paragraph two.

## Analysis

### I. The defendants are in contempt of this Court's January 2023 order.

The remedy of contempt is not to be imposed lightly. "The long-standing, salutary rule in contempt cases is that ambiguities and omissions in orders redound

---

[6] *Id.* at 26-32.

[7] *Id.* at 32-33.

[8] D.I. 25 ¶ 2.

[9] *Id.* ¶ 5.

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 5 of 10

to the benefit of the person charged with contempt."[10]  That is *not* to say that any technical or scrivener's error renders an order unenforceable.  The law is clear that "where an injunction does give fair warning of the acts that it forbids," it cannot be avoided on "merely technical grounds."[11]

But where there are genuine ambiguities in a court order, a party should not be held in contempt for acting in a manner that could fairly be described as consistent with the order, even if a court later decides that the better reading of the order is to prohibit the conduct.  "The basic purpose of Rule 65(d)," after all, "is to ensure that enjoined individuals are on notice of what conduct is precisely outlawed or permitted by the injunction."[12]  The Supreme Court explained this point clearly in its decision in *Taggart*, where it held that parties should not be held in contempt for violation of the discharge injunction where there was a "fair ground of doubt" about whether their conduct comported with the injunction.[13]

> In cases outside the bankruptcy context, we have said that civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.  This standard reflects the fact that civil contempt is a severe remedy, and that

---

[10] *Ford v. Kammerer*, 450 F.2d 279, 280 (3d Cir. 1971); *United States on behalf of I.R.S. v. Norton,* 717 F.2d 767, 774 (3d Cir. 1983) ("A party should not be held in contempt unless a court first gives fair warning that certain acts are forbidden; any ambiguity in the law should be resolved in favor of the party charged with contempt.")

[11] *U.S. v. Christie Industries, Inc.*, 465 F.2d 1002, 1007 (3d Cir. 1972).

[12] *In re W.R. Grace & Co.*, 475 B.R. 34, 95 (D. Del. 2012).

[13] *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019).

Case 22-10066-CTG    Doc 702    Filed 02/04/26    Page 6 of 10

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 6 of 10

        principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt.[14]

The defendants make two arguments for why the order at least arguably permitted them to sell the Blue Springs Property. Neither is successful. *First*, the defendants argue that the language in paragraph five permitting them to dispose of certain assets to pay ordinary expenses authorizes the sale of the properties specifically addressed in paragraph two. That is incorrect. The order clearly and unambiguously prohibited the sale of any of the three properties identified in paragraph two of the order. The underlying objective of the injunction was to prevent the disposition of assets to an extent sufficient to protect the trustee's ability to collect on any judgment the trustee might obtain, without otherwise interfering with the defendants' rights to use their own property. Paragraph two therefore flatly enjoined the disposition of the three specific properties. Paragraph five was directed to "cash or other assets" – meaning *not* the three items of real property identified in paragraph two. As to those *other* assets, paragraph five permitted their use as "necessary to pay ordinary household and living expenses or ordinary business expenses, as applicable."

Defendants argued that the sale of the Missouri property was necessary to pay attorneys' fees for the criminal case in which Mott is now a defendant. And they contend that such legal fees fall within the carveout for "ordinary household and living expenses or ordinary business expenses, as applicable." For purposes of this

---

[14] *Id.* (internal citations, quotation marks, brackets, and emphasis omitted).

Case 22-10066-CTG    Doc 702    Filed 02/04/26    Page 7 of 10

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 7 of 10

opinion, the Court will accept the proposition that paying legal fees falls within the scope of that carveout. But that is beside the point. The carveout is applicable only to "cash and other assets," not the three properties specifically identified in paragraph two.

This provision is just about as clear as it could be in that regard. The defendants' action in selling the Blue Springs Property in the face of that order demonstrates contempt for the Court's order. As such, the imposition of a contempt remedy is appropriate.

The *second* argument the defendants advance is that they point to a typographical error in the order. The order defined the property located in Missouri as "1509 SW Conch Circle, Blue Springs (also known as Lees Summit), Missouri 64064."[15] As it turns out, the true and correct address of the property formerly owned by the defendants in Missouri is "1059 SW Conch Circle, Blue Springs, Missouri 64064."[16] The defendants argue that this scrivener's error (transposing digits from 1059 to 1509) "created [a] foundational ambiguity that permeates" the entire order.[17] The defendants contend this error "potentially render[ed] the order vague and unenforceable as to the actual Missouri Property."[18]

---

[15] D.I. 25 ¶ 2.

[16] D.I. 450-2, Ex. 5.

[17] Main Case D.I. 674 at 10.

[18] *Id.*

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 8 of 10

The Court rejects this argument. Defendants owned only one property in Jefferson County, Missouri – the property located on SW Conch Circle.[19] On the whole record, this cannot be said to create a "fair ground of doubt" about whether defendants were free to sell the property at issue. The Court therefore finds that the defendants violated the January 27, 2023 order. The defendants are thus found to be in contempt.[20]

**II.   The Court will impose heightened financial reporting requirements, lift the stay of the adversary proceeding it previously entered, and require defendants to pay the value received for the sale into escrow.**

"Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'"[21] In the compensatory award, the goal is to "make reparation to the injured party and restore the parties to the position they would have held had the

---

[19] D.I. 450-2 at 5.

[20] Defendants argue that the properties in question were purchased with their own funds, not those of the debtor. Main Case D.I. 699 at 5. But that has nothing to do with the issue. The point of the pre-judgment asset freeze was to ensure that the trustee could execute on any judgment it might obtain in the underlying lawsuit. The source of the funds used to purchase the assets that are frozen is therefore immaterial.

Defendants also take issue with the propriety of the Court's pre-judgment asset freeze. *Id.* at 7-10. The Court addressed those issues at some length in its opinion granting the injunction. D.I. 29. In addition to the reasoning set forth therein, Judge Dorsey has subsequently issued a thoughtful opinion explaining that under Rule 64(a), federal courts may provide pre-judgment relief to the extent permitted "under the law of the state where the court is located," and that Delaware law permits pre-judgment asset freezes in fraudulent conveyance cases. *See In re BYJU's Alpha, Inc.*, 661 B.R. 109, 120-121 (Bankr. D. Del. 2024). The injunction entered in this matter is also authorized on that basis.

[21] *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (quoting *McDonald's Corp. v. Victory Investments,* 727 F.2d 82, 87 (3d Cir. 1984)).

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 9 of 10

injunction been obeyed."[22]  Thus, while "attorney's fees are not ordinarily recoverable," to combat the "willful disobedience of a court order," the Court may in a civil contempt action properly make an "an award of attorney's fees … as part of the fine to be levied on the defendant."[23]

The Court concludes that three specific items of relief are appropriate. *First*, the Court will impose heightened financial reporting obligations to better carry out the purposes of the original injunction. Defendants will therefore be ordered to provide the trustee: (1) a financial accounting of the proceeds from the sale of the Missouri property; (2) updated declarations and financial disclosures as set forth in paragraph three of the January 27, 2023 order; (3) quarterly disclosures thereafter; (4) insurance records and other documents regarding the status and condition of the remaining two properties listed under paragraph two of the January 27, 2023 order; and (5) access to the remaining two properties listed under paragraph two of the January 27, 2023 order, for purposes of an inspection.[24]

---

[22] *Robin Woods*, 28 F.3d at 400 (quoting *Hudson Transit Lines, Inc. v. Freund,* 509 F. Supp. 1172, 1178 (E.D.N.Y. 1981)).

[23] *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) ("And in a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as part of the fine to be levied on the defendant.").

[24] Defendants assert that compliance with this order would implicate their rights against self-incrimination under the Fifth Amendment. The Court will consider any such issue in the event defendants invoke the Fifth Amendment as a basis not to comply with the terms of this Order.

*In re Teams Systems International, LLC*, No. 22-10066;
*Miller v. Mott, et al.*, Adv. Proc. No. 23-50004
February 4, 2026
Page 10 of 10

*Second*, the Court will lift the stay in the adversary proceeding and set the adversary proceeding for trial in July 2026. The Court has directed the parties to settle an appropriate scheduling order so providing, which it intends to enter promptly.

*Third*, the defendants will be directed to pay the proceeds of the sale of the Blue Springs Property into an escrow account to be established by the trustee.

While the Court believes that it could direct the defendants to pay the trustee the reasonable costs associated with the contempt motion, the Court is exercising its discretion not to award such attorneys' fees. As a result, the Court believes that the only relief it is entering that depends on its contempt finding is the direction to pay the sale proceeds into escrow. The Court could (and would) have entered the other items of relief in the exercise of its discretion, even absent a formal finding of contempt.

The Court will enter appropriate orders so providing.

    Sincerely,

    Craig T. Goldblatt
    United States Bankruptcy Judge